# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| Appeal Number | 24-5133 |
|---|---|
| Case Name | USA, Plaintiff/ Appellee v. Oscar Amos Stilley, Defendant/Appellant |
| Party or Parties Filing Notice of Appeal Or Petition | Oscar Amos Stilley |
| Appellee(s) or Respondent(s) | United States of America |
| List all prior or related appeals in this court with appropriate citation(s). | 09-5090, In re: Oscar A. Stilley, appeal of show cause order<br>10-5057, USA v. Stilley, appeal of original criminal case, 09-CR-43<br>10-812, In re Stilley, disciplinary action against Stilley<br>22-5000, USA v. Stilley, petition to vacate sentence<br>22-5113, US v. Stilley, appeal of supervised release revocation |

**I.  JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

    **A.  APPEAL FROM DISTRICT COURT**

        **1.** Date final judgment or order to be reviewed was **entered** on the district court docket: 11/15/2024

        **2.** Date notice of appeal was **filed**: 11/13/2024

        **3.** State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority): 14 days, Fed. R. App 4(b)(3)

            **a.** Was the United States or an officer or an agency of the United States a party below? Yes

            **b.** Was a motion filed for an extension of time to file the notice

of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No _____

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   _____

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   _____

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. Yes _____

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   _____

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? _____

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? _____

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   _____

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th

2

        Cir. 2010) (discussing protective or conditional cross appeals). _____

**B.**    **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    1.    Date of the order to be reviewed: _____

    2.    Date petition for review was filed: _____

    3.    Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    4.    Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.**    **APPEAL OF TAX COURT DECISION**

    1.    Date of entry of decision appealed: _____

    2.    Date notice of appeal was filed: _____

    (If notice was filed by mail, attach proof of postmark.)

    3.    State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    4.    Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

    A.    Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? <u>No</u>

    B.    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    C.    Describe the sentence imposed. <u>24 months BOP</u>

    D.    Was the sentence imposed after a plea of guilty? <u>No</u>

    E.    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

    F.    Is the defendant on probation or at liberty pending appeal? <u>No</u>

    G.    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? <u>n/a</u>

**NOTE:** In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

A Petition for Summons for Offender under Supervision was filed against Appellant Oscar Amos Stilley on or about October 10, 2024 alleging that Mr. Stilley had violated nine separate mandatory condition of supervision. Mr. Stilley was convicted of seven of the nine violations, following a contested hearing, wherein he acted as his own counsel. This appeal seeks review of the judgment and subsequent sentence filed November 15, 2024.

**IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Appellant/Defendant Stilley challenges the sufficiency of the evidence presented at the revocation hearing.

V. **ATTORNEY FILING DOCKETING STATEMENT:**

Name: Trevor L. Reynolds     Telephone: 918-584-4724

Firm: Tulsa Law Group, PC

Email Address: trevor@tlreynolds.net

Address: 1700 Southwest Blvd

Tulsa, Oklahoma 74107

_____     11/26/2024
Signature                     Date

6

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

### CERTIFICATE OF SERVICE

I, Trevor L. Reynolds, hereby certify that on
[attorney for appellant/petitioner]

11/26/2024, I served a copy of the foregoing **Docketing Statement**, to:
[date]

Katie Bagley, et. al. (USDOJ) and Vani Singhal, at US DOJ, Tax Enforcement Division and
[counsel for/or appellee/respondent]

US District Court for the Northern District of Oklahoma.

_____, the last known address/email address, by

cm/ecf electronic service.
[state method of service]

/s/ TRL

Signature

11/26/2024
Date

Trevor L. Reynolds
1700 Southwest Blvd.
Tulsa, OK 74107

Full name and address of attorney