IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
|     Plaintiff-Appellee | ) |
| | ) No. 24-5133 |
| v. | ) |
| | ) |
| OSCAR AMOS STILLEY, | ) |
| | ) |
|     Defendant-Appellant | ) |

**APPELLEE'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO REMAND**

Defendant-Appellant Oscar Amos Stilley appeals the district court's revocation of his supervised release. He now moves to remand the case to the district court, to supplement the record, and for due process relief. This Court ordered the government to file a response to the motion by February 10, 2025, and this Court ordered that defendant's opening brief remains due on February 11, 2025. For the reasons discussed below, this Court should deny defendant's motion.

**Procedural History**

In 2009, defendant was charged with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and two counts

of tax evasion, in violation of 26 U.S.C. § 7201. (Doc. 2).[1] The indictment alleged that defendant conspired with co-defendant Lindsay Springer to defraud the United States and that defendant assisted Springer in evading Springer's tax obligations. (*Id.*) Springer and defendant were tax defiers who promoted illegal tax evasion schemes and used defendant's client trust account to conceal income from the IRS.[2] *See United States v. Springer et al.*, 444 F. App'x 256, 259-60 (10th Cir. 2011). A jury convicted defendant and Springer on all counts. (Doc. 245.)

In 2010, the district court sentenced defendant to 180 months' incarceration, to be followed by three years of supervised release. (Doc. 338.) The court ordered defendant to pay restitution totaling $776,280. (*Id.* at 5.) The conditions of supervised release included, *inter alia*, the disclosure of defendant's financial information, the monitoring of defendant's computer activity (including the installation of remote monitoring software), and the disclosure of usernames and passwords

---

[1] "Doc." refers to entries on the district court docket, Northern District of Oklahoma Case Number 09-CR-43. "SROA" refers to the supplemental record on appeal that was filed in this Court on January 30, 2025.
[2] Defendant was an attorney, but he was disbarred after his conviction in this case. *See Springer*, 444 Fed. App'x at 159.

-2-

for defendant's email and PayPal accounts. (*Id.* at 4.)

This Court affirmed defendant's convictions and sentence on direct appeal. *See Springer*, 444 F. App'x at 259. Defendant did not challenge the term of supervised release or any of the conditions of supervised release on direct appeal. *Id.* This Court also rejected defendant's challenge to his conviction pursuant to 28 U.S.C. § 2255. *See United States v. Stilley*, No. 22-5000, *available at* 2022 WL 1929112.

Defendant served his prison sentence and began his three-year term of supervised release in August 2022. Shortly thereafter, U.S. Probation filed a petition alleging that defendant had violated several conditions of supervised release and recommending that the court revoke defendant's supervised release. The court held a revocation hearing and found that defendant had violated the conditions requiring installation of monitoring software and disclosure of his online account passwords. (Doc. 751, 752.) The court sentenced defendant to three months' incarceration, to be followed by 33 months of supervised release. (*Id.*)

Defendant appealed, and this Court affirmed. *See United States v. Stilley*, No. 22-5113, *available at* 2023 WL 6801049. This Court rejected

defendant's attempt to challenge his original conviction and sentence in his appeal of the revocation. *Id.* at *3.

Defendant began his 33-month term of supervised release on February 17, 2023. (Doc. 792 at 1.) In October 2024, U.S. Probation filed a petition alleging that defendant had once again violated his conditions of supervised release. (Doc. 792.) The district court held a lengthy revocation hearing on November 13, 2024. (Doc. 816.) At defendant's request, the court appointed standby counsel to assist defendant during the hearing. (SROA 4.)

After hearing evidence and argument, the district court found that defendant violated seven different conditions of supervised release. (Doc. 752 at 3-6; Doc. 820; SROA 189-217.) Specifically, the court found that defendant violated Special Condition 2(e), which required him to provide complete financial information to his probation officer (SROA 192-201); Special Condition 2(a), which required him to disclose the source of all income and deposit it into a checking account in his name (SROA 202-04); Special Condition 3(b), which required him to allow the installation of remote monitoring software and to pay for the service (SROA 204-06); Standard Condition 8, which prohibited him from

communicating with convicted felons without first seeking permission from his probation officer (SROA 206-10); Special Condition 5, which prohibited him from engaging in the unauthorized practice of law (SROA 210-15); Mandatory Condition 1, which prohibited him from committing another federal, state, or local crime (SROA 214-15); and Mandatory Condition 4, which required him to make restitution payments (SROA 216-17).[3] The district court considered the required sentencing factors and sentenced defendant to 24 months' incarceration with no supervised release. (SROA 220-23; Doc. 820.)

## Argument

This Court should deny defendant's motion. He raises several claims, all of which are meritless.

**1. The district court properly presided in this case**

Defendant argues (Mot. 7-11) that he is entitled to a remand because the district court (Hon. Stephen Friot) was not impartial and was not

---

[3] The court acquitted defendant of two of the alleged violations of supervised release: Standard Condition 7, which required defendant to maintain full-time employment (SROA 191-92); and Standard Condition 9, which required him to notify his probation officer within 72 hours of being arrested (SROA 215-16).

properly presiding in this case. Defendant challenged Judge Friot's authority to preside in the Northern District of Oklahoma in his previous appeal; this Court squarely rejected his argument and held that Judge Friot was properly cross-designated by this Court to preside in the Northern District of Oklahoma. *See Stilley*, 2023 WL 6801049 at *4. Defendant's claim that the district court was not impartial also fails. Defendant moved to disqualify Judge Friot before the revocation hearing at issue here began, claiming, *inter alia*, that Judge Friot was "knowingly protecting and facilitating an embezzlement scheme" to steal from the U.S. Treasury and from payors of criminal restitution. (Doc. 816.) Judge Friot denied the motion during the hearing, explaining that he had no personal interest in any aspect of the case, nor had he developed "any bias of any kind contemplated by [28 U.S.C.] Section 455." (SROA 12-13.) Defendant has not demonstrated that this ruling was in error or that a remand is necessary.

Defendant asserts (Mot. 11 & Ex. 1) that the district court engaged in unethical *ex parte* communication with counsel from the government by informing it a response to defendant's motions was unnecessary, but this claim fails. Before the revocation hearing, defendant filed numerous

motions, some of which advanced frivolous arguments previously rejected by the district court and this Court. (Doc. 808, 809, 810, 815.)[4] As the district court recognized, it had the authority to deny defendant's meritless motions without requiring a response from the government. (SROA 18.) Court staff's communication to the government that it need not file responses to defendant's motions did not constitute an improper *ex parte* order.

**2. Defendant is not entitled to release pending appeal**

Defendant also argues (Mot. 7-9) that the district court did not provide an adequate statement of reasons when it denied his motion for "stay/release pending appeal." While defendant made passing reference to wanting "a stay pending appeal" and requested a 30-day delay in his reporting date during the hearing, he never unequivocally moved for release pending appeal.[5] (SROA 218.) Nor did defendant object to the adequacy of the district court's explanation when it denied a stay pending

---

[4] The Court addressed defendant's motion to appoint Standby Counsel (Doc. 805) by order dated November 7, 2024 (Doc. 812).

[5] After his supervised release was revoked, defendant filed a motion in the district court styled as a "Motion for an Authorized Judge for Review of Denial of Release Pending Appeal, Etc." (Doc. 836.) The district court properly denied this motion for lack of jurisdiction. (Doc. 840.)

appeal and ordered him to begin serving his sentence immediately. (SROA 224-25.) Defendant has thus failed to preserve this issue for appeal. *See Stilley*, 2023 WL 6801049 at *4 (citing *United States v. Pacheco-Donelson*, 893 F.3d 757, 759 (10th Cir. 2018)).

In any event, the district court made extensive findings during the revocation hearing that supported its decision to remand defendant to the custody of the U.S. Marshal; these findings also support the denial of release pending appeal under 18 U.S.C. § 3143. (SROA 219-25.) That statute provides that "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who subsequently files an appeal . . . shall be detained unless" specific conditions are met. 18 U.S.C. § 3143(b)(1) (emphasis added). The first condition is that the district court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person." *Id.* The second condition is that the appeal must not be for the purpose of delay and must "raise[] a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process." *Id.* Once a

defendant has been convicted and sentenced, the statutory presumption is detention pending appeal; a defendant bears the burden of proving his eligibility for release. Fed. R. Crim. P. 46(c); *United States v. Affleck*, 765 F.2d 944, 953-54 (10th Cir. 1985).

Here, the court found that defendant was a danger to the community. The court explicitly found that defendant was a predator in the original criminal case and that he has continued his predatory conduct. (SROA 220.) The court noted, "I am concerned about the potential for further predation on others by Mr. Stilley" (SROA 221), and the court declined to keep defendant on supervised release because of his "continued lawlessness" (SROA 220). Moreover, the court found that the need to protect the public justified a sentence of incarceration. (*Id.*)

In addition to its findings about the danger that defendant posed to the community, the district court made extensive findings supporting its determination that defendant violated seven different conditions of supervised release. (SROA 189-217.) Defendant cannot demonstrate that the court's factual findings are clearly erroneous, nor can he demonstrate that the district court committed any procedural errors at sentencing.

Accordingly, defendant has not identified a "substantial issue" on appeal that would support release pending appeal.

### 3. This Court should not consider defendant's challenges to his underlying conviction and sentence

Defendant again attempts to challenge (Mot. 10-11, 14) the validity of his underlying conviction and sentence. These arguments are not properly before this Court, as defendant's convictions were affirmed on direct appeal and are not at issue in this appeal from the revocation of defendant's supervised release. *See Stilley*, 2023 WL 6801049 at *3 (declining to consider defendant's challenge to conviction and sentence when defendant failed to explain why he was entitled to challenge them in a revocation appeal); *see also United States v. Warren*, 335 F.3d 76, 78–79 (2d Cir. 2003) ("[T]he validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding.") (collecting cases); *United States v. Cate*, 971 F.3d 1054, 1058 (9th Cir. 2020) ("[A] supervised release revocation proceeding similarly is not a proper forum in which to challenge an underlying conviction."); *see also United States v. Engles*, 779 F.3d 1161, 1162–63 (10th Cir. 2015)

("Defendant cannot collaterally attack his state court conviction under the guise of an appeal from his supervised release revocation."). Defendant, therefore, cannot establish a substantial issue on appeal based on any alleged infirmities in his underlying convictions.

**4. Defendant does not have a right to file electronically from prison**

Finally, defendant argues (Mot. 15-20) that conditions at the prison where he is currently incarcerated are interfering with his "litigation capacity." Defendant acknowledges (Mot. 15) that he has regular access to the prison's law library, but he suggests (Mot. 15-16) that a generally applicable policy that does not allow inmates to file electronically violates his due process rights. He also argues (Mot. 17-18) that he should have access to his personal computer in order to prepare and file pleadings.

Defendant cites no authority in support of the proposition that he should be able to file electronically and use his personal computer while incarcerated. Indeed, this Court has held that a prisoner who voluntarily waives his right to counsel "is not entitled to access to a law library or other legal materials." *United States v. Cooper*, 375 F.3d 1041, 1052 (10th Cir. 2004). Here, this Court gave defendant the option of requesting court-appointed counsel or proceeding pro se, and defendant opted to proceed

pro se. (12/17/24 Order (ordering defendant to "clarify whether Mr. Stilley desires to proceed pro se or if Mr. Stilley desires the appointment of appellate counsel under the Criminal Justice Act, 18 U.S.C. § 3006A"); 1/2/25 Order (granting defendant's request to proceed pro se)). Defendant's right to have an attorney represent him in this appeal forecloses any right-to-counsel or due-process argument he may be attempting to make. *See Cooper*, 375 F.3d at 1051-52 ("It is well established that provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library"); *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) ("providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library").

Significantly, defendant raised multiple similar claims challenging prison policies in his direct appeal, all of which this Court rejected. (Case No. 10-5057, Motions Docketed 5/25/10, 8/2/10, 11/12/10, 12/9/10; Orders Dated 6/1/10, 8/10/10, 11/15/10, 12/27/10.)

In addition, defendant has not established that he has exhausted his administrative remedies, as required by 42 U.S.C. § 1997e(a). According to defendant (Mot. 5, 18), he requested informal resolution of his complaints

-12-

with the prison on December 19, 2024, and he is awaiting resolution of that claim. But the prison procedures provide for a formal grievance process that prisoners may use either to appeal the outcome of the informal resolution process or to bypass that process. (Mot. Ex. 4.) Defendant does not offer any evidence that he has filed a formal grievance with the prison and thus has not exhausted his administrative remedies.[6]

---

[6] Defendant also asserts (Mot. 11-13) that a remand is necessary to supplement the record. But he fails to develop this argument, and never explains what portion of the record is absent or why a remand is necessary. Thus, this Court need not address this argument. *See Stilley*, 2023 WL 6801049 at *3 (declining to address argument that defendant failed "to frame and develop" and refusing to craft an argument for defendant).

**Conclusion**

For the foregoing reasons, this Court should deny defendant's motion.

                                        Respectfully submitted,

                                        s/ Elissa Hart-Mahan

                                        ELISSA HART-MAHAN
                                        *Attorney*
                                        *Tax Division*
                                        *Department of Justice*
                                        *Post Office Box 972*
                                        *Washington, D.C. 20044*
                                        *(202) 305-7397*

Dated: February 10, 2025

## CERTIFICATE OF COMPLIANCE

This memorandum brief complies with the type-volume limitation of Tenth Circuit Rule 27.3(b)(3) because it contains 2,501 words (fewer than 5,200), excluding the parts of the brief covered by Fed. R. App. P. 32(f) and 10th Cir. R. 28.2(C), and has been prepared in a 14-point, proportionally spaced typeface (Book Antiqua) using Microsoft Word 2016.

                                                s/ Elissa Hart-Mahan
                                                ELISSA HART-MAHAN
                                                  *Attorney for the United States*

DATED: February 10, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2025, I electronically filed a PDF version of the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system. A copy of the response was mailed to defendant at the following address:

>Oscar Stilley, # 10579-062
>Cimarron Correctional Facility
>3200 S. Kings Hwy.
>Cushing, OK  74023

s/ Elissa Hart-Mahan
ELISSA HART-MAHAN
 *Attorney for the United States*
