# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES | PLAINTIFF/APPELLEE |
| V. | **Tenth Circuit Appeal No. 24-5133** (OKND Criminal 4:09-cr-43 SPF-2) |
| OSCAR STILLEY | DEFENDANT/APPELLANT |

**Appellant Stilley's Verified Motion to Strike Show Cause Order; alternatively, a showing of cause why Stilley's appeal should not be dismissed; alternatively, or cumulatively for a stay of briefing pending rulings on Stilley's pending motions**

Comes now Appellant Oscar Stilley (Stilley) and for his Verified Motion To Strike Show Cause Order, alternatively, a showing of cause why Stilley's appeal should not be dismissed, alternatively or cumulatively for a stay of briefing pending rulings on Stilley's pending motions, and states:

1.     Stilley has been informed that the Clerk issued a Show Cause Order, dated approximately 3-4-2025, directing to show cause within

seven days why his appeal should not be dismissed for failure to prosecute.

2.    Stilley doesn't have a copy of the Order, but was informed by friends that such Order shows on the docket.

3.     It is a near certainty that Stilley won't actually see a copy of the Order during the seven-day period. Legal mail, both incoming and outgoing, is subject to grievous interference by the administration of this prison.

4.    Stilley on Tuesday, 3-4-2025 placed in the prison outgoing mail a 4,995 word, **"Verified motion for determination of whether any briefing deadline exists, if so, when, for expedited assignment of a three-judge panel and for other relief, period."** Stilley is informed that this envelope, marked, "LEGAL MAIL", on front and back was picked up 3-6-2025. To the extent not contrary to law or rule or appellant's legal interest, Stilley incorporates the text of this pleading into this, "**Motion to strike . . .,**" as if set forth herein word for word.

5.    Stilley on 2-27-2025 sent a request to visitation, asking for an appointment to allow him to send an electronic copy of this file, to his

friends on the street so it could be filed electronically via CM/ECF at the express direction of Stilley.

6.    The form itself says that routine requests will receive a response within 24 hours, and non-routine requests will receive a response within 72 hours. These deadlines are specifically stated to be for USMS, (U.S. Marshal Service), inmates only. Stilley is a U.S. Marshal Service inmate.

7.    Stilley just on 3-6-2025 received 10th Circuit 24-5133, docket number 35, a Clerk's Order saying that Stilley's motions will be decided by a three-judge panel.

8.    Stilley on 3-6-2025 was informed that the Clerk's office is responsible for assigning three-judge panels.


**Wherefore**, Stilley respectfully requests that the Show Cause Order be stricken; alternatively, for a ruling that Stilley has shown good cause not to dismiss his appeal; alternatively, or cumulatively for a stay of briefing pending rulings on Stilley's pending motions; and for such other and further relief as may be appropriate, whether or not specifically requested.

3

## BRIEF IN SUPPORT.

This pleading is hastily put together, because Stilley doesn't have a reasonable expectation of having enough time for more than one day in the library to prepare this critical pleading.

Stilley sees Local Rule 27, but doesn't see where the Clerk is authorized to enter a show cause Order, directing an Appellant to show cause why his appeal should not be dismissed. There is no question that the Appellee can file a motion for dismissal for failure to prosecute. See FRAP 31(c).

> Consequence of failure to file. If an appellant fails to file a brief within the time provided by this rule or within an extended time, an Appellee may move to dismiss the appeal. An Appellee who fails to file a brief will not be heard at oral argument unless the court grants permission. FRAP 31(c).

From when Stilley was released from solitary confinement after close of business on 2-11-2025, Stilley has tried valiantly to prepare and file his motion to gain clarity about when he is required to file his appeal brief. It will probably arrive in this Clerk's office about March 16, 2025, give or take.

Stilley inquired of Stacy and was informed that on 1-2-2025, at 2:05 P.M., Judges Bacharach and Phillips entered an Order stating that a scheduling Order would be entered after the record was complete.

Three minutes later, a Clerk's Order was entered, which stated that Stilley had 40-days from the date on that letterhead to file his appeal brief.

There is no argument that the record was complete as of 1-2-2025. This court personnel stated to Stilley that the last transcript was filed 1-30-2025. Surely, Stilley has the right to assume that a court order will be honored, and it will control over contrary language in a later clerk's letter. Stilley has already thoroughly briefed the court on the law and rules applicable to this issue.

Unfortunately, it is nearly impossible for him to get a copy of it to this court in less than 10 days from the day it actually gets picked up out of the inmate's mail receptacle. It would be wasteful and inefficient if Stilley had to restate that material in this pleading.

If you want it, please call this prison and ask them to follow their own rules. Stilley will email it to his friends and cause it to be promptly filed via CM/ECF. At the same time, he'll be able to get his friends to

send him the government's response to his motion to remand–which he still hasn't received, almost a month after the filing.

This Clerk has a ministerial duty to select a three-judge panel. That duty hasn't been discharged in almost a month. Why?

Stilley has an unassailable right to release pending appeal. He has an unassailable due process right to a prompt resolution of his motion for remand, by a three-judge panel. He has an unassailable right to the transcript, which still hasn't been delivered to Stilley. He has an unassailable right to a true and correct record on appeal, which is currently conspicuous by its absence.

Stilley treats the Clerk and Clerk personnel as VIPs. Ask Michael or Stacey or anyone else. Stilley is glad to help the Clerk explain to the government that they need to present and defend their own arguments. Here goes with suggestions.

Government, it's not the Clerk's duty to argue that bombing Stilley back to somewhere between 2% and 20% of his native litigating

capacity is consistent with due process. It's not the Clerk's duty to excuse interference with the U.S. mail[1].

It's not the Clerk's duty to excuse interference with the U.S. mail (FN1). Or the failure to actually serve pleadings on Stilley. It's not the Clerk's duty to justify retaliatory transfers or oppressive solitary confinement. It's not the Clerk's duty to explain the seizure of Stilley's legal papers, postage, envelopes, et cetera, and not return it. It's not the Clerk's duty to normalize taking over twice the maximum authorized time, (72 hours) on the request for assistance form, when Stilley asks to electronically transmit legal papers.

If the government wants to make any of these arguments, be my guest. I just won't carry the government's water. It's not the Clerk's job to pick sides or give the appearance of saying.

Just so we're clear, this is a showing of cause as to the Clerk's existing Order. Stilley reserves the right to appeal or object to any adverse ruling, if such should issue.

---

[1] For an example of causing a petition for certiorari to take over 30 days to get to the U.S. Supreme Court clerk, see U.S. Supreme Court number 24-6647. Cimarron's mail log is attached to the filing, now headed to the 10th circuit. That mail was logged 1-22-2025, the day after Stilley put it in the prison outgoing mail receptacle.

CONCLUSION

The show cause Order should be withdrawn, stricken, or Stilley should be deemed to have shown good cause for his appeal to remain pending. Briefing should be saved pending rulings on Stilley's motions.

VERIFICATION

Comes now, appellant Oscar Stille, pursuant to 28 U.S.C. 1746 on the date stated below and by his signature set forth below, declares under penalty of perjury that the foregoing facts are true and correct to the best of Stilley's knowledge and belief.

Dated March 9, 2025          Respectfully submitted,

By: /s/ Oscar Stilley
Oscar Stilley
Cimarron Correctional Facility
3200 South Kings Highway
Cushing, OK, 74023
479.384.2303 cell phone
oscarstilley@gmail.com

[Mr. Stilley does not have access to his phone or email given his circumstances.]

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

1. This document complies with the word limit of Fed. R. App. P. Rules because this document contains less than 1,444 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century font.

Dated March 9, 2025          Respectfully submitted,

By: /s/ Oscar Stilley
Oscar Stilley
Cimarron Correctional Facility
3200 South Kings Highway
Cushing, OK, 74023
479.384.2303 cell phone
oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

Oscar Stilley by his signature below certifies that on the date stated above he filed and served this pleading via CM/ECF, and that all parties entitled to service will be served electronically.

By: /s/ Oscar Stilley
Oscar Stilley
Cimarron Correctional Facility
3200 South Kings Highway
Cushing, OK, 74023
479.384.2303 cell phone
oscarstilley@gmail.com