UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT


| | |
|---|---|
| UNITED STATES | PLAINTIFF/APPELLEE |
| V. | Tenth Circuit Appeal No. 24-5133 (OKND Criminal 4:09-cr-43 SPF-2) |
| OSCAR STILLEY | DEFENDANT/APPELLANT |

APPELLANT STILLEY'S OPPOSED VERIFIED MOTION TO RECONSIDER, VACATE, OR MODIFY THE CLERK'S ORDERS ON TWO OPPOSED MOTIONS IN THE LETTER ORDER 1-2-2025

Comes now Appellant, Oscar Stilley (Stilley), and for his Opposed *Verified Motion To Reconsider, to Vacate, or Modify the Clerk's Orders on Two Opposed Motions in the Letter Order 1-2-2025* and states:

1.     Stilley has inquired of counsel for the government and learned that the government continues to oppose the relief sought.

2.     Stilley filed a verified motion for remand for findings and order concerning release pending appeal to supplement the record, and for due process relief.

3.     The government responded in opposition.

1

4.  On 2-10-2025 the Clerk issued an Order to the effect that the motion would be decided later, after a three-judge panel is assigned. (10th Circuit 24-5133, docket 35.)

5.  According to the Clerk, Stilley's briefing deadline was the following day, 2-11-2025.

6.  It is the Clerk's duty to select and assign three-judge panels.

7.  Stilley has been informed that the Clerk has no intention of selecting and assigning a three-judge panel in this case until appeal briefing is concluded. This conclusion is based on a phone conversation with Michael on 3-12-2025 and a conversation with Diane in the Clerk's Office on 3-14-2025.

8.  Michael said the decision to wait until briefing is done to assign a three-judge panel was solely the Clerk's decision.

9.  Diane also said that it would be impossible for Stilley to get any motion heard by the Court prior to briefing.

10. Stilley on 3-4-2025 placed a verified motion for determination of whether any briefing deadline exists, if so when, for expedited assignment of a three-judge panel, and for other relief. This was mailed

(pursuant to the prison mailbox rule) with all allegations necessary to support that claim.

11. As of at least 3-17-2025, this motion has not shown up on the docket.

12. Stilley on 3-9-2025 filed his *Verified Motion To Strike Show Cause Order, Alternatively a Showing Of Cause Why Stilley's Appeal Should Not Be Dismissed, Alternatively Or Cumulatively For a Stay of Briefing Pending Rulings On Stilley's Pending Motions*. This motion was dictated over the telephone and electronically filed by the assistance of a trusted friend, at Stilley's express direction.

13. Stilley received a copy of this Order on 3-18-2025, far later than he would have received it without interference with the mail. However, he was previously informed of its existence and the substance of the ruling by friends from the free world.

14. The Clerk on 3-10-2025 ignored Stilley's request for a stay of briefing, electing instead to grant a 30-day extension of time, from the date of the Clerk's Order.

15. Stilley's copy of the 1-2-2025 Letter Order purporting to set a briefing deadline was confiscated from Stilley on or about 2-21-2025,

upon his return from a three-week stint in Greene County Jail, in Springfield, Missouri, about half of which was in solitary confinement, and all of which was designed to trash his due process rights.

16. The Clerk's Office on 3-10-2025 sent electronic copies of the Orders not in Stilley's possession, to cimarron.visitation@corecivic.com, copied to oscarstilley@gmail.com, with suitable instructions to provide them to Stilley for copying to his thumb-drive. As of the date of this filing, the Visitation Department has neither provided these files to Stilley nor caused the law library, or some other suitable employee of this prison to provide copies of these Orders to Stilley.

17. Stilley on 3-13-2025 wrote a generic two-page request to the Warden (the only officer with authority to give that permission) and printed off six-copies. Hodgkins the law librarian seized these documents, saying that he would inquire of the Warden to see if they were allowed. The subject of the two-pages of the request to the Warden was a request for permission to buy books, mostly books of a legal nature.

18. Stilley, thinking that the objection was the preparation of a generic request that other inmates could use, drafted one specifically for

4

himself, raising this issue and various other issues and printed two-copies.

19. The law librarian seized those documents and expelled Stilley from the library.

20. Stilley on 3-18-2025, very deferentially asked the law librarian if he would allow Stilley to print the three-page personal request for use as an exhibit to a pleading. The law librarian vetoed that request. He also said that if Stilley said anything further about it, he would expel Stilley from the library and also limit or prohibit future access to the law library.

21. Stilley still does not have the transcripts, record on appeal, and various other materials that are indispensable to the production of a competent appeal brief.

22. Stilley incorporates and relies upon relevant parts of other pleadings he has filed in this case, to the extent not contrary to law or rule, or his own legal interests.

23. Hodgkins on 3-20-2025 expelled Stilley from the law library, confiscated his pleadings, and declared Stilley barred from the law library for two-weeks, as punishment for writing this pleading.

24. When Stilley politely inquired about what he'd allegedly done wrong, Mr. Hodgkins called other guards and claimed Stilley was refusing to leave.

25. Stilley has not been provided with any written accusation or explanation of the punishment imposed on him.

**WHEREFORE**, Stilley respectfully requests that a three-judge panel reconsider and modify the Clerk's Orders in the following ways:

1) By granting a stay of briefing pending rulings by one or more lawful judges of this Court, on each motion now pending in this proceeding, stating specifically that no lawful briefing Scheduling Order has been entered, and that there is no current deadline for Stilley's opening Appeal Brief;

2) By procuring and ensuring reasonably prompt rulings on each of the motions now pending before the Court, by Article III judges lawfully assigned to this appeal;

3) By stating that all contested appellate motions must *immediately* be referred to the Court for the consideration of one or more lawful judges of this Court;

4) And for such other and further relief as may be appropriate whether or not specifically requested.

## VERIFICATION

Comes now, appellant Oscar Stilley, pursuant to 28 U.S.C. 1746 on the date stated below and by his signature set forth below, declares under penalty of perjury that the foregoing facts are true and correct to the best of Stilley's knowledge and belief.

Dated March 23, 2025          Respectfully submitted,

By: /s/ Oscar Stilley
Oscar Stilley 10579-062
Cimarron Correctional Facility
3200 South Kings Highway
Cushing, OK, 74023
479.384.2303 cell phone
oscarstilley@gmail.com

7

BRIEF IN SUPPORT OF MOTION

I. **THE CLERK IS NOT LEGALLY AUTHORIZED TO DECIDE OR DELAY THE DECISION OF CONTESTED APPELLATE MOTIONS**.

Clerks of the Courts of Appeals are specifically authorized to enter orders with respect to certain classes of motions, whether *sui sponte* or on motion. See 10th Circuit Rule 27.3, **Clerk authorized to act**. Stilley sees nothing in this list that authorizes a clerk to dodge the issues in a motion, and enter an order to the effect that the appellant has no access whatsoever to any Article III appellate judge until the appeal is fully briefed.

However, we need not make a hard job out from an easy one. Rule 27.3(B) provides as follows: **Opposed motions**. If any motion for relief listed in (A) is opposed, the clerk will submit the matter to the court.

Technically, Stilley isn't required to state the government's position. See 10th Circuit Rule, Local Rule 27.1. However, Stilley generally prefers to make a reasonable effort in that direction, especially where the government's position might be conducive to judicial economy.

The government responded in opposition to Stilley's *Motion For Remand*. That's all we need to know about this issue. Because it was opposed, the Clerk had a duty to submit the matter to the Court for decision.

Stilley sees nothing in the list of motions authorized under L.R.27.5 that allows the Clerk to delay the consideration of any motion until after the briefing is completed. Motions for stay/release pending appeal, and motions related to that issue, are generally treated as matters for expedited review and decision. See e.g. FRAP 9(a)(2).

The Clerk's Order, (docket 35) reads as follows:

> Upon consideration, both the *Verified Motion* and the *Response in Opposition* are referred to the panel of judges that later will be assigned to consider this appeal on its merits. No decision on any of the issues raised by the *Verified Motion* or the *Response* will enter at this time.

When judges Bacharach and Phillips entered an Order saying that a briefing scheduling Order would be entered later, after the record was complete, the Clerk entered a letter on the record three-minutes later, saying that Stilley's Brief was due in 40-days from the date on that letter.

9

Three-minutes later is, *"later."* Setting a briefing deadline long before the transcripts were done wasn't legal or fair, nor did it give the appearance of fairness. But it was, *"later."*

Stilley is not objecting to the reference to a panel of judges. He is objecting to the Clerk's decision to slow-walk Stilley's *Motion For Remand*, so as to ensure that Stilley was cheated out of due process.

## II. THE CLERK'S ORDERS DENY STILLEY AN IMPARTIAL TRIBUNAL, AND THUS DENY HIM DUE PROCESS.

"[A]fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." *Strickland v. Washington*, 466 U.S. 668, 685 (1984); "In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Strickland v. Washington*, 466 U.S. 668, 696 (1984).

"Impartiality of the tribunal is an essential element of due process. *See Withrow v. Larkin*, 421 U.S. 35, 46-47, 95 S.Ct. 1456, 43

L.Ed.2d 712 (1975)." *Riggins v. Goodman*, 572 F.3d 1101, 1112 (10th Cir. 2009)

District Judge, Steven P. Friot engaged in *ex parte* contact with counsel for the government, and then lied about it from the bench. He excused the government from responding to Stilley's meritorious motions. We don't yet know the full extent of this particular *ex parte* Order, but we do know that it was enough to excuse the government from responding, at all, whether in writing or in open Court, to Stilley's written motions. The judge had already made his mind up. He would rule against Stilley no matter what. It is a virtual certainty that Judge Friot had repeatedly engaged in prejudicial *ex parte* contact prior to the incident in which he was caught, and caught lying about it.

""A tribunal is not impartial if it is biased with respect to the factual issues to be decided at the hearing." *Miller,* 705 F.2d at 372." *Patrick v. Miller*, 953 F.2d 1240, 1245 (10th Cir. 1992).

> An impartial tribunal is an essential element of a due process hearing. *Station v. Mayes,* 552 F.2d 908, 913 (10th Cir.), *cert. denied,* 434 U.S. 907, 98 S.Ct. 309, 54 L.Ed.2d 195 (1977). A tribunal is not impartial if it is biased with respect to the factual issues to be decided at the hearing. *Staton,* 552 F.2d at 914-15; *Bogart,* 432 F. Supp. at 904.

*Miller v. City of Mission*, 705 F.2d 368, 372 (10th Cir. 1983)

Judge Friot essentially declared that Stilley would lose regardless of the law, regardless of the facts, regardless of fairness, even if counsel for the government simply sat like a lump on a log. No explanation or findings would be given, the ruling would simply identify and name the motions, and then declare them to be, "denied." If that's not biased with respect to the facts, it is difficult to conceive of a situation that would qualify.

This Clerk entered a Letter Order three-minutes after the entry of an Order by Judge Bacharach and Phillips. The Clerk's Order was an irreconcilable conflict with the Order by Bacharach and Phillips. The Clerk's Order said the 40-day briefing-time would start some 28-days before the transcripts were completed. That is laughably at odds with what Bacharach and Phillips ordered.

"The fundamental requirement of due process is the opportunity to be heard in a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976), quoting Armstrong v.

Manzo, 380 U.S. 545, 552, (1965). "Litigants are entitled to an impartial tribunal whether it consists of one man or twenty, and there is no way which we know of whereby the influence of one upon the others can be quantitatively measured." Hicks v. City of Watonga, 942 F.2d, 737, 749, (10th Circuit, 1991).

Stilley has, as a matter of policy, treated Clerks and their personnel as VIPs. Stilley intends to continue that tradition. However, this Clerk has acted in a way that creates a substantial probability that Stilley will never be heard on his issues by an impartial tribunal. Stilley has been credibly threatened with loss of any law library access whatsoever for meekly and deferentially asking to print copies of First Amendment protected peaceful petition.

Stilley hasn't had an impartial tribunal at the District Court level since a few weeks or days after the indictment in 2009. Judge Friot has always found a way to prevent any other judge, or any magistrate whatsoever, from presiding in this case.

If Stilley gets access to the impartial tribunal at the District Court, he will win. There is no question about that. The only question is

whether or not Stilley will ever get back to District Court, where the Honorable Sarah E. Hill now presides on the case.

The delay of which Stilley complains jeopardizes his claim of right to due process, **irrevocably**.

Stilley has explained only a small amount of the dirty tricks practiced upon him and others similarly situated.

The Clerk's personnel were kind enough to send pleadings confiscated by Cimarron Correctional Facility staff. Stilley hasn't been given access to those files.

Stilley also is denied access to facilities to email his pleadings directly, thus his pleadings were placed in the mail on 3-4-2025.

It is unreasonable to expect Stilley to dictate that motion over the phone simply because his captors have cut off any other means of transmission of pleadings or filings.

Stilley's expulsion from the prison law library, loss of printed pleadings, and a two-week suspension of library privileges all hang on the Gossamer thread of Clerk's Orders.

Please don't allow Stilley's adversaries to weaponize the Clerk's Office. The Clerk's Office does its best work when it maintains both the

appearance and reality of disinterest as an impartial custodian of court records. It should never allow itself to be the last panel of offense that cuts a litigant clean off, from access to due process and peaceful petition.

The presidentially nominated and senatorially confirmed members of this august tribunal should jealously defend its Clerk. The genie should be promptly and decisively put back in the bottle.

That cannot be done without restoring Stilley's access to his property and rights necessary to litigate to the fullest extent of the capabilities of his mind and body.

## CONCLUSION.

The Clerk should promptly discharge his legal duty to select a three-judge panel. Then the Clerk should promptly refer the motion for remand, comma, and all other contested motions, to the three-judge panel for their prompt decision. The 1-2-2025 Letter Order should be modified to state that no scheduling Order will be entered until the transcripts are actually served on Stilley, or at least until he has reliable and prompt means of causing those documents to be provided to

him, whether in electronic format or in hard copy, or both at his election.

## VERIFICATION

Comes now, appellant Oscar Stilley, pursuant to 28 U.S.C. 1746 on the date stated below and by his signature set forth below, declares under penalty of perjury that the foregoing facts are true and correct to the best of Stilley's knowledge and belief.

Dated March 23, 2025          Respectfully submitted,

                              By: /s/ Oscar Stilley
                              Oscar Stilley
                              Cimarron Correctional Facility
                              3200 South Kings Highway
                              Cushing, OK, 74023
                              479.384.2303 cell phone
                              oscarstilley@gmail.com

[Mr. Stilley does not have direct access to his phone or email given his circumstances.]

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

1. This document complies with the word limit of Fed. R. App. P. Rules because this document contains less than 2,630 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century font.

Dated March 23, 2025          Respectfully submitted,

By: /s/ Oscar Stilley
Oscar Stilley 10579-062
Cimarron Correctional Facility
3200 South Kings Highway
Cushing, OK, 74023
479.384.2303 cell phone
oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

Oscar Stilley by his signature below certifies that on the date stated above he filed and served this pleading via CM/ECF, and that all parties entitled to service will be served electronically.

By: /s/ Oscar Stilley
Oscar Stilley 10579-062
Cimarron Correctional Facility
3200 South Kings Highway
Cushing, OK, 74023
479.384.2303 cell phone
oscarstilley@gmail.com