# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
|     **Plaintiff-Appellee** | ) |
| | ) No. 24-5133 |
| v. | ) |
| | ) |
| OSCAR AMOS STILLEY, | ) |
| | ) |
|     **Defendant-Appellant** | ) |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

Defendant-Appellant Oscar Amos Stilley moved this Court for release pending appeal. For the reasons discussed below, this Court should deny defendant's motion.

## Procedural History

In 2010, defendant Oscar Stilley was convicted on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and two counts of tax evasion, in violation of 26 U.S.C. § 7201. (Doc. 245).[1] *See United States v. Springer, et al.*, 444 F. App'x 256, 259-60 (10th Cir. 2011). The district court sentenced defendant to 180 months' incarceration, to be

---

[1] "Doc." refers to entries on the district court docket, Northern District of Oklahoma Case Number 09-CR-43. "SROA" refers to the supplemental record on appeal that was filed in this Court on January 30, 2025.

followed by three years of supervised release. (Doc. 338.) This Court affirmed defendant's convictions and sentence on direct appeal. *See Springer*, 444 F. App'x at 259. This Court also rejected defendant's challenge to his conviction under 28 U.S.C. § 2255. *United States v. Stilley*, No. 22-5000, 2022 WL 1929112.

Defendant served his prison sentence and began his three-year term of supervised release in August 2022. The district court revoked defendant's supervised release because he violated several conditions of supervision and sentenced him to three months' incarceration, to be followed by 33 months of supervised release. (Doc. 751, 752.) This Court affirmed. *United States v. Stilley*, No. 22-5113, 2023 WL 6801049. This Court rejected defendant's attempt to challenge his original conviction and sentence in his appeal of the revocation. *Id.* at *3.

Defendant began his 33-month term of supervised release on February 17, 2023. (Doc. 792 at 1.) In October 2024, U.S. Probation filed a petition alleging that defendant had once again violated his conditions of supervised release. (Doc. 792.) After a day-long revocation hearing, the district court found that defendant violated seven conditions of his

supervised release.[2] (Doc. 752 at 3-6; Doc. 820; SROA 189-217.) The court sentenced defendant to 24 months' incarceration with no supervised release to follow and remanded him to the custody of the U.S. Marshal at the end of the hearing. (SROA 223-25; Doc. 820.)

Defendant opted to represent himself on appeal. This Court has granted defendant several extensions, and his opening brief is due May 9, 2025. This Court referred two of defendant's motions to the panel of judges that later will be assigned to consider this appeal on the merits.[3] On March 31, 2025, defendant filed a motion for release pending appeal.

---

[2] The court found that defendant violated Special Condition 2(e), which required him to provide complete financial information to his probation officer (SROA 192-201); Special Condition 2(a), which required him to disclose the source of all income and deposit it into a checking account in his name (SROA 202-04); Special Condition 3(b), which required him to allow the installation of remote monitoring software and to pay for the service (SROA 204-06); Standard Condition 8, which prohibited him from communicating with convicted felons without permission from his probation officer (SROA 206-10); Special Condition 5, which prohibited him from engaging in the unauthorized practice of law (SROA 210-15); Mandatory Condition 1, which prohibited him from committing another federal, state, or local crime (SROA 214-15); and Mandatory Condition 4, which required him to make restitution payments (SROA 216-17).

[3] The two motions are defendant's "Verified Motion for Remand for Findings and Order Concerning Release Pending Appeal, to Supplement the Record, and for Due process Relief," filed on February 3, 2025, and defendant's "Motion to Compel Acceptance of Donations Needed for Due Process, and access to Email Service," filed on March 31, 2025.

**Argument**

This Court should deny defendant's motion.

**1. Defendant has failed to develop his claim**

Defendant's motion does not advance argument for his motion for bail, but only "incorporates by reference" three pleadings that he filed in the district court. Both the Federal Rules of Appellate Procedure and this Court's local rules and precedents require litigants to make arguments and include citations to authorities and to the record below; incorporating lower court filings is insufficient to satisfy this requirement. *See* Fed. R. App. P. 28(a)(8)(A); 10th Cir. R. 28.3; *United States v. Patterson*, 713 F.3d 1237, 1250 (10th Cir. 2013) ("By failing to develop any argument on this claim at *this court*, Patterson has waived the claim." (emphasis in original)). Because defendant has not developed his claim for release pending appeal in this Court, this Court should decline to consider it.

**2. Defendant is not entitled to release pending appeal**

Even if this Court were to consider defendant's claim, he has not shown that he is entitled to release. The statute providing for release pending appeal, 18 U.S.C. § 3143, provides that "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and

-4-

who subsequently files an appeal . . . shall be detained unless" two conditions are met. 18 U.S.C. § 3143(b)(1) (emphasis added). First, the district court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person." *Id.* Second, the appeal must not be for the purpose of delay and must "raise[] a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process." *Id.* Once a defendant has been convicted and sentenced, the statutory presumption is detention pending appeal; a defendant bears the burden of proving his eligibility for release. Fed. R. Crim. P. 46(c); *United States v. Affleck*, 765 F.2d 944, 953-54 (10th Cir. 1985). For several reasons, defendant cannot satisfy either of these conditions.

First, defendant never unequivocally moved for release pending appeal below. While defendant made passing reference to wanting "a stay pending appeal" and requested a 30-day delay in his reporting date during

the hearing, he never explicitly requested release pending appeal.[4] (SROA 218.)

And even if defendant had clearly asked for release, the district court made extensive factual findings during the revocation hearing in support of its decision to revoke defendant's supervised release and to remand him to the custody of the U.S. Marshal; these findings also support the denial of release pending appeal under 18 U.S.C. § 3143. (SROA 219-25.) The court found that defendant was a danger to the community based on his continued predatory conduct, and the court declined to keep defendant on supervised release because of his "continued lawlessness." (SROA 220-21.) The court also found that the need to protect the public justified a sentence of incarceration. (*Id.*)

Along with its findings about the danger that defendant posed to the community, the district court made extensive findings supporting its determination that defendant violated seven conditions of supervised release. (SROA 189-217.) Defendant does not and cannot demonstrate that

---

[4] After his supervised release was revoked, defendant filed a "Motion for an Authorized Judge for Review of Denial of Release Pending Appeal, Etc." (Doc. 836.) The district court properly denied this motion for lack of jurisdiction. (Doc. 840.)

the court's factual findings are clearly erroneous, nor can he show that the district court committed any procedural errors at sentencing. Accordingly, defendant has not identified a "substantial issue" on appeal that would support release pending appeal.

And the filings that defendant seeks to incorporate by reference do not identify a "substantial issue" on appeal. Those filings challenged defendant's underlying conviction, challenged the first revocation of his supervised release, and sought to disqualify U.S. District Judge Stephen P. Friot. (Doc. 805, 809, 815.) As noted above, this Court affirmed defendant's underlying conviction on direct appeal. *Springer*, 444 F. App'x at 259-60. And this Court affirmed the first revocation of defendant's supervised release and declined to consider defendant's attempt to challenge his underlying conviction and sentence. *See Stilley*, 2023 WL 6801049, at *3. Thus, defendant's attempt to challenge the sentences already imposed in this case fails.

Defendant's motion to disqualify Judge Friot was also meritless. Defendant's claim that Judge Friot was "knowingly protecting and facilitating an embezzlement scheme" to steal from the U.S. Treasury and from payors of criminal restitution is unsupported by any evidence.

(Doc. 815.) Judge Friot properly denied the disqualification motion below, explaining that he had no personal interest in any aspect of the case, nor had he developed "any bias of any kind contemplated by [28 U.S.C.] Section 455." (SROA 12-13.)

## Conclusion

For all these reasons, this Court should deny defendant's motion.

Respectfully submitted,

s/ Elissa Hart-Mahan

ELISSA HART-MAHAN
*Attorney*
*Tax Division*
*Department of Justice*
*Post Office Box 972*
*Washington, D.C. 20044*
*(202) 305-7397*

Dated: April 7, 2025

## CERTIFICATE OF COMPLIANCE

This memorandum brief complies with the type-volume limitation of Tenth Circuit Rule 27.3(b)(3) because it contains 1,470 words (fewer than 5,200), excluding the parts of the brief covered by Fed. R. App. P. 32(f) and 10th Cir. R. 28.2(C), and has been prepared in a 14-point, proportionally spaced typeface (Book Antiqua) using Microsoft Word 2016.

                                                s/ Elissa Hart-Mahan
                                                ELISSA HART-MAHAN
                                                  *Attorney for the United States*

DATED: April 7, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2025, I electronically filed a PDF version of the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system. A copy of the response was mailed to defendant at the following address:

>Oscar Stilley, # 10579-062
>Cimarron Correctional Facility
>3200 S. Kings Hwy.
>Cushing, OK  74023

>s/ Elissa Hart-Mahan
>ELISSA HART-MAHAN
>   *Attorney for the United States*