IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
|     Plaintiff-Appellee | ) |
| | ) No. 24-5133 |
| v. | ) |
| | ) |
| OSCAR AMOS STILLEY, | ) |
| | ) |
|     Defendant-Appellant | ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
SECOND MOTION FOR RELEASE PENDING APPEAL**

This Court denied Defendant-Appellant Oscar Stilley's first motion for release pending appeal on April 21, 2025. Defendant has filed a second motion for release pending appeal; this Court should deny it.

**Procedural History**

In 2010, defendant Oscar Stilley was convicted of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and two counts

of tax evasion, in violation of 26 U.S.C. § 7201. (Doc. 245).¹ *See United States v. Springer, et al.*, 444 F. App'x 256, 259-60 (10th Cir. 2011). The district court sentenced defendant to 180 months' incarceration, to be followed by three years of supervised release (Doc. 338); this Court affirmed. *See Springer*, 444 F. App'x at 259. This Court also rejected defendant's challenge to his conviction under 28 U.S.C. § 2255. *United States v. Stilley*, No. 22-5000, 2022 WL 1929112.

While defendant was on supervised release, the district court revoked his release, finding that he violated several conditions of supervision. The court sentenced defendant to three months' incarceration, to be followed by 33 months of supervised release. (Doc. 751, 752.) This Court affirmed. *United States v. Stilley*, No. 22-5113, 2023 WL 6801049. This Court rejected defendant's attempt to challenge his original conviction and sentence in his appeal of the revocation. *Id.* at *3.

Defendant began his second term of supervised release in February 2023. (Doc. 792 at 1.) In December 2024, the district found that

---

¹ "Doc." refers to entries on the district court docket, Northern District of Oklahoma Case Number 09-CR-43. "SROA" refers to the supplemental record on appeal that was filed in this Court on January 30, 2025. "Mot." refers to defendant's second motion for release pending appeal.

defendant violated seven conditions of supervision.[2] (Doc. 752 at 3-6; Doc. 820; SROA 189-217.) The court sentenced defendant to 24 months' incarceration with no supervised release to follow and remanded him to the custody of the U.S. Marshal at the end of the hearing. (SROA 223-25; Doc. 820.)

Defendant chose to represent himself on appeal. He received several extensions, and his opening brief is now due June 9, 2025. This Court referred two of his motions to the panel of judges to be assigned to consider this appeal on the merits,[3] and denied defendant's first

---

[2] The court found that defendant violated Special Condition 2(e), which required him to provide complete financial information to his probation officer (SROA 192-201); Special Condition 2(a), which required him to disclose the source of all income and deposit it into a checking account in his name (SROA 202-04); Special Condition 3(b), which required him to allow the installation of remote monitoring software and to pay for the service (SROA 204-06); Standard Condition 8, which prohibited him from communicating with convicted felons without permission from his probation officer (SROA 206-10); Special Condition 5, which prohibited him from engaging in the unauthorized practice of law (SROA 210-15); Mandatory Condition 1, which prohibited him from committing another federal, state, or local crime (SROA 214-15); and Mandatory Condition 4, which required him to make restitution payments (SROA 216-17).

[3] Defendant's "Verified Motion for Remand for Findings and Order Concerning Release Pending Appeal, to Supplement the Record, and for
(continued…)

motion for release pending appeal.

## Argument

This Court should deny defendant's motion for release.

### 1. Defendant is not entitled to release pending appeal

Defendant has not shown that he is entitled to release under 18 U.S.C. § 3143, which creates a presumption in favor of detention unless two conditions are met. First, the district court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person." 18 U.S.C. § 3143(b)(1)(A). Second, the appeal must not be for the purpose of delay and must "raise[] a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process." *Id.* at § 3143(b)(1)(B). A defendant bears the burden of proving his eligibility for release. Fed. R.

---

Due process Relief" was filed February 3, 2025, and his "Motion to Compel Acceptance of Donations Needed for Due Process, and access to Email Service" was filed March 31, 2025.

-4-

Crim. P. 46(c); *United States v. Affleck*, 765 F.2d 944, 953-54 (10th Cir. 1985). For several reasons, defendant cannot satisfy either of these conditions.

First, as this Court noted in its order denying defendant's first motion for release pending appeal, defendant never unequivocally moved for release pending appeal below. While he made passing reference to wanting "a stay pending appeal" and requested a 30-day delay in his reporting date during the hearing, he never explicitly requested release pending appeal.[4] (SROA 218.) Defendant asserts (Mot.11) that the minute entry for the revocation hearing shows the district court denied his motion for release pending appeal. This is incorrect; the minute entry shows that the district court denied several motions, but it does not mention release pending appeal. (Doc. 816.) And, as noted above, the transcript of the revocation hearing does not include a motion for release pending appeal. (SROA 218.)

Even if defendant had clearly asked for release, the district court made extensive factual findings during the revocation hearing in support

---

[4] After his supervised release was revoked, defendant filed a "Motion for an Authorized Judge for Review of Denial of Release Pending Appeal, Etc." (Doc. 836.) The district court properly denied this motion for lack of jurisdiction. (Doc. 840.)

-5-

of its decision to revoke defendant's supervised release and to remand him to the custody of the U.S. Marshal; these findings also support the denial of release pending appeal under 18 U.S.C. § 3143. (SROA 219-25.) The court found that defendant was a danger to the community based on his continued predatory conduct, and the court declined to keep him on supervised release because of his "continued lawlessness." (SROA 220-21.) The court also found that the need to protect the public justified a sentence of incarceration. (*Id.*)

Nor has defendant identified a "substantial issue" on appeal that would support release pending appeal. The issues he identifies (Mot. 20-21) appear to be challenges to his original criminal judgment (Doc. 338) and the district court's first revocation judgment (Doc. 752). But this Court has already affirmed these judgments on appeal. *See Springer*, 444 F. App'x at 259; *Stilley*, No. 22-5000, 2022 WL 1929112; *Stilley*, 2023 WL 6801049, at *3. Defendant may not challenge these earlier judgments in this case, which is an appeal of the district court's 2024 judgment revoking his supervised release for the second time. *See Stilley*, 2023 WL 6801049 (declining to consider challenge to underlying conviction in revocation appeal); *see also United States v. Warren*, 335 F.3d 76, 78–79 (2d Cir. 2003) ("[T]he validity of

an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding.") (collecting cases); *United States v. Cate*, 971 F.3d 1054, 1058 (9th Cir. 2020) ("[A] supervised release revocation proceeding similarly is not a proper forum in which to challenge an underlying conviction."); *see also United States v. Engles*, 779 F.3d 1161, 1162–63 (10th Cir. 2015) ("Defendant cannot collaterally attack his state court conviction under the guise of an appeal from his supervised release revocation.").

In addition, the district court made extensive findings supporting its determination that defendant violated seven conditions of supervised release. (SROA 189-217.) Defendant cannot demonstrate that the court's factual findings are clearly erroneous, nor can he establish that the district court committed any procedural errors at sentencing.

Defendant's argument that limits on his ability to access computer resources and the prison law library have violated his right to due process likewise fails to justify release pending appeal. Defendant raised multiple similar claims challenging prison policies in his original direct appeal, all of which this Court rejected. (Case No. 10-5057, Motions Docketed 5/25/10,

8/2/10, 11/12/10, 12/9/10; Orders Dated 6/1/10, 8/10/10, 11/15/10, 12/27/10.)

And as explained in the government's opposition to defendant's "Verified Motion for Remand," this Court has held that a prisoner who voluntarily waives his right to counsel "is not entitled to access to a law library or other legal materials." *United States v. Cooper*, 375 F.3d 1041, 1052 (10th Cir. 2004). Here, this Court gave defendant the option of requesting court-appointed counsel or proceeding pro se, and defendant opted to proceed pro se. (12/17/24 Order (ordering defendant to "clarify whether [he] desires to proceed pro se or if [he] desires the appointment of appellate counsel under the Criminal Justice Act, 18 U.S.C. § 3006A"); 1/2/25 Order (granting defendant's request to proceed pro se)). Defendant's right to have an attorney represent him in this appeal forecloses any right-to-counsel or due-process argument. *See Cooper*, 375 F.3d at 1051-52 ("It is well established that provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library"); *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) ("providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library").

Accordingly, defendant has not identified a "substantial issue" on appeal that would support release pending appeal.

## Conclusion

For all these reasons, this Court should deny defendant's motion.

Respectfully submitted,

s/ Elissa Hart-Mahan

ELISSA HART-MAHAN
*Attorney*
*Tax Division*
*Department of Justice*
*Post Office Box 972*
*Washington, D.C. 20044*
*(202) 305-7397*

Dated: May 8, 2025

# CERTIFICATE OF COMPLIANCE

This memorandum brief complies with the type-volume limitation of Tenth Circuit Rule 27.3(b)(3) because it contains 1,601 words (fewer than 5,200), excluding the parts of the brief covered by Fed. R. App. P. 32(f) and 10th Cir. R. 28.2(C), and has been prepared in a 14-point, proportionally spaced typeface (Book Antiqua) using Microsoft Word 2016.

                                            s/ Elissa Hart-Mahan
                                            ELISSA HART-MAHAN
                                              *Attorney for the United States*

DATED: May 8, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2025, I electronically filed a PDF version of the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system. A copy of the response was mailed to defendant at the following address:

> Oscar Stilley, # 10579-062
> FCI Yazoo City Low
> 2255 Haley Barbour Parkway
> Yazoo City, MS  39194

s/ Elissa Hart-Mahan
ELISSA HART-MAHAN
  *Attorney for the United States*
