UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES | PLAINTIFF/APPELLEE |
| V. | Tenth Circuit Appeal No. 24-5133 (OKND Criminal 4:09-cr-43 SPF-2) |
| OSCAR STILLEY | DEFENDANT/APPELLANT |

APPELLANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS SECOND MOTION FOR RELEASE PENDING APPEAL

Comes now Appellant Oscar Stilley (Stilley) replying to the response to Appellant's second motion for release pending appeal, and states:

1. Both judgments are legally VOID[1];

2. The government CONCEDED that Stilley is entitled to attack the validity of both judgments, by INTENTIONALLY failing to raise the issue below;

---

[1] Stilley apologizes for his use of ALL CAPS. It is the only text-enhancement available via CorrLinks to send to his typist in the free world.

1

3. The government is LEGALLY BARRED from raising any issues whatsoever, with respect to the motions to vacate, because they raised no issues below; and

4. District Court Judge Friot engaged in highly unethical *ex parte* contact with government counsel, with an *ex parte* order to follow, which Judge Friot falsely denied from the bench.

The government claims that Stilley never explicitly requested release pending appeal. Stilley doesn't understand that but can't provide citations to the record. Stilley referenced not the docket entry but rather the actual docket. #816.

Stilley's thumb-drive with various files including the transcripts arrived on 5-8-2025. Stilley, on 5-16-2025 was allowed to look at the files for about 10-minutes, on the "eDiscovery computer." It cannot open a Word document. No word processing software is available. Files can only be viewed on the screen. To view files the counselor must be present, watching every move. Stilley cannot keep the thumb-drive in his possession. He'll be lucky to get a few minutes every week or two to LOOK at files. No printer is attached or available. Stilley and the

counselor have to make a 400-yard round trip for access. The request to move the computer closer was denied.

Stilley caused to be sent recent files (such as Word and pdf versions of his Provisional Opening Brief) to yaz-unitcamp-s@bop.gov. Nobody acknowledges control over that email account–despite the fact this email address is posted on the bulletin board for inmates to send release documents to the camp. Repeated polite requests, both written and oral, brings no useful information.

Stilley got his job at Unicor Warehouse. They have several computers, all with ancient versions of Microsoft Word. Stilley is strictly forbidden to use those computers for legal work. Not that it really matters, since Stilley isn't allowed to possess his thumb-drive.

The camp has a whole room full of computers in Education, presumably with Microsoft Suite. That room stays locked nearly all the time. The room officially marked "law library" hasn't been open a single time since Stilley's arrival.

Stilley's Opening Brief mistakenly says the filing deadline was 5-9-2025. It was actually 6-9-2025. #51. Stilley profusely apologizes.

But what is the point of MORE TIME when Stilley is arbitrarily denied any software with which to draft or edit a legal brief? That's a cruel joke. Time without tools means nothing.

Stilley already has a rough draft of a 4th point on appeal, attacking venue, which is jurisdictional by constitutional provision. But why would he ask for additional words when he doesn't have the tools to properly edit the 13,000-word brief already filed? A venue challenge requires a careful analysis of the transcript, and Stilley has for all practical purposes never had access to the transcripts.

This Court granted Stilley pro se status, but said that he'd have to follow the rules. #26. How does one follow the rules when the rules require citation to the transcript and intelligent argument without time for the barest once-over skim reading of the transcript?

This Court on 4-30-2025 ordered that service on Stilley would be "exclusively accomplished electronically." #53. Is it truly service when Stilley is barred from possessing the electronic filings on his own media, which prison personnel keep in "Storage?" Is it truly service when Stilley's adversaries have maliciously made it impossible for Stilley to make any meaningful use of the stored files?

The government gets to make seemingly authoritative claims, which Stilley is denied the tools to refute. E.g., the government says that the District Court found that Stilley was a danger to the community because of *"continued predatory conduct"* and *"continued lawlessness."* Gov. Rsp. pg. 6. It appears these conclusory references were *"offenses"* fabricated after the original trial but before sentencing. It appears the government seeks to use known false allegations to deny Stilley due process and peaceful petition on his THIRD jeopardy on one set of manufactured facts, utterly contrary to the testimony in the transcripts. The government claims both sword and shield on a single set of facts.

District Judge Friot set himself as accuser, witness, and judge. <u>In Re Murchison</u>, 349 US 133 (1955) says that a judge can't be a *"one-man grand jury"* and then preside over the criminal charges.

District Judge Friot took the additional step of expert witness, claiming that Stilley committed the crime of unauthorized practice of law. SROA 214-15. See Gov. Rsp. pg. 3, fn 2. Stilley hasn't seen the page or the transcript, but the overlap between the record references for

alleged crimes and alleged unauthorized practice of law indicate that unauthorized practice of law was the alleged crime.

Judge Friot as an expert witness testified FALSELY, who of course was not amenable to cross examination, or any questioning of his knowledge, qualifications, or conclusions. Has he ever practiced in Arkansas? Does he know Arkansas law?

*Bracy v. Gramley*, 520 US 899 (1997) involved a judge who took bribes in some murder cases but not in the case of the defendant at bar, William Bracy. The U.S. Supreme Court held that Bracy, although an unsavory character, was entitled to discovery for his motion under 28 USC 2255. Although courts generally presume that public officials have *"properly discharged their official duties,"* in the case of a known dishonest judge, the presumption was rebutted.

The government insists that Stilley's choice to proceed pro se is the nail in Stilley's coffin. For the "*offense*" of declining appointed counsel, the government is free to stomp-out every vestige of due process, peaceful petition, and reasonable access to the courts.

Think not? Stilley was sent to Greene County Jail, in Springfield, Missouri, where plain COPY PAPER is considered contraband. He was

sent to solitary confinement for refusing to eat, in protest of the most complete stomp-out of due process that he had ever seen. He was allowed nothing but toilet paper, a drinking cup, a "turtle suit" and mat. He had no access to pen or writing paper, and wasn't allowed to make a solitary phone call.

    That's totally unnecessary. Stilley started a hunger strike just before Thanksgiving, in Cimarron Correctional Facility. There he had routine access to phone service, a tablet with legal research capabilities, paper, pen, etc. Hunger strike isn't a LEGITIMATE basis for stomping out the wherewithal for due process. It's an EXCUSE for the DOJ to revile the once revered constitutional rights of due process, peaceful petition, and reasonable access to the courts.

    Stilley asked his standby attorney what he thought his best issues were. He responded that he wouldn't raise any issues at all. Left to his own devices, he'd just let Stilley serve the two-years incarceration, lest appellate efforts result in a worse outcome.

    Stilley has pending felony charges in Arkansas, now scheduled for a September pretrial and a November trial. The government has nothing to say about 1) whether Stilley was offered an attorney in that

case and turned him down, 2) whether Arkansas law authorizes the harsh result of 10th Circuit precedent, or 3) how Stilley is expected to defend Arkansas criminal charges with zero access to Arkansas law.

Nor does the government have any explanation of how the 6th Amendment Assistance of Counsel clause requires a defendant to accept 1) an attorney who suggests DOING NOTHING, or 2) get his 5th AMENDMENT DUE PROCESS and 1st AMENDMENT PEACEFUL PETITION/ACCESS TO THE COURTS rights stomped out however much the government pleases. Is the Bill of Rights a list from which a criminal defendant gets to pick one, AND ONLY ONE?

From this case we know that the government arrogates to itself the right to ship a defendant to a facility designed specifically for crushing due process, then put the defendant in a concrete box with neither pen nor paper until after close of business on the due date of the opening brief in the one direct appeal to which he is entitled, and then oppose any extension of time to file the brief. In other words, their great white hope is to win SOLELY by cheating and stomping out 1st Amendment peaceful petition, due process, and reasonable access to the courts.

The government has made an utter mockery of its duties under *Brady/Giglio*. The government knows that the original judgment, #338, was obtained BOTH by 1) knowing and willful fraud, and 2) fraud upon the court, within the meaning of 10th Circuit caselaw. The U.S. DOJ's online outline of their *Brady/Giglio* duties states the government has to ADMIT THESE FACTS even if they're not admissible in court. Why do they flagrantly violate *Brady/Giglio*? Because of their GREAT WHITE HOPE.

Prosecutor Charles O'Reilly tried to kick everyone off the case who has an Oklahoma license having taken the oath of an Oklahoma attorney. However, Vani Singhal is the collections attorney on the District Court case, and took the oath. That oath requires any lawyer who knows of falsehoods to bring them to the attention of a court so that THEY MAY BE REMEDIATED. Plus, the triggering factor is that the lawyer KNOWS OF any falsehoods, not necessarily that they're counsel of record.

The government has made a mockery of these oaths, and of their own oaths to uphold the Constitution of the United States. A biased judge results in a deprivation of due process, not amenable to harmless

error analysis. *Williams v. Pennsylvania*, 579 US 1, 7-8 (2016). The government cannot AND DOES NOT deny the fact that District Judge Stephen P. Friot is an unmitigated liar who falsely denied having conducted an *ex parte* hearing and entered an *ex parte* order, and to this day has neither confessed nor apologized. Under the teachings of *Williams v. Pennsylvania* and many other cases, Stilley is entitled to have Friot's orders—and all of them—set aside and held for naught.

A panel of this Court in 22-5113, on Stilley's **direct appeal** of a prior revocation, 1) Raised a technical defense *sua sponte*; 2) Argued the technical defense; and 3) Decided the technical defense adverse to Stilley, all without giving Stilley opportunity to be heard whatsoever. When Stilley on **petition for rehearing** showed from the record that the technical defense was LAUGHABLY FALSE. #129 Order of affirmance, https://ecf.ca10.uscourts.gov/docs1/010010936490, #133 Petition for rehearing/en banc, https://ecf.ca10.uscourts.gov/docs1/010010951743, and #142 Order denying rehearing, https://ecf.ca10.uscourts.gov/docs1/010010962356.

Stilley got **not a single** vote from 1) any member of the panel, or 2) any of the 12 members of the court in regular service.

Even if the defense was valid, (it most certainly was not) raising it *sua sponte* violated due process, because it gave Stilley no opportunity to be heard on that issue, in a meaningful time and a meaningful manner.

This Court's rule is tantamount to an INVITATION to the government to stomp-out ACCESS to sufficient resources for due process or 1st Amendment peaceful petition. The rule is *"heads I win tails you lose."* As we can see in this case, the Court offered Stilley a lawyer who, to his everlasting credit, frankly said (paraphrased), if left to his own advice, and devices, would do nothing. If Stilley accepts the offer, that's taken as an ADMISSION that he needs nothing else, not even the most basic tools with which to make his assistance of counsel meaningful and effective while reducing the burden on the public purse. If Stilley declines the offer, that's taken as an ADMISSION that he 1) is entitled to nothing for due process and peaceful petition and reasonable access to the courts, and 2) is subject to being deprived of EVERYTHING, including presumably ink, pen, and paper, for his audacity in turning down a lawyer OF THE TRIBUNAL'S CHOICE from a tribunal that treats him as an adversary. Sixth Amendment

11

ASSISTANCE OF COUNSEL via "standby counsel" such as Stilley had at the original criminal trial and at the revocation 11-13-2025 is NOT AN OPTION!!!

    This is a Hobson's choice if ever there was one. The Tenth Circuit isn't asking criminal defendants for mere TRUST. The Tenth Circuit is asking criminal defendants for a WILLING SUSPENSION OF DISBELIEF. The panel should at the very least, express skepticism of the continued validity of <u>US v. Cooper</u>, 375 F.3d 1041 (10th Cir. 2004) and <u>US v. Taylor</u>, 183 F.3d 1199 (10th Cir. 1999).

    Why did the DOJ disable "copy" and "paste" on the computer Stilley uses for Trulincs? Because Stilley's adversary the DOJ, wanted it that way. Why is the legal research button on this computer 'greyed out' while it works at the library but Trulincs doesn't? Because the DOJ wanted it that way. Why doesn't this computer have the current Microsoft Suite installed? Because the DOJ wants it that way. Why is it impossible to attach a file consisting of a properly formatted legal pleading to a Trulincs document? Because the DOJ wants it that way.

    The fact that access to computers with word processor software is not inconsistent with the 'correctional environment' is proven FROM

12

THE RECORD IN THIS CASE. While at Cimarron, Stilley submitted word processor generated pleadings, whereupon the clerk filed a scanned version WITH A COPY OF STILLEY'S ENVELOPE AT THE END.

The Pilot Project for Inmate Electronic Filing is more than a decade old. That necessarily gives an inmate direct or indirect access to a computer sufficiently equipped to file properly drafted and formatted pleadings via CM/ECF. Honest prosecutorial authorities have nothing to fear from such access to computer resources.

On 4-29-2025, while speaking to Camp Administrator (Ms.) C. Phillips and Associate Warden (Mr.) Turner, A.W. Turner said he assumed that inmates would be allowed to use Microsoft Word, and legal files received via thumb-drive to prepare and print pleadings for mailing to courts. Why would he believe, and say, that if standardized word processing software is a material threat to the 'correctional environment'?

Many correctional facilities scan physical mail, destroy the originals, and use the images to print new copies at the jail. Why then

13

the objection to the electronic transmission and use of legal pleadings and papers via PACER & CM/ECF?

Let's not forget the whole point of this motion. Stilley asked for 1) release pending appeal, or 2) some other suitable means for exercising his due process rights and right of reasonable access to the courts. The claim that Stilley isn't entitled to release pending appeal is utterly farcical. But if he is not to be granted release pending appeal, why is he also denied access to the wherewithal to effectively vindicate his rights of due process and peaceful petition in this case, and various other cases both civil and criminal? Why, after more than 6 months of incarceration, is he still denied LAWFUL ACCESS to 1) his own property & rights to property, that is, his legal paperwork, files and prior research, AND 2) access to government property, sufficient to efficiently draft and file creditable legal pleadings?

Stilley's motion is thoroughly reasonable and should be promptly granted.

Respectfully submitted May 27, 2025, by:

>/s/ Oscar Stilley
>Oscar Stilley, DOJ-FBOP # 10579-062
>FCC Yazoo City Camp
>PO Box 5000
>Yazoo City, MS 39194-5000
>oscarstilley@gmail.com

## VERIFICATION

Comes now, Appellant Oscar Stilley, pursuant to 28 U.S.C. 1746 on the date and signature above, declares under penalty of perjury that the foregoing facts are true and correct to the best of Stilley's knowledge and belief.

## CERTIFICATE OF SERVICE

Oscar Stilley by his signature and date above certifies that he filed and served this pleading via CM/ECF, and that all parties entitled to service will be served electronically.

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Oscar Stilley by his signature and date above certifies:

1. This document complies with the word limit of Fed. R. App. P. Rules because this document contains less than 2,570 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century font.