# No. 24-5133

## IN THE UNITED STATES COURT OF APPEALS
### FOR THE TENTH CIRCUIT

---

UNITED STATES,

          Plaintiff-Appellee,

v.

OSCAR A. STILLEY,

          Defendant-Appellant.

---

ON APPEAL FROM THE JUDGMENT OF
THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA
JUDGE STEPHEN P. FRIOT
No. 09-CR-43

---

### ANSWERING BRIEF OF THE UNITED STATES

---

KAREN E. KELLY
  *Acting Deputy Assistant Attorney General*
S. ROBERT LYONS         (202) 307-6512
*Chief, Criminal Appeals and Tax*
  *Enforcement Policy Section*
KATIE BAGLEY         (202) 616-3854
JOSEPH B. SYVERSON      (202) 305-6508
ELISSA HART-MAHAN     (202) 305-7397
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 972*
  *Washington, DC 20044*

*Of Counsel:*
CLINTON J. JOHNSON
  *United States Attorney*

### Oral Argument Not Requested

# TABLE OF CONTENTS

**Page**

Table of contents...................................................................... i

Table of authorities ................................................................. ii

Statement of related cases ....................................................... v

Jurisdictional statement..........................................................1

Statement of the issue .............................................................2

Statement of the case ..............................................................2

      A.     Defendant's Convictions and Direct Appeal ......................3

      B.     Defendant's 28 U.S.C. § 2255 Petition ...................................5

      C.     The 2022 Revocation Proceedings .........................................6

      D.     The 2024 Revocation Proceedings .........................................6

Summary of argument ...........................................................10

Argument .............................................................................11

The District Court Properly Revoked Defendant's Supervised
     Release...........................................................................11

     Standard of Review .........................................................11

      A.     The District Court's Revocation of Defendant's
             Supervised Release Was a Proper Exercise of the
             Court's Discretion ...............................................11

      B.     Defendant's Arguments Fail .............................................14

Conclusion............................................................................26

Statement regarding oral argument ................................................26

Certificate of compliance..........................................................27

Certificate of digital submission ....................................................28

# TABLE OF AUTHORITIES

**Cases:**  **Page(s)**

*Bronson v. Swensen*,
 500 F.3d 1099 (10th Cir. 2007) .................................................................14

*Clark v. State Farm Mut. Auto. Ins.*,
 590 F.3d 1134 (10th Cir. 2009) .................................................................24

*Faretta v. California*,
 422 U.S. 806 (1975) .................................................................................21

*Horne v. Flores*,
 557 U.S. 433 (2009) .................................................................................19

*James v. United States*,
 366 U.S. 213 (1961) .................................................................................17

*Link v. Wabash R. Co.*,
 370 U.S. 626 (1962) .................................................................................24

*Liteky v. United States*,
 510 U.S. 540 (1994) .................................................................................25

*McKaskle v. Wiggins*,
 465 U.S. 168 (1984) .................................................................................21

*Rodgers v. United States*,
 413 F.2d 251 (10th Cir. 1969) ...................................................................15

*Sieverding v. Colorado Bar Ass'n*,
 469 F.3d 1340 (10th Cir. 2006) .................................................................24

*Simpson v. Battaglia*,
 458 F.3d 585 (7th Cir. 2006) .....................................................................21

*Thornton v. Jones*,
 542 F. App'x 702 (10th Cir. 2013) ............................................................21

*United States v. Baker*,
 718 F.3d 1204 (10th Cir. 2013) .................................................................16

*United States v. Bell*,
 Case No. 24-5003, 2024 WL 4404236 (10th Cir. Oct. 4, 2024) .....................17

*United States v. Collins*,
 859 F.3d 1207 (10th Cir. 2017) .................................................................12

*United States v. Contreras-Martinez*,
 409 F.3d 1236 (10th Cir. 2005) .................................................................13

**Cases (cont'd):**

*United States v. Cordova,*
461 F.3d 1184 (10th Cir. 2006) ........................................................15

*United States v. Hohn,*
123 F.4th 1084 (10th Cir. 2024) ......................................................18

*United States v. LaHue,*
261 F.3d 993 (10th Cir. 2001) .........................................................17

*United States v. Nicholson,*
983 F.2d 983 (10th Cir. 1993) .........................................................24

*United States v. Nickl,*
427 F.3d 1286 (10th Cir. 2005) .......................................................25

*United States v. Springer, et al.,*
444 F. App'x 256 (10th Cir. 2011) ............................. 2, 4, 14, 17, 19

*United States v. Steele,*
603 F.3d 803 (10th Cir. 2010) .........................................................13

*United States v. Stilley,*
Case No. 22-5000, 2022 WL 1929112 (10th Cir. June 6, 2022)............... 2, 14

*United States v. Stilley,*
Case No. 22-5113, 2023 WL 6801049 (10th Cir. Oct. 16, 2023) ...... 3, 6, 14-16

*United States v. Warren,*
335 F.3d 76 (2d Cir. 2003) ..............................................................15

*Utah Env't Cong. v. Bosworth,*
439 F.3d 1184 (10th Cir. 2006) .......................................................14

**Statutes:**

18 U.S.C. § 371................................................................................ 3, 12
18 U.S.C. § 3231...............................................................................1
18 U.S.C. § 3553(a)..........................................................................11
18 U.S.C. § 3583(e)..........................................................................12
18 U.S.C. § 3583(e)(3)......................................................................11
18 U.S.C. § 3742................................................................................2
18 U.S.C. §§ 3559(a)(4) ...................................................................12
26 U.S.C. § 7201............................................................................ 3, 12
28 U.S.C. § 1291................................................................................2
28 U.S.C. § 2255........................................................................ 2, 5, 14-16

**Rules:**

10th Cir. R. 25.5 ................................................................................................28

10th Cir. R. 32(B) ..............................................................................................27

Fed. R. App. P. 4(b) ............................................................................................2

Fed. R. App. P. 28(a)(8)(A) ...............................................................................14

Fed. R. App. P. 32(a)(5) .....................................................................................27

Fed. R. App. P. 32(a)(6) .....................................................................................27

Fed. R. App. P. 32(a)(7)(B) ...............................................................................27

Fed. R. App. P. 32(f) ..........................................................................................27

## STATEMENT OF RELATED CASES

Pursuant to Tenth Circuit Rule 28.2(C)(3), counsel for the United States state that defendant Oscar Stilley has had three prior appeals in this Court: Case No. 10-5057, defendant's direct appeal, affirmed by *United States v. Springer, et al.*, 444 F. App'x 256 (10th Cir. 2011) (per curiam); Case No. 22-5000, defendant's appeal of the district court's dismissal of his 28 U.S.C. § 2255 petition, dismissed on June 6, 2022, *available at* 2022 WL 1929112; and Case No. 22-5113, defendant's appeal of the district court's 2022 judgment revoking his supervised release, affirmed by *United States v. Stilley*, 2023 WL 6801049.[1]

Stilley's co-defendant, Lindsey Springer, has filed numerous appeals in this Court: Case Nos. 09-5165, 10-5101, 10-5055, 10-5156, 11-5053, 13-5062, 13-5113, 14-5047, 14-5109, 14-5111, 15-5109, 18-5104, and 20-5000.

---

[1] Following defendant's conviction for conspiring to defraud the United States and tax evasion, this Court, on May 18, 2010, initiated *In re Oscar Amos Stilley*, Case No. 10-812, ordering Stilley to show cause why he should not be disciplined and ultimately disbarred defendant from the Tenth Circuit. Also, on August 30, 2010, this Court dismissed defendant's appeal of the order of the Northern District of Oklahoma suspending him from practice before that court. See *In re Oscar A. Stilley*, Case No. 09-5090.

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

———————————

No. 24-5133

UNITED STATES,

Plaintiff-Appellee,

v.

OSCAR A. STILLEY,

Defendant-Appellant.

———————————

ON APPEAL FROM THE JUDGMENT OF
THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA
JUDGE STEPHEN P. FRIOT
No. 09-CR-43

———————————

ANSWERING BRIEF OF THE UNITED STATES

———————————

## JURISDICTIONAL STATEMENT

The district court (Hon. Stephen P. Friot) had jurisdiction over this

criminal case under 18 U.S.C. § 3231.  The district court entered its

judgment revoking defendant Oscar Stilley's supervised release on

November 15, 2024.  (2SROA 164-67.) [2]  Defendant timely filed a notice of

appeal on November 13, 2025.  (1ROA 808); Fed. R. App. P. 4(b), (c).  This

Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUE

Whether the district court properly exercised its discretion when it

revoked defendant's supervised release.

## STATEMENT OF THE CASE

After a jury convicted defendant of conspiracy to defraud the United

States and tax evasion, this Court affirmed his convictions and sentence on

direct appeal.  *United States v. Springer, et al.*, 444 F. App'x 256 (10th Cir.

2011) (per curiam).  Both the district court and this Court rejected

defendant's challenge to his conviction under 28 U.S.C. § 2255.  *See United

States v. Stilley*, No. 22-5000, 2022 WL 1929112 (10th Cir., June 6, 2022)

(hereinafter "*Stilley 2255*").  After defendant was released from

incarceration in 2022, the district court found that he violated two

---

[2]  "[Vol.]ROA" refers to the record on appeal filed in this Court on
January 6, 2025, preceded by the applicable volume.  "[Vol.]SROA" refers
to the supplemental record on appeal filed in this Court on January 30,
2025, and June 4, 2025, preceded by the applicable volume.  "Br." refers to
defendant's opening brief.

conditions of supervised release and sentenced him to three months' incarceration, followed by 33 months of supervised release. (1ROA 749-56.) This Court affirmed the 2022 revocation judgment. *United States v. Stilley*, No. 22-5113, 2023 WL 6801049 (10th Cir. Oct. 16, 2023) (hereinafter "*Stilley 2022 Revocation*"). In 2024, the district court found that defendant violated seven conditions of supervised release and sentenced him to 24 months' incarceration; the 2024 revocation judgment is the subject of this appeal. (2SROA 164-67.)

### A. Defendant's Convictions and Direct Appeal

In 2009, defendant was charged with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and two counts of tax evasion, in violation of 26 U.S.C. § 7201. (1ROA at 8-14.) The indictment alleged that defendant conspired with co-defendant Lindsey Springer to defraud the United States and helped Springer evade Springer's tax obligations. (*Id.*) Springer and defendant were tax defiers who promoted illegal tax evasion schemes, charged fees for providing "legal and tax advice to individuals embroiled in tax disputes," and used

defendant's client trust account to conceal income from the IRS.[3] *See Springer,* 444 F. App'x at 259-60. A jury convicted defendant and Springer on all counts. (1ROA 145-47.)

In 2010, the district court sentenced defendant to 180 months' incarceration, to be followed by three years of supervised release. (1ROA 148-53.) The court ordered defendant to pay restitution totaling $776,280. (1ROA 152.) The court imposed standard and special conditions of supervised release, including requirements that defendant disclose his financial information, allow monitoring of his computer activity (including installing remote monitoring software and the disclosing usernames and passwords for various accounts), refrain from committing another state or federal crime, seek permission from his probation officer before contacting convicted felons, and refrain from the unauthorized or unlicensed practice of law. (*Id.* at 150-51.)

This Court affirmed defendant's convictions and sentence on direct appeal. *See Springer*, 444 F. App'x at 259. In particular, this Court affirmed

---

[3] Defendant was an attorney; he was disbarred after his conviction in this case. *See Springer*, 444 F. App'x at 159.

the district court's finding that defendant and Springer transferred hundreds of thousands of dollars into defendant's client trust account "not only to hide the money from the government, but also to defraud their client," and that defendant used his client trust account as "an instrument of fraud." *Id.* at 266. Defendant did not challenge the restitution judgment, the term of supervised release, or any of the conditions of supervised release on direct appeal. *Id.* Defendant's criminal conviction became final in 2011. (1ROA 624.)

## B. Defendant's 28 U.S.C. § 2255 Petition

In 2021, defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255. (1ROA 623-27.) The district court dismissed defendant's petition as untimely, noting that he filed it almost 10 years after his conviction became final. (*Id.*) This Court denied defendant's request for a certificate of appealability and dismissed his appeal. (1ROA 629-31.) This Court observed that, even accepting defendant's allegations of the improprieties surrounding his direct appeal, his petition "fails to explain why he waited almost nine years after the limitations period expired to file his petition." (*Id.* at 630.)

## C. The 2022 Revocation Proceedings

Shortly after defendant began his term of supervised release in 2022, the district court found, after a hearing, that he had violated the conditions of supervised release that required installation of monitoring software on his electronic devices and disclosure of certain online accounts and passwords. *Stilley 2022 Revocation*, 2023 WL 6801049, at *1. The district court revoked defendant's supervised release and sentenced him to three months' incarceration, to be followed by 33 months of supervised release. (1ROA 749-56.) The conditions of supervised release the court imposed were consistent with the conditions imposed in the original judgment. (1ROA 150-51, 751-54.) This Court affirmed, declining to consider defendant's attempt to challenge his original convictions and sentence, holding that Judge Friot properly presided over the revocation hearing, and finding that defendant waived his challenge to the re-imposition of certain conditions of supervised release. *Stilley 2022 Revocation*, 2023 WL 6801049, at *3-*5.

## D. The 2024 Revocation Proceedings

Defendant began his 33-month term of supervised release on February 17, 2023. (3SROA 5.) In October 2024, U.S. Probation filed a

petition alleging that defendant had once again violated his conditions of supervised release and identified nine alleged violations.  (3SROA 5-112.)

Before the revocation hearing, defendant filed several motions. Defendant moved for the appointment of standby counsel, specifically requesting the reappointment of Charles Robert Burton IV, who had served as defendant's standby counsel during the jury trial.  (1ROA 762-67.)  The district court declined to appoint Burton but agreed that Burton could sit with defendant at counsel table.  (2SROA 128.)

The district court held a lengthy revocation hearing on November 13, 2024.  (1SROA 1-225.)  After learning during the hearing that Burton had died, the court, with defendant's consent, appointed a Criminal Justice Act (CJA) panel attorney to act as standby counsel during the hearing. (1SROA 3-10.)

The district court denied defendant's motion to disqualify the district court judge (2SROA 149-63), finding that all six allegations of bias in the motion were unfounded.  (1SROA 11-14.)  Defendant had also moved to vacate the 2010 criminal judgment, Docket Entry 338 (1ROA 794-802), and to vacate the 2022 revocation judgment, Docket Entry 752 (1ROA 769-82). The district court denied these motions, finding that the issues raised in the

motions were meritless and had already been addressed by both the district court and this Court. (1SROA 13-14.) And the court denied defendant's motion for a true and correct record (1ROA 783-93) and his motion to dismiss for lack of venue (1ROA 803-06). (1SROA 14.)

During the revocation hearing, the district court heard testimony from defendant's former employer and from the probation officer who was supervising defendant, and the court reviewed exhibits filed with the petition to revoke defendant's supervised release. (1SROA 20-172; 3SROA 5-382.) Based on this evidence, the district court found that defendant violated seven conditions of supervised release. (1SROA 189-217.) Specifically, the court found (1) that defendant's blanket refusal to provide financial information to his probation officer violated Special Condition 2(e) (1SROA 192-201); (2) that defendant's use of his brother to receive payment on defendant's behalf violated Special Condition 2(a), which required defendant to disclose the source of all income and deposit it into a checking account in his name (1SROA 202-04); (3) that defendant's refusal to pay for remote monitoring software on his electronic devices violated Special Condition 3(b) (1SROA 204-06); (4) that defendant's regular contact with multiple convicted felons violated Standard Condition

8, which required him to seek permission from his probation officer before communicating with convicted felons (1SROA 206-10); (5) that defendant's drafting of legal documents and his providing legal advice constituted the unauthorized practice of law and thus violated Special Condition 5 (1SROA 210-15); (6) that defendant's submission of an Arkansas voter registration application falsely stating that he had not been convicted of a felony constituted a crime and violated Mandatory Condition 1 (1SROA 214-15)[4]; and (7) that defendant's willful failure to pay restitution violated Mandatory Condition 4 (1SROA 216-17).

The court acquitted defendant on two alleged violations of supervised release, finding the evidence insufficient to establish that defendant willfully failed to diligently seek employment after he was terminated or that defendant willfully failed to notify his probation officer within 72 hours of his arrest on state charges.  (1SROA 191-92, 215-16.)  The district court considered the required sentencing factors and sentenced

---

[4] Defendant faces perjury charges in Arkansas state court for his submission of the false voter registration application.  *See State v. Oscar Stilley*, Crawford County Circuit Court, No. 17CR-24-508 (Ark.).  Trial is set for November 6, 2025.

defendant to 24 months' incarceration with no supervised release to follow. (1SROA 220-23; 2SROA 164-67.) The court denied defendant's request for home confinement and a stay pending appeal, and remanded defendant to the custody of the U.S. Marshal. (1SROA 224.)

## SUMMARY OF ARGUMENT

The district court properly exercised its discretion to revoke defendant's supervised release. The record fully supports the court's determination that defendant violated seven conditions of supervised release. Defendant's arguments on appeal are meritless. The original 2010 judgment and the 2022 revocation judgment were both affirmed by this Court on direct appeal, and defendant's challenges to these earlier judgments are not properly before this Court now.

Even if this court were to consider defendant's claims regarding the earlier judgments, they all fail. The law-of-the-case doctrine bars many of his allegations about the earlier judgments, the government did not "confess" that the earlier judgments are invalid, and defendant has not shown a violation of his Sixth Amendment right to counsel. Finally, there is no evidence in the record to support defendant's claim that the district court was biased.

## ARGUMENT

**The District Court Properly Revoked Defendant's Supervised Release**

### Standard of Review

This Court reviews a district court's decision to revoke supervised release for abuse of discretion. *United States v. Shakespeare*, 32 F.4th 1228, 1232 (10th Cir. 2022).

### A.   The District Court's Revocation of Defendant's Supervised Release Was a Proper Exercise of the Court's Discretion

The district court's revocation of defendant's supervised release was proper: the record establishes that defendant violated the seven conditions of supervised release at issue, the district court considered the 18 U.S.C. § 3553(a) factors and Chapter 7 policy statements, and the court imposed a sentence authorized by statute.

The supervised release statute, 18 U.S.C. § 3583(e)(3), grants a district court the authority to revoke a defendant's term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The court must consider several of the 18 U.S.C. § 3553(a) factors in making this determination, including the nature and circumstances of the offense, the need for deterrence and protection of

the public, and the Sentencing Guidelines range and policy statements. 18
U.S.C. § 3583(e).

The statutory maximum sentence under § 3583(e)(3) depends on the
offense of conviction. Here, the maximum authorized term of supervised
release for each of the counts of conviction was three years, and the
maximum term of incarceration upon revocation of supervised release was
two years. *See* 18 U.S.C. §§ 3559(a)(4), 3583(a), (e)(3); 18 U.S.C. § 371; 26
U.S.C. § 7201; *see also United States v. Collins*, 859 F.3d 1207, 1210 (10th Cir.
2017) (holding that statutory maximum sentence for second revocation of
supervised release relates back to the offense of conviction).

The evidence proved that defendant violated seven of the conditions
of supervised release that were imposed as part of his criminal sentence
and reimposed in the 2022 revocation judgment. (1SROA 55-120; 3SROA 5-
382.) The district court made detailed factual findings supporting its
determination that defendant violated these seven conditions. (1SROA
189-217.) The district court considered the required Section 3553(a) factors
and explained its reasons for imposing a 24-month term of incarceration.
(1SROA 220-23.) The court cited the nature and circumstances of the
offense and the history and characteristics of defendant (§ 3553(a)(1)),

noting that defendant had preyed on vulnerable people, that the court was "concerned about the potential for future predation," and that defendant "is fraud personified." (1SROA 222.) The court also considered the need to deter the defendant from further misconduct (§ 3553(a)(2)(B)) and to protect the public from defendant's fraud (§3553(a)(2)(C)). (1SROA 222-23) For these reasons, the court found that the Guidelines range of four to ten months' incarceration was insufficient. (1SROA 221-22.)

This sentence complied with the applicable statutes and accords with this Court's precedents. *See, e.g.*, *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005) (in revocation proceedings, district court must consider statutory sentencing factors but need not recite "magic words"); *United States v. Steele*, 603 F.3d 803, 807-09 (10th Cir. 2010) (above-Guidelines revocation sentence was procedurally and substantively reasonable when district court considered required factors and imposed a sentence that was within the statutory limits). The district court did not abuse its discretion.

## B.     Defendant's Arguments Fail

Defendant raises three primary arguments on appeal, all of which are meritless.[5] Defendant attempts to re-litigate the validity of the 2010 judgment and the 2022 revocation judgment, but these arguments are not properly before this Court. And there is no support in the record for his claim that the district court was biased.

### 1.     Defendant may not challenge the validity of the 2010 judgment or the 2022 revocation judgment in this proceeding

This Court has repeatedly recognized that defendant was convicted of the offenses charged in the indictment, that he unsuccessfully appealed those convictions and his sentence, that his 28 U.S.C. § 2255 petition was untimely, and that this Court affirmed the district court's 2022 revocation judgment. *See, e.g.*, *Springer*, 444 F. App'x at 259-67; *Stilley 2255,* 2022 WL 1929112, at *1 (describing defendant's conviction, direct appeal, untimely

---

[5] Defendant identifies 10 issues in his "Statement of the Issues Presented" (Br. 2-5) but he fails to develop these arguments in his brief and thus this court need not consider them. *See Stilley*, 2023 WL 6801049, at *3 n.1 (declining to consider issues that were "inadequately presented and insufficiently developed" (citing *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007); Fed. R. App. P. 28(a)(8)(A); *Utah Env't Cong. v. Bosworth*, 439 F.3d 1184, 1194 n.2 (10th Cir. 2006)).

§ 2255 petition, and denying COA); *Stilley 2022 Revocation*, 2023 WL

6801049, at *1; *see also* Case No. 10-5057, 4/14/23 Order (denying

defendant's motion to recall the mandate).

Undeterred, defendant once again attempts to challenge both his

original convictions and sentence and the 2022 revocation judgment.  But

he cannot use an appeal from the revocation of his supervised release to

challenge these earlier judgments.  It is well-established that a defendant

may not challenge his underlying conviction when appealing a revocation

order.  *See Rodgers v. United States*, 413 F.2d 251, 253 (10th Cir. 1969)

(rejecting attempt to challenge validity of original judgment on appeal

from an order revoking probation); *United States v. Cordova*, 461 F.3d 1184,

1186 n.2 (10th Cir. 2006) (defendant could not collaterally attack original

sentence in appeal of revocation of supervised release); *United States v.

Warren*, 335 F.3d 76, 78–79 (2d Cir. 2003) ("[T]he validity of an underlying

conviction or sentence may not be collaterally attacked in a supervised

release revocation proceeding and may be challenged only on direct appeal

or through a habeas corpus proceeding.") (collecting cases).  Defendant has

challenged his convictions on direct appeal and via a 28 U.S.C. § 2255

petition; his current revocation appeal does not allow him to circumvent

the limits on second or successive habeas petitions.  *Cf. United States v. Baker*, 718 F.3d 1204, 1207-08 (10th Cir. 2013) (holding that a defendant cannot circumvent the § 2255 restriction on second or successive petitions by filing a differently styled pleading alleging fraud on the court.).

Defendant cites no authority for the proposition that he can collaterally attack the validity of the original judgment or the 2022 revocation judgment in this appeal of the district court's 2024 revocation judgment.  *See Stilley 2022 Revocation*, 2023 WL 6801049 (declining to address defendant's attempt to collaterally attack the original judgment when he failed to cite authority in support of the proposition).  This Court should thus decline to consider defendant's challenges to the 2010 judgment and the 2022 revocation judgment.

### 2.  Defendant's Challenges to the Earlier Judgments Are Meritless

Defendant raises several arguments (Br. 17-19) that he fails to develop and that are barred by the law of the case.  For example, he appears to argue (Br. 18) that the district court erred when it found that defendant and Springer schemed to defraud clients as part of their offense conduct.  But this Court affirmed the district court's finding that defendant

used his client trust account both to defraud clients and to conceal income from the IRS. *See Springer*, 444 F. App'x at 266. And, contrary to defendant's argument, the fraud finding was consistent with the government's theory of the case, because stolen funds constitute taxable income. *See James v. United States*, 366 U.S. 213, 219–20 (1961). Because this Court previously decided this issue, defendant's argument fails under the law-of-the-case doctrine. *See United States v. LaHue*, 261 F.3d 993, 1010–11 (10th Cir. 2001).

Defendant also asserts (Br. 17, 26-27) that the government "defaulted" and "confessed" to defendant's allegations by not responding to his motions to vacate the 2010 judgment (1ROA 794-802) and the 2022 revocation judgment (1ROA 769-82). But as the district court recognized, the court had the authority to deny a motion that was meritless on its face, which is what the court did below. (1SROA 18.) The local rules for the Northern District of Oklahoma provide that a district court may rule on a motion after the time for a response has passed, even if no response has been filed. N.D. Okla. LCr47-2; *see also United States v. Bell*, Case No. 24-5003, *available at* 2024 WL 4404236, at *2 (10th Cir. Oct. 4, 2024) (rejecting argument that district court erred when it denied defendant's motion

without receiving a response from the government). As discussed above, these motions were patently meritless because they sought to collaterally attack final judgments that had been previously affirmed on direct appeal, and the issues defendant raised had already been litigated before both the district court and this Court. The government has maintained, consistent with this Court's decisions, that the 2010 judgment and the 2022 revocation judgment are valid final judgments. *See, e.g.*, 2SROA 129-48. After court staff informed the government that a response to the motions was not necessary, the government opted not to respond. That is not an admission that the earlier judgments were invalid.

The authority defendant cites (Br. 27) in support of his argument is inapt. In *United States v. Hohn*, 123 F.4th 1084 (10th Cir. 2024) (en banc), Judge Bacharach noted in dissent that, when an issue is properly before a court, the court is not bound by the parties' position but has the independent authority to interpret the law. *Id.* at 1129 n.7 (Bacharach, J., dissenting). In this case, the validity of the earlier, valid, final judgments was *not* properly before the district court. Nor does Judge Bacharach's dissent support a holding that, because the government did not respond to defendant's meritless motions, the earlier judgments are invalid. *See also*

*Horne v. Flores*, 557 U.S. 433, 490 (2009) (Breyer, J., dissenting) (noting that a court "need not consider issues or factors that the parties themselves do not raise").

### 3. No Sixth Amendment Violation Occurred

Defendant contends (Br. 26-38) that he was denied his Sixth Amendment right to counsel during the 2022 revocation hearing. Even if this claim were properly before this Court, the record disproves defendant's argument.

Defendant has insisted on representing himself throughout all the proceedings here. On direct appeal, this Court held that defendant "knowingly, voluntarily, and intelligently" waived his right to counsel before the district court. *Springer*, 444 F. App'x at 264. Throughout his direct appeal of the 2010 judgment, defendant filed multiple motions unsuccessfully arguing that generally applicable prison policies were interfering with his ability to represent himself on appeal. (Case No. 10-5057, Motions Docketed 5/25/10, 8/2/10, 11/12/10, 12/9/10; Orders dated 6/1/10, 8/10/10, 11/15/10, 12/27/10.) Ultimately, this Court offered defendant several options. (Case No. 10-5057, Order dated 12/27/10.) Defendant declined appointed counsel and opted to adopt

Springer's brief and to file a supplemental pro se brief.  (Case No. 10-5057,

Order dated 12/27/10, Notice dated 2/10/11.)

In 2022, defendant received over two months' notice before the

revocation hearing but waited until the day before the hearing to move for

the reappointment of Burton, his standby counsel in the original trial.

(2SROA 9-10.)  The district court found that, given the last-minute filing,

the motion appeared to be "an ill-conceived attempt to manipulate the

process and derail this hearing."  (2SROA 11.)  The court also noted that

Burton was no longer on the CJA panel and that defendant had not

provided critical information about his finances and financial eligibility for

appointed counsel.  (2SROA 9-12.)  The court left the motion pending to

allow defendant to supplement the motion with information about his

finances and whether he would be interested in the appointment of a

different attorney, and the court allowed him to consult with a CJA

attorney who was present in the courtroom that day.  (2SROA 16-18.)

When defendant sought to continue the hearing to retain counsel, the

district court denied the motion, noting that defendant had ample time to

retain counsel before the hearing and that defendant had consistently

insisted on representing himself.  (2SROA 26.)

During the 2024 revocation, defendant again sought the appointment of Burton as standby counsel. (1ROA 762-68.) The district court noted that Burton had died, and, with defendant's consent, appointed CJA counsel to act as standby counsel. (1SROA 13-14.) Defendant sought to have that standby counsel assist with the instant appeal, but this Court ordered him to decide between the appointment of counsel and proceeding pro se. (Case No. 24-5133, Orders dated 12/10/24, 12/17/24.) Defendant chose to represent himself on appeal. (Case No. 24-5133, Motion dated 1/2/25.)

Defendant cannot demonstrate a denial of his Sixth Amendment right to counsel in the 2022 revocation hearing. As an initial matter, defendant's motion sought the appointment of standby counsel to assist him in representing himself. The Sixth Amendment guarantees a defendant the right to counsel and the right to represent himself, but there is no Sixth Amendment right to standby counsel. *See McKaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984); *Faretta v. California*, 422 U.S. 806, 814, 819–20 (1975); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006) ("[T]here is no right to standby counsel."); *Thornton v. Jones*, 542 F. App'x 702, 705 (10th Cir. 2013) (recognizing that the Constitution does not require "that standby

counsel be made available for a defendant who has validly waived the right to counsel").

Given defendant's repeated insistence on self-representation and the district court's finding that defendant's 2022 motion for the appointment of standby counsel was an "attempt to manipulate the process and derail this hearing," he cannot show that he was denied the assistance of counsel. And the district court acted well within its discretion when it deferred ruling on defendant's motion for the appointment of standby counsel until defendant provided additional information about his finances; defendant failed to ever provide additional information.

Defendant acknowledges (Br. 33) that he failed to raise this Sixth Amendment argument in his direct appeal of the 2022 revocation judgment. He claims that the 13,000-word limit imposed by the Federal Rules of Appellate Procedure, along with this Court's denial of his motion to file an 18,000-word oversize brief, prevented him from making the argument on direct appeal. In his brief in that appeal, defendant raised sixteen issues, many of which were attacks on his underlying conviction or otherwise issues previously raised before this Court. (Case No. 22-5113, Appellant's Opening Brief, 2023 WL 3317990.) Defendant had ample space

to raise his Sixth Amendment argument in his brief in that case — he chose not to. This Court should not allow him another bite at the apple here.[6]

### 4. There Is No Evidence of Bias

Finally, defendant argues (Br. 46-67) that the district court was not impartial. Defendant asserts that the district court judge improperly held an *ex parte* hearing and issued an *ex parte* order. But no improper *ex parte* contact occurred. As discussed above, defendant filed numerous motions before the revocation hearing, some of which advanced frivolous arguments previously rejected by the district court and this Court. (1ROA 783-806; 2SROA 149-63.) As the district court recognized, it had the authority to deny defendant's meritless motions without requiring a response from the government. (1SROA 18.) Court staff's communication to the government that it need not file responses to defendant's motions did not constitute an improper *ex parte* order. Such communication was within the district court's discretion, as it allowed the court to manage its

---

[6] Defendant cites (Br. 39-45) *Stilley v. Thurston*, Ark. Sup. Ct. CV-24-453, but that state case is irrelevant here. Defendant sued the Arkansas Secretary of State, seeking an order requiring the secretary to count the signatures on the Arkansas Abortion Amendment of 2024. The Arkansas Supreme Court dismissed defendant's petition on September 5, 2024, and the U.S. Supreme Court denied certiorari on April 21, 2025.

docket to maximize efficiency. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing "inherent power" of district courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Clark v. State Farm Mut. Auto. Ins.*, 590 F.3d 1134, 1140 (10th Cir. 2009) ("[D]istrict courts generally have broad discretion to manage their dockets." (internal quotation marks omitted)); *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993) (recognizing district courts' "great discretion regarding trial procedure applications"). Indeed, given defendant's repeated attempts to re-raise arguments already rejected by this Court, the district court would have been well within its discretion to impose filing limitations on defendant. *See, e.g.*, *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." (internal quotation marks omitted)). Here, the district court's communication that the government need not respond to defendant's clearly meritless motions was a proper exercise of the district court's discretion.

Defendant's remaining claims of bias amount to disagreements with the district court's rulings in this case. Because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994), "adverse rulings cannot in themselves form the appropriate grounds for disqualification," *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (internal quotation marks omitted). Accordingly, this Court should reject defendant's unfounded claim of district court bias.

## CONCLUSION

The judgment of the district court should be affirmed.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for the United States respectfully inform the Court that we

do not believe that oral argument is necessary in this case.

Respectfully submitted,

KAREN E. KELLY
  *Acting Deputy Assistant Attorney General*
S. ROBERT LYONS                                    (202) 307-6512
*Chief, Criminal Appeals and Tax*
  *Enforcement Policy Section*
KATIE BAGLEY                                       (202) 616-3854
JOSEPH B. SYVERSON                                 (202) 305-6508
ELISSA HART-MAHAN                                  (202) 305-7397
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 972*
  *Washington, DC 20044*

*Of Counsel:*
CLINTON J. JOHNSON
  *United States Attorney*

JUNE 9, 2025

# CERTIFICATE OF COMPLIANCE

## Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type-Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(B):

[X]   this brief contains 4,637 words, **or**

[ ]   this brief uses a monospaced typeface and contains _____ lines of text.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

[X]   this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Book Antiqua 14, **or**

[ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

Date: June 9, 2025        s/   Elissa Hart-Mahan_____
                          Elissa Hart-Mahan
                          Attorney for the United States
                          P.O. Box 972
                          Washington, DC 20044
                          (202) 305-7397
                          elissa.r.hart@usdoj.gov

**CERTIFICATE OF DIGITAL SUBMISSION**

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Microsoft Windows Defender, and according to the program are free of viruses.

Date: June 9, 2025       s/ Elissa Hart-Mahan
                            Elissa Hart-Mahan
                            Attorney for the United States
                            P.O. Box 972
                            Washington, DC 20044
                            (202) 305-7397
                            elissa.r.hart@usdoj.gov