FILED
United States Court of Appeals
Tenth Circuit

June 17, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

OSCAR A. STILLEY,

    Defendant - Appellant.

No. 24-5133
(D.C. No. 4:09-CR-00043-SPF-2)
(N.D. Okla.)
_____

**ORDER**
_____

Before **TYMKOVICH** and **EID**, Circuit Judges.
_____

    Oscar A. Stilley, a federal prisoner proceeding pro se, moves for release pending appeal of his incarceration for violating the terms of his supervised release. We deny the motion.

## I.    BACKGROUND & PROCEDURAL HISTORY

    A federal jury in Oklahoma convicted Stilley and an associate of various charges related to tax evasion. *See United States v. Springer*, 444 F. App'x 256, 259 (10th Cir. 2011). The district court sentenced Stilley to a fifteen-year prison term followed by three years of supervised release. *Id.*

    Stilley began serving his supervised release term in August 2022 and quickly began refusing to comply with certain conditions of supervision. *See United States v. Stilley*, No. 22-5113, 2023 WL 6801049, at *1 (10th Cir. Oct. 16, 2023), *cert. denied*,

144 S. Ct. 1471 (2024). After a hearing, the district court revoked supervised release and sentenced Stilley to a three-month prison term followed by thirty-three months of supervised release. *See Stilley*, 2023 WL 6801049, at *1.

Stilley's second term of supervised release began in February 2023. In November 2024, the district court held a hearing to decide if Stilley had again violated his conditions of supervision. The district court concluded Stilley had indeed violated seven conditions (out of nine alleged), including conditions such as mandatory disclosure of the sources of his income to his probation officer, installation of remote monitoring software on his electronic devices, and a prohibition from engaging in the unauthorized practice of law. The district court sentenced him to a two-year prison term with no more supervised release. The district court also immediately remanded Stilley into the custody of the U.S. Marshal.

Stilley filed a timely notice of appeal followed by two motions for release pending appeal, the second of which is currently before us.

## II. LEGAL STANDARDS

The default rule is that "a person who has been found guilty of an offense and sentenced to a term of imprisonment" shall "be detained." 18 U.S.C. § 3143(b)(1). Such a defendant may avoid the default rule if a judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

*Id.* The defendant bears the burden to persuade the district court as to these requirements. *See United States v. Affleck*, 765 F.2d 944, 946 (10th Cir. 1985).

If a district court finds against the defendant on these factors (meaning that the defendant will be incarcerated pending appeal), the defendant may "obtain review" of the district court's order either by "filing a notice of appeal from that order" or "filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction." Fed. R. App. P. 9(b). We review de novo the ultimate decision whether to release or detain the defendant. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).

## III.  ANALYSIS

As mentioned above, this is Stilley's second motion for release pending appeal. We denied his first motion because his argument was based entirely on district court pleadings incorporated by reference (a practice we do not permit) and he made no argument about the § 3143(b)(1) requirements. We also noted it was unclear whether Stilley had asked the district court for release pending appeal. *See* Fed. R. App. P. 9(b) (establishing that the present proceeding is a "review of a district-court order regarding release after a judgment of conviction").

In his new motion, Stilley insists he made a proper district-court motion and that he "exhaustively briefed" the § 3143(b)(1) requirements. Mot. at 11, ECF No. 51. We can find no such briefing in the record. All we can find is a passage in the revocation-hearing transcript where Stilley mentioned "a stay pending appeal." Suppl. R., ECF No. 841 ("Revocation Hr'g Tr.") at 218.[1] Specifically, the district court was hearing argument from the parties about what punishment to impose for Stilley's violations of supervised release, and in that context, Stilley said:

> Obviously I would ask for a—I mean, I want less, the lowest I can get, and I do want a stay pending appeal, but... Okay, the other thing is that the harshest thing on Oscar Stilley is to get sent directly today to the jail. If I got like 30 days to surrender, Your Honor, I would respect this court's judgments and I will surrender.

*Id.* (ellipses in original). The court went on to explain why it would impose a two-year sentence, and, after further discussion about other matters not relevant here, the court announced, "A stay pending appeal is denied," *id.* at 224. The district court's minutes for the hearing also record, "Motion to stay sentence is denied." R. vol. I at 807.

---

[1] The supplemental record is not consecutively paginated and has multiple conflicting pagination systems. We therefore cite to the district court's ECF number and, for this hearing transcript, we cite the transcript's internal pagination, *i.e.*, the page numbers in the upper right corner.

Courts should "generally construe pro se pleadings liberally." *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007).[2] Oral motions in open court may be a different story—the district court usually must handle such motions on the fly, without the opportunity for reflection on what the pro se party may be intending to say. But for argument's sake we will assume the same liberal-construction rule applies. We will further assume that the district court should have recognized Stilley's request for "a stay pending appeal," Revocation Hr'g Tr. at 218, was substantially the same as a motion for release pending appeal under § 3143(b)(1). Under these assumptions, Stilley made the appropriate motion.

In that light, the questions for us are: (i) whether Stilley poses a flight risk or danger to the community; and, if not, (ii) whether he raises a substantial question on appeal that will likely lead to his release. *See* § 3143(b)(1). Because these requirements are conjunctive, Stilley's failure to satisfy either one means he fails to overcome the presumption of detention.

Stilley has already filed his opening merits brief. Thus, we know what he means to argue on appeal because he has already argued it. We therefore choose to go directly to the second inquiry, *i.e.*, whether Stilley has raised a substantial question "likely" to lead to his release, § 3143(b)(1)(B).[3] We do not prejudge the

---

[2] Stilley is a disbarred attorney, and on that account we have previously stated that he deserves liberal construction like any other pro se litigant. *See Stilley*, 2023 WL 6801049, at *1 n.1.

[3] We offer no opinion either way on the first inquiry, *i.e.*, whether Stilley is a flight risk or a danger to the community.

5

case. A merits panel will make the final determination. But on the arguments presented, we see nothing that is likely to lead to his release.

Stilley argues his conviction and his first revocation of supervised release are both void. But in his appeal from his first revocation of supervised release, Stilley attacked his conviction, and we told him we would not entertain such an attack without adequate development of the argument that a district court in a revocation proceeding may reopen the merits of the underlying conviction. *See Stilley*, 2023 WL 6801049, at *3–4. Stilley's current argument, which attacks both his conviction and his first revocation of supervised release, appears similarly inadequate.

Stilley also argues that the district judge who presided over his revocation hearing was biased. His arguments, however, are based on the judge's rulings against him and the judge's alleged ex parte contacts with prosecutors and probation officers. Judicial rulings alone "almost never constitute a valid basis" for an attack on a judge's neutrality. *Liteky v. United States*, 510 U.S. 540, 555 (1994). As for the ex parte contacts, Stilley's arguments are vague, and he may be misconstruing routine matters in the context of supervised release proceedings. In our limited review for purposes of resolving this motion, we have seen nothing out of the ordinary.

For these reasons, Stilley has not "raise[d] a substantial question of law or fact likely to result in" his release. § 3143(b)(1)(B).[4]

---

[4] Stilley also argues he should be released pending appeal because he needs better access to resources and records that will help him prepare his appellate briefs, as compared to his situation in prison. This is not part of the § 3143(b)(1) analysis, and we do not consider it.

## IV. CONCLUSION

We deny Stilley's motion for release pending appeal (ECF No. 51). This denial moots Stilley's motion to remand this matter to the district court for further factual findings (ECF No. 32), so we deny that motion as well.[5]

                                        Entered for the Court

                                        CHRISTOPHER M. WOLPERT, Clerk

---

[5] Before moving for release pending appeal, Stilley filed a motion to remand this case to the district court for further findings about his eligibility for release pending appeal, presumably referring to findings about flight risk and community danger. The Clerk of Court referred the motion to the panel that will ultimately decide this appeal on the merits. However, further factual findings are irrelevant in light of our conclusion that Stilley has not raised a substantial issue likely to lead to his release. We therefore choose to resolve the motion now rather than leaving it for the merits panel.