# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
10TH CIRCUIT
2025 JUL 14 AM 11: 23

| UNITED STATES | PLAINTIFF/APPELLEE |
|---|---|

V.            No. 24-5133
(Appeal from OKND 4:09-cr-43)

| OSCAR STILLEY | DEFENDANT/APPELLANT |
|---|---|

## APPELLANT'S VERIFIED CONDITIONAL MOTION FOR RECUSAL

Comes now Appellant Oscar Stilley (Stilley) and for his verified conditional motion for recusal states:

1.      Stilley filed a "Verified Motion for Remand for Findings and Order Concerning Release Pending Appeal, to Supplement the Record, and for Due Process Relief," on February 3, 2025. Dkt. 32. A response was ordered.

2.      The government responded February 10, 2025. Dkt. 34

3.      A clerk's order February 10, 2025 referred the matter to the panel of judges that would be later assigned.  Dkt. 35.

4.      Stilley on March 31, 2025 filed a "Motion to Compel Acceptance of Donations Needed for Due Process, and Access to Email Service." Dkt. 42. The government has not responded to this motion.

5.    The Clerk entered an order referring the motion to the panel that would later be assigned to this case.  Dkt. 47.

6.    Stilley filed a motion for release pending appeal, Dkt. 45. The government responded in opposition. Dkt. 48. Judges Carson and Federico denied the motion on procedural grounds because Stilley incorporated pleadings from district court.  Dkt. 50.

7.    Stilley on April 29, 2025 filed a second motion for release pending appeal. Dkt. 51.

8.    The government responded May 8, 2025. Dkt. 55.

9.    Stilley replied on May 27, 2025. Dkt. 59.

10.    When the government on 6-4-2025 asked to supplement the record, the Clerk supplemented the record the same day. Dkt. 60, 61.

11.    On 4-29-2025 Stilley was told by AW (Associate Warden) Mr. Yeager that he would be allowed access to a computer with Word, and a printer, so that he could draft documents, save them on a thumb drive or otherwise, and send written pleadings to the court of appeals for filing.

12.    Despite repeated polite request, Stilley has not been granted lawful access to a computer as described above.

13. Stilley would gladly donate sufficient computers, a printer, supplies, support, software, internet service, legal research service, and other items necessary to allow Stilley and other inmates at his place of confinement to prepare competent pleadings for filing.

14. Stilley caused a copy of his provisional opening brief to be sent to the published email address for Stilley's prison camp. Nobody will even admit to having received this pleading, much less give a copy of it to Stilley.

15. The district court below did not have jurisdiction over Stilley, because none of the acts or omissions that formed the basis for revocation occurred within the Northern District of Oklahoma (OKND).

16. The record in the instant case is materially false and incomplete.

WHEREFORE, Stilley requests an order:

1) Directing the government to forthrightly respond to this motion, electing to henceforth proceed under either A) the pretrial theory that Springer earned the money, or B) the post-trial "theft theory" under which Stilley was sentenced;

2) Recusing all the members of this Court who neglect or refuse to proceed on the basis of a true, correct, and complete record;

3) If after all recusals the Court does not have at least 3 judges willing to proceed on the basis of a true, correct, and complete record, instructing to the Clerk to select a 3 judge panel of special judges, in strict conformity with applicable law; and

4) such other and further relief as may be appropriate whether or not specifically prayed.

## VERIFICATION

Petitioner by his signature below pursuant to 28 USC 1746 declares under penalty of perjury that the foregoing facts are true and correct.

Respectfully submitted this _9th_ day of July, 2025.

By:_____
OSCAR STILLEY, DOJ-FBOP #10579-062
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194

## MEMORANDUM BRIEF

### I.    NATURE OF THIS PLEADING

This is not Appellant Stilley's reply brief. Stilley reserves the right to file a reply brief within the time allowed by the rules, considering all extensions granted by the Court. Stilley furthermore reserves the right to draft and file a final opening brief, under conditions that allow him to exercise his full ability to write, without diminution by the acts and omissions of his adversaries.

This is a *conditional* motion requesting that all judges unable or unwilling to decide this case on the basis of a true, correct, and complete record recuse themselves. *Each member* of this Court has a duty to proceed on the basis of a true, correct, and complete record. If the necessary recusals leave fewer than 3 qualified judges, Stilley requests that the Clerk select special judges in strict compliance with applicable law and rules.

### II.    STILLEY IS ENTITLED TO PROCEEDINGS BASED ON TRUTH

## A. The Government Indicts Itself With Its Own Standard of Review

The government claims that the correct standard of review in this case is "abuse of discretion." This Court has said that it "will find an abuse of discretion when the district court bases its ruling on an erroneous conclusion of law or ***relies on clearly erroneous fact findings***." (Emphasis added) *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1192 (10th Cir. 2015).

## B. All Three Criminal Judgments are Based on Falsehood

Stilley has repeatedly explained how and why that not only this second revocation judgment, but all three criminal judgments entered against him, (Dkt. 338, 752, 820) are based upon the most laughably, ***intentionally*** false factual findings imaginable. They are ***also*** based on an intentionally and willfully incomplete record, engineered by unlawful cooperation between then acting district judge Stephen P. Friot and counsel for the government. Appellate counsel are doing their best to perpetuate this wrongdoing.

The pretrial theory was that Stilley's codefendant Lindsey Kent Springer earned money, which Stilley dutifully paid to Springer out of Stilley's IOLTA account, at the express directive of Stilley's clients.

The post-trial theory was that Stilley and Springer stole the money. The biggest problem with that theory is that the witnesses at trial had already testified that they had ***expressly directed*** Stilley to pay the money over to Stilley's clients. Stilley listed these charges on monthly billings, which the clients had a right to challenge, but *did not* challenge or question. The government put on testimony that Springer had ***earned*** the money. The testimony and evidence at trial utterly precluded any theft theory.

Counsel for the government – and the members of this Court – all refuse to select a theory. Why?

The first theory means that Stilley simply performed an ethical duty to pay money out of his lawyer's trust account (IOLTA account) for services received. If Springer ***earned*** the money, it was due and payable. An act cannot ***at once*** be a legal duty and a federal crime.

The "theft theory" is utterly contrary to the evidence at trial. The government pretends to believe that Stilley objects on the theory that

stolen money as a matter of law ***cannot possibly*** be includible in gross income. That's a straw argument that Stilley has repeatedly and emphatically disclaimed. Stilley's argument is that the "theft theory" is a pack of lies made up out of thin air.

After a 5 year, multi-million dollar criminal investigation the government concluded that Springer had earned the money. Not less than 6 times the government in pretrial pleadings said Springer earned the money. The government at trial presented evidence that Springer earned the money. So how then can the government now *legitimately* claim that the money was stolen? That story is diametrically opposed to the government's own testimony at trial.

### C.  The Oaths of Oklahoma Attorneys Require Reformation of Judgments Tainted by Falsehood

The oath of Oklahoma attorneys requires that if they ***know of*** any falsehoods, they bring them to the attention of a court so that they may be reformed.

Vani Singhal is an Oklahoma bar licensed attorney. She's taken the oath of office. She knows that all three of Stilley's criminal judgments hang by the slender thread of undeniable falsehoods.

8

Clinton J. Johnson is "of counsel" on this appeal. He likewise knows that the three consecutive prosecutions of Stilley are based upon **nothing but** falsehoods, on par with those used in the prosecution and incarceration of Evan Gershkovich.

Johnson has sworn the oath of an Oklahoma attorney. He runs an office with close to 100 attorneys, the vast majority of whom have taken the oath office of Oklahoma attorneys. He of all people has an absolute duty to bring the falsehoods to the attention of some court, **so they may be reformed**.

### D. Court Oaths Require Decisions Based on Truth

This Court *de facto* operates under the following assumptions:

1) We can stomp out Stilley's right of reasonable access to the courts because he exercised his constitutional right to proceed *pro se*;

2) Because we stomped out Stilley's right to one direct appeal in the original prosecution, resulting in the judgment at Docket #338, Stilley is barred from challenging that travesty in the

appeal of any subsequent criminal judgment masquerading as a "revocation of supervised release."

3) Therefore Stilley is barred from challenging his criminal judgment, 2 year prison sentence, and over $800,000 in criminal penalties imposed by Stephen P. Friot below.

Please understand the core point of this motion. Assuming the validity of all three of the points set forth above, the Court still has a duty to ***base its decision*** on an accurate and reasonably complete statement of the record facts.

## E. Any Choice Defeats All Three Criminal Judgments

Let's boil this down to the simplest choice. *Someone* in this case has a duty to pick one of these two theories, and run with it. Here are the two theories and the most basic and fundamental reasons they're incompatible with justice.

1) The pretrial theory that Springer earned money and Stilley paid it over to him, out of his lawyer's trust account, at the express directives of his clients. The chief flaw in this theory is that it criminalizes Stilley's performance of criminal, civil, and

attorney ethics duties. If that's their theory, they've proven the innocence of Stilley. Plus, the government formally abandoned that theory.

2) The post-trial theory that Springer and Stilley stole the money. The chief flaws in this theory are that it is contrary to the indictment, pretrial pleadings, trial evidence, and the true facts. Plus, it makes a complete mockery of the right to grand jury indictment.

For most of this litigation, the members of this Court have as a practical matter functioned as Stilley's adversaries. It's time for a division of labor in conformity with the US Constitution. It's time for this Court to let the parties make the legal arguments and provide the record support, while the judges do the deciding.

That's the core of what Stilley is asking this Court to do. Order the government to pick a theory and prove that the theory is well supported by 1) legal authorities and 2) by facts from the record below.

Does the government need more choices? If a choice between the pretrial theory and the theory at sentence is too constraining, give the government more choices. But compel them to pick a theory, show

record support, and demonstrate that the theory is not tainted by fraud, abandoned by the government, or otherwise such that the government is legally barred from relying upon it. In other words, show that the theory is arguably meritorious such that the government might possibly have an ethical and legal right to rely upon it.

This Court may question the claim that it has become more adversary than decider in this case. Consider the following filings in this appeal.

| Dkt. # | Filing Date | Description | Response Date | Decision Date |
|---|---|---|---|---|
| 32 | 2-3-25 | Appellant's Verified Motion for Remand for Findings and Order Concerning Release Pending Appeal, to Supplement the Record, and for Due Process Relief | 2-10-25 | 6-16-25 (swept away in a footnote) |
| 34 | 2-10-25 | Response to #32 | | 6-16-25 |
| 42 | 3-31-25 | Appellant's Motion to Compel Acceptance of Donations Needed for Due Process, and Access to Email Service | No response. | None |
| 45 | 3-31-25 | Appellant's Motion for Bail | 4-7-25 | 4-21-25 |
| 47 | 4-7-25 | Response to 45 | | 4-21-25 |
| 51 | 4-29-25 | Appellant's second motion for bail | 5-8-25 | 6-16-25 |
| 55 | 5-8-25 | Response to 51 | | |
| 57 | 5-9-25 | Appellant's provisional opening brief | | |
| 59 | 5-27-25 | Reply to response to #51 | | 6-16-25 |

| 60 | 6-4-25 | *Appellee's* motion to supplement the record on appeal | | Granted 6-4-25 |
| --- | --- | --- | --- | --- |
| 63 | 6-9-25 | Appellees' response brief | | |
| 67 | 6-16-25 | Order denying 2nd motion for bail | | |

Basically, Stilley by his motions presented two options for the government. One, let Stilley have bail pending appeal, so that he can go to his property necessary for the production of effective legal pleadings. Two, let the property come to Stilley, so that he can do the job while in prison.

The government opposed both of Stilley's motions for bail. In the first motion, Stilley attempted to incorporate the motion for bail filed at the district court. Judges Carson and Federico denied that motion on grounds that incorporation of district court pleadings – however appropriate and well-drafted – is a violation of the rules. The Court will not consider such arguments, even though the district court declined to consider it because jurisdiction had been transferred to the Court of Appeals by the notice of appeal. It makes no difference that the reason for attempting to incorporate was the fact that the government had lawlessly barred Stilley from the prison law library, and actively

worked to stomp out Stilley's ability to effectively draft competent legal pleadings.

## III. STILLEY IS ENTITLED TO PLEAD EFFECTIVELY BASED UPON FULL AND FAIR ACCESS TO THE OFFICIAL RECORD

### A. Stilley Has No Access to the Official Filed Record

Stilley has already told this Court that his opening brief is provisional. Stilley at the time of the filing of that brief had ***no access whatsoever*** to the official district court record,[1] including the transcripts.

This Court has already told Stilley that he can proceed pro se, but that he has to comply with the rules. One of the most foundational rules of this Court is that appellants must cite to the official record, and set forth persuasive authorities that entitle them to relief.

Judges Tymkovich and Eid admit that the transcripts have inconsistent pagination, and used the official numbers of the record on appeal. Cir. Dkt. 67, footnote 1. After filing his provisional opening

---

[1] Stilley mistakenly thought and claimed that his deadline for filing his opening brief was May 9, 2025. It was a mistake of the head and not of the heart – quite unlike the intentional falsehoods for which the government refuses to repent or provide any remediation whatsoever.

brief, Stilley can only ***look at*** the filings in district court. He can't copy and paste anything, and he has no legal access to any computer with which to do his work.[2]

Stilley has made it abundantly clear that he intends not only to preserve his right to reply, with effective tools for the drafting of pleadings and papers, but that he also intends to claim and protect his right to file an amended opening brief, after the government and the Court quit stomping out his ability to prepare creditable pleadings.

## B. Stilley's Jurisdictional Argument is a Fundamental Constitutional Right

In particular and without limitation, Stilley has a perfect ***jurisdictional*** defense of lack of venue. Article III, Section 2, Clause 3 of the Constitution, as well as the 6th Amendment, make it clear that the

---

[2]     The Court may note that this pleading was done on a computer. This Stilley does not deny. However, it was not done in compliance with DOJ-FBOP rules. Clandestine computer access, of which the inmate can be divested at any time, and that can be assigned as a basis for inmate disciplinary action, loss of Good Conduct Time (GCT), confinement in SHU (Special Housing Unit, or jail for the prison), etc., does not meet the constitutional mandate for due process of law. Stilley is entitled to a computer that he can use openly, as a matter of right, to save files and edit later, and to maintain possession and control of those files. Associate Warden Mr. Yeager on 4-29-2025 already stated that this is Stilley's right.

trial of all crimes shall be in the district and state in which the crime occurred.

This Court may well say that venue cannot be a jurisdictional issue because it can be waived by a guilty plea. Stilley didn't enter a guilty plea. He raised and vigorously argued venue both in his pleadings and at trial. The government had the burden of proving, to the preponderance of the evidence at least, that Stilley's pretended offenses were committed in the Northern District of Oklahoma. This they did not do. They knew that venue, a species of jurisdiction, did not even arguably lie in the OKND.

### C. The Rules Require an Assessment by an Independent Mind

Consider F.R.Crim.P. 32.1 (a)(4), which is entitled "Appearance in the District With Jurisdiction." Now consider F.R.Crim.P. 32.1 (a)(5), which reads as follows:

> (5) *Appearance in a District Lacking Jurisdiction.* If the person is arrested **or appears** in a district that ***does not have jurisdiction*** to conduct a revocation hearing, the **magistrate judge** must:
>     (A) if the alleged violation occurred in the district of arrest, conduct a preliminary hearing under Rule 32.1(b) and either:
>         (i) ***transfer*** the person to the district that ***has jurisdiction***, if the judge finds probable cause to believe that a violation occurred; or

(ii) dismiss the proceedings and so notify the court that has jurisdiction, **if the judge finds no probable cause to believe that a violation occurred;** or ....
(Emphases added)

Stilley was entitled to an initial appearance. F.R.Crim.P. 32.1 (a) provides in pertinent part:

**(a) Initial Appearance.**
...........
(2) *Upon a Summons.* When a person appears in response to a summons for violating probation or supervised release, a ***magistrate judge*** must proceed under this rule.
(3) *Advice.* The judge must **inform the person** of the following:
(A) the alleged violation of probation or supervised release;
(B) the person's **right to retain counsel** or to **request that counsel be appointed** if the person cannot obtain counsel.
(Emphases added)

Judge Friot refused to obey the Federal Rules of Criminal Procedure, despite Stilley's polite request, because he already knew that the OKND didn't have a magistrate corrupt enough to 1) bind him over for trial for allegedly violating a plainly void criminal judgment, obtained by the most outrageous frauds, 2) find that the OKND had that peculiar species of jurisdiction known as "constitutional venue," or 3) completely cheat Stilley out of his 6th Amendment right to the assistance of counsel.

In other words, *due process* meant that Stilley would walk out of the door a free man, and Judge Friot knew it. The worst case scenario would have been a trip to the Western District of Arkansas, where Stilley would have a chance to be heard in accordance with law and rule, first by a magistrate, and second by a district judge lacking the hatred and spitefulness of Stephen P. Friot. That would virtually guarantee the complete exoneration of Stilley, which is why Friot wouldn't allow it.

The only way to lock up Stilley was for Judge Friot to stay on the case and make a complete mockery of 1) the US Constitution, and 2) the rules, case law, and other applicable authorities.

Judges Tymkovich and Eid claimed that they could see nothing that might allow Stilley to prevail on this appeal. Before proceeding further, recall that this Court refused to timely consider Stilley's motion for remand for bail, to supplement the record, and for due process reasons, saying they would consider the motion after the 3 judge panel was selected. Then, after the 3 judge panel was selected, Tymkovich and Eid entered the judgment.

Court staff won't say whether these judges are on Stilley's panel, or when the panel was selected. Why? More to the point, why the long wait, if it's not important that the motion be decided by a member of the panel?

Fundamentally, the government, Tymkovich, and Eid all hang their hats on the theory that Stilley is procedurally barred. Although the original judgment against Stilley was a manifest fraud occasioned solely by outrageous lies, the government will defeat Stilley through one or more procedural bars.

## D. Stilley is Entitled to Attack Venue First

"[T]he federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *United States v. Hays*, 515 US 737, 742 (1995). [W]hether or not raised by the parties, we are obligated to satisfy ourselves as to our own jurisdiction at every stage of the proceedings." *Alexander v. Anheuser-Busch, Cos., Inc.*, 990 F.2d 536, 538 (10th Cir. 1993). The issue can be raised *sua sponte*.

But why would this Court raise the issue *sua sponte* when Stilley seeks to 1) complete the record, and get the lawful benefit of due process at district court, and 2) to raise and argue the matter in his *final* opening brief?

All the members of this Court, upon ascending the 10th Circuit bench, swore to uphold the constitution of the United States. The constitution guarantees due process. Stilley's due process is being stomped out because this Court refuses to either 1) let Stilley go to the wherewithal to prepare a competent brief and pleadings, or 2) to ensure that Stilley can cause his property and rights to property to be brought to him.

Now is it becoming a bit clearer why Stilley is seeking the recusal of those judges (whoever they may be) who are unwilling to ensure that **their own orders, judgments, and opinions** are based on truth?

## IV. THE GOVERNMENT'S CASES ARE OVERRULED TO THE EXTENT THAT THEY INSULATE CRIMINAL JUDGMENTS OBTAINED BY FALSEHOODS

On February 25, 2025, the US Supreme Court in *Glossip v. Oklahoma*, 145 S. Ct. 612, 221 L. Ed. 2d 90, (2025) made it clear that a

criminal judgment obtained by falsehood can be successfully attacked **at
any time**. All 9 justices agreed with that legal principle. Three

dissenters objected to the US Supreme Court directing a new trial,

rather than sending the matter back to the Oklahoma Court of

Criminal Appeals for further proceedings.

The Court relied principally on *Napue v. Illinois*, 360 US 264, 269-

70 (1959). The core of that decision is summarized by the following

quotations:

> [1] First, it is established that a conviction obtained through
> the use of false evidence, known to be such by representatives of
> the State, must fall under the Fourteenth Amendment, *Mooney v.
> Holohan*, 294 US 103 [string citations omitted.] ...... The same
> result obtains when the State, although not soliciting false
> evidence, ***allows it to go uncorrected when it appears***. .........
> ....
>
> [3] "It is of no consequence that the falsehood bore upon the
> witness' credibility rather than directly upon the defendant's guilt.
> A like is a lie, no matter what its subject, and if it is in any way
> relevant to the case, **the district attorney has the responsibility
> and duty to correct what he knows to be false <u>and elicit the truth</u>**.
> ... That the district attorney's silence was not the result of guile or
> a desire to prejudice matters little, for its impact was the same,
> preventing, as it did, a trial that could in any real sense be
> deemed fair."
> (Emphases added)

The *Glossip* Court noted the standard, and the burden which falls upon the state, at the beginning of part A of its decision. The key parts are reproduced below:

> To establish a *Napue* violation, a defendant must show that the prosecution knowingly solicited false testimony or **allowed it "to go uncorrected when it appeared."** … In effect, this materiality standard requires ""the beneficiary of [the] constitutional error to **prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained."** [citations omitted] (Emphases added) (221 L. Ed. 2d 106)

The *Glossip* majority was well aware that this was Glossip's **fifth** attempt at post-conviction relief. That didn't matter. What mattered was the fact that the judgment was obtained by the use of uncorrected falsehoods.

This Tenth Circuit Court has created for itself an almost undefeatable power to incarcerate persons an unlimited number of times, on a theory of supervised release, despite the fact that the original judgment was obtained by willful, egregious, uncorrected fraud. Even though the government by its failure to timely respond to dispositive motions defaulted and waived everything, Judges Tymkovich and Eid declare that cannot see a plausible path to victory

for Stilley, because winning would amount to an attack on the integrity of the underlying criminal judgment.

This proves once again the old adage, "there is no one so blind as he who does not want to see."

Assuming arguendo the fact that the lies and fraud used to procure Stilley's judgment isn't enough to win an appeal, why isn't Stilley entitled to the true facts of the case? Isn't that a *present* use of falsehoods, to get yet another conviction? If the government's use of frauds won't have an impact on the outcome of this appeal, why not just state the frauds, perjury, and falsehoods, and say that none of it matters.

## V.   THE GOVERNMENT'S OWN CASES PROVE STILLEY'S POINT

The government cited three cases in its response brief, in support of the theory that an original criminal judgment cannot be attacked on revocation. The first two cases are both 10th Circuit cases. Only the third case is necessary for an understanding of why 1) the government is wrong, and 2) the judges who decide *this motion* have a duty to

overrule both 10ᵗʰ Circuit cases to the extent that they conflict with the cases that Stilley will cite herein.

The third case is *United States v. Warren*, 335 F.3d 76, 78-79 (2d Cir. 2003). The government cites this case for the proposition that [T]he validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding." (collecting cases).

When the government says (collecting cases) they might at least wish *to read the paragraph collecting the cases*!

*Custis v. United States*, 511 US 485, 496-97 is cited at the bottom of 335 F.3d 78, for a proposition which Stilley will repeat verbatim here:

> (holding that *with sole exception of a conviction obtained in violation of the right to counsel*, a defendant has no right to collaterally attack a prior state-court conviction in a federal sentencing proceeding.)
> (Emphasis added)

It's really bad when you cite a case that absolutely, unequivocally annihilates your position. It gets worse. *Much worse*. If you read *Custis*, you'll find *Johnson v. Zerbst*, 304 US 458 (1938), cited for the proposition that "...failure to appoint counsel for an indigent defendant

in a *federal proceeding* not only violated the Sixth Amendment, but was subject to collateral attack in federal habeas corpus." (Emphasis added)

The *Curtis* court at 511 US 494 quoted *Moore v. Dempsey*, 261 US 86 (1923) as follows:

> "If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a ***jurisdictional bar*** to a valid conviction and sentence depriving him of his life or his liberty. ... the **judgment of conviction pronounced by a court without jurisdiction is void**, and one imprisoned thereunder may obtain release by habeas corpus."
> (Emphases added)

Counsel for Custis made a valiant effort to persuade the Court that *ineffective* assistance of counsel should fall in the same category. The *Custis* Court declined the invitation, saying at page 496:

> None of these alleged constitutional violations rises to the level of a ***jurisdictional defect*** resulting from the failure to appoint counsel *at all*.
> (Emphases added)

Stilley has already shown that once a prima facie case of denial of 6th Amendment assistance of counsel has been made, the burden is on the government to 1) show that the defendant actually had the assistance of counsel, or 2) validly waived 6th Amendment assistance of counsel.

25

The government's claims about "no right to standby counsel," etc., are red herrings. Stilley would have validly waived his right to appointed counsel if Stephen P. Friot had not **stomped out everything else**, including but not limited to standby counsel. Friot was running a "hurry-up" game to force Stilley into stumbling. That's why he didn't want Stilley in front of a magistrate, who by rule would have had to inform Stilley of his legal right to counsel. Remember, Stilley has already shown that due process and honesty would have made him a free man.

The government in its brief attempted to show that Judge Friot didn't lie through his teeth by implying (although not directly stating) that Friot's **personnel** delivered the order that the government need not respond to Stilley's motions.

Both the majority[3] and the dissent[4] in *Glossip* say that certain papers can't be considered because they weren't part of the official record. Neither the majority nor the dissent cited any case law for the proposition that the court is limited to the record before it. That's a

---

[3]   221 L. Ed. 2d 111
[4]   221 L. Ed. 2d 141

proposition so axiomatic that it requires no citation to authority, yet the government's brief makes a mockery of that requirement, and judges Tymkovich and Eid pretend they can rely on such speculations.

This Court is confined to the record on appeal and powerless to build a new record. *Anthony v. United States*, 667 F.2d 870, 875 (10th Cir. 1981) *United States v. Cumins*, 833 Fed. Appx 765, 766-67 (10th Cir.2021) Revocation of supervised release is part of the penalty for the initial offense. *U.S. Cordova*, 461 F.3d 1184, 1186 & footnote 2. Thus logically the record on supervised release cannot be less than the entire record in that criminal case.

Stilley has demonstrated that Friot is an unmitigated liar. The government feigns a belief that Friot didn't blatantly lie to Stilley in open court. This Court at the present time has nothing *lawful* upon which to hang its hat, for the proposition that Friot was a disinterested and impartial judge. Unsupported statements in appellate briefs are ***not*** part of the official record.[5]

---

[5]    *Cumins* says the record on appeal is limited to the docket sheet, the documents filed in district court, and transcriptions of the proceedings in district court, citing to Fed. R. App. P. 10(a).

27

This motion should be construed as a favor to the Court. Continuing on the path of falsehoods forces this Court to use its power to deprive Stilley of a fair tribunal at OKND on 2255 motion, at the Crawford County Circuit Court in Arkansas on felony charges there, at the US District Court for the Western District of Arkansas, etc. That's too much to hope to win, on the basis of lies and hypocrisy.

## CONCLUSION

The time has come for this Court to facilitate those acts necessary for this Court to proceed with this appeal on a true, correct, and complete record, in accordance with applicable rules. All members of this Court unwilling to ensure such a record should recuse themselves.

By: _____     7-9-2025

OSCAR STILLEY, DOJ-FBOP #10579-062
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194

## PRISON MAILBOX RULE CERTIFICATE OF SERVICE

By my signature above I declare under penalty of perjury pursuant to 28 USC 1746 that I placed a copy of this pleading in the prison outgoing mail, with sufficient postage attached, on the date stated above, addressed to the Clerk of this Court for filing and service on all parties

entitled to service via CM/ECF. The prison at which Stilley is confined does not have a legal mail system. Stilley claims the benefit of the prison mailbox rule.

## CERTIFICATE OF WORD COUNT

By my signature above I certify that this pleading complies with 10th Circuit Rule 27.3(b)(3) because according to Microsoft 2016 it contains 5,158 countable words in 14 point Century, which is less than 5,200 words.



Scanned by
US Marshal

United States

Denver, CO P&DC 802-ZIP
SUN 13 JUL 2025 AM

⇔10579-062⇔
Elisabeth Shumaker
CA10 Court Clerk
1823 Stout ST
Denver, CO 80257
United States