RECEIVED
U.S. COURT OF APPEALS
10TH CIRCUIT
2025 JUL 25 AM 10: 19

UNITED STATES                    PLAINTIFF/APPELLEE

V.                  No. 24-5133
                    (Appeal from OKND 4:09-cr-43)

OSCAR STILLEY                    DEFENDANT/APPELLANT


**APPELLANT'S VERIFIED MOTION FOR STAY OF BRIEFING
PENDING DECISIONS ON MOTIONS NOT YET DECIDED,
ALTERNATIVELY FOR 30 DAY BRIEF EXTENSION**

Comes now Appellant Oscar Stilley (Stilley) and for his verified motion for stay, etc., states:

1.    Stilley's reply brief is currently due 7-28-2025. Stilley previously received a 15 day Clerk's extension, and an additional 14 day extension from the Court.

2.    Stilley prepared his Verified Conditional Motion for Recusal (Dkt. #73) with the utmost diligence. Stilley has artificially and extremely limited resources for brief writing, which explains the time required for doing this work.

3.    The Clerk in Docket #74 said that Docket #73 would be decided after selection of the panel in this case. Stilley has been told that the

panel has already been selected, which would imply that Docket #73 should result in an order for response by the government, with a prompt ruling to follow.

4.    Stilley has a pending motion, not ruled upon, which would allow him to possess and use his full resources for the purpose of preparing and filing competent pleadings in this case. Dkt. #42.

5.    Judges Tymkovich and Eid in Dkt. #67 purported to moot and dismiss Stilley's Verified Motion for Remand for Findings and Order Concerning Release Pending Appeal, to Supplement the Record, and for Due Process Relief. Dkt. #32. However, Docket #67 did not acknowledge or address the request to supplement the record, or for due process relief.

6.    Stilley has not waived the right to file a quality final opening brief, prepared with the full set of resources that a competent lawyer would use, so as to brief the Court properly on the points on appeal in the provisional opening brief, and also on the issue of venue below, same being a jurisdictional issue. Stilley may if he has words left over address other issues.

7.    It is illogical as well as unconstitutional to require Stilley to file a reply brief without being allowed to file a quality final opening brief on the basis of full information and full access to the official record on appeal, and the proper resources for the preparation of legal pleadings.

8.    Therefore Stilley most respectfully requests a stay of briefing until the remaining motions or parts thereof are fully briefed and decided. This request should be construed to include those parts of Docket #32 not expressly acknowledged in Docket #67.

WHEREFORE, Stilley requests a stay of briefing pending well-reasoned decisions on motions, or parts thereof, not yet decided; alternatively for a 30 day extension of time to file a reply brief; and such other and further relief as may be appropriate whether or not specifically requested.

## VERIFICATION

Petitioner by his signature below pursuant to 28 USC 1746 declares under penalty of perjury that the foregoing facts are true and correct.

Respectfully submitted this ___ day of July, 2025.

By: _____

OSCAR STILLEY, DOJ-FBOP #10579-062
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194

## MEMORANDUM BRIEF

I.   **CRITICAL MOTIONS REMAIN UNDECIDED.**

   A.   All or part of three motions remain undecided.

Stilley filed a motion that requested remand for amongst other things the completion of the record, and for due process relief. Dkt. 32. He also filed a motion for permission to donate the goods necessary to permit him to prepare and file competent pleadings. Dkt. 42. He recently filed a Verified Conditional Motion for Recusal.

To the extent not forbidden by law or rule or contrary to Stilley's interests, he incorporates his Verified Conditional Motion for Recusal herein as if set forth word for word. That pleading makes it plain that due process entitles him to rulings on those motions that have not been passed upon by the Court, prior to being required to file the reply brief in this case. The fundamental essence of due process is the right to be heard in a *meaningful* time and a *meaningful* manner.

Judges Tymkovich and Eid swept away Stilley's Verified Motion for Remand for Findings and Order Concerning Release Pending Appeal, to Supplement the Record, and for Due Process Relief, in

footnote 5 of Docket 67. Tymkovich and Eid acknowledged that the

Clerk had referred the matter to the merits panel. They claimed that

further factual findings would be irrelevant in light of their conclusion

that Stilley has not raised a substantial issue likely to lead to his

release.[1] Their action was the diametrical opposite of due process.

### B. The undecided motions will have a major impact on Stilley's appeal briefs.

Stilley filed a provisional opening brief. At the time he had exactly

zero access to the official record. He made it abundantly clear that he

intended to file a final opening brief after receiving full access to the

official record, and the wherewithal to prepare and file a competent

opening brief.

Tymkovich and Eid in their order explained why they didn't think

an attack on the prior revocation judgment could succeed, as follows:

> … Stilley argues that his conviction and his first revocation of
> supervised release are both void. But in his appeal from his first
> revocation of supervised release, Stilley attacked his conviction,
> and we told him we would not entertain such an attack without

---

[1]     When the government filed a motion to supplement the record, it was
granted the same day. Dkt. 60 & 61. Stilley doesn't begrudge the
government's addition of admittedly necessary material. He only requests
that he get equal consideration on his own request for equally necessary
material.

***adequate development of the argument*** that a district court in a revocation proceeding may reopen the merits of the underlying conviction. See *Stilley*, 2023 WL 6801049, at *3 4.
(Emphasis added)

Stilley in his Conditional Motion for Recusal showed beyond a

***shadow*** of a doubt that his challenge to the first revocation conviction

(DC Dkt. 752) is ***expressly*** authorized by US Supreme Court case law.

The government cited *United States v. Warren*, 335 F.3d 76, 78-79

(2d Cir. 2003) for the proposition that "[T]he validity of an underlying

conviction or sentence may not be collaterally attacked in a supervised

release revocation proceeding and may be challenged only on direct

appeal or through a habeas corpus proceeding." (collecting cases). With

respect to Stilley's point on appeal, the government has stated precisely

the opposite of what that case actually stands for.

*Custis v. United States*, 511 US 485, 496-97 is cited at the bottom

of 335 F.3d 78, for a proposition which Stilley will repeat verbatim here:

(holding that ***with sole exception of a conviction obtained in violation of the right to counsel***, a defendant has no right to collaterally attack a prior state-court conviction in a federal sentencing proceeding.)
(Emphasis added)

The government in addition to *Warren* cited two 10th Circuit cases

at page 15 of their response brief, namely *Rodgers v. United States*, 413

7

F2d 251, 253 (10th Cir. 1969) and *United States v. Cordova*, 461 F. 3d
1186, 1186 n. 2, 10th Cir. 2006).

To the extent that *Rodgers* ever was authority as the government
claims, it was overruled by *Custis*. *Cordova* being a 10th Circuit decision
cannot overrule a Supreme Court case. The government is plainly
wrong to claim otherwise.

This Court has a duty to issue one or more *published* opinions in
this case, stating that a federal criminal judgment taken in violation of
the 6th Amendment right to counsel may be challenged in a revocation
proceeding or appeal thereof. The 10th Circuit is duty bound to make its
precedents conform to US Supreme Court decisions.

On February 25, 2025, the US Supreme Court in *Glossip v.
Oklahoma*, 145 S. Ct. 612, 221 L. Ed. 2d 90, (2025) made it clear that a
criminal judgment obtained by falsehood can be successfully attacked ***at
any time***. All 9 justices agreed with that legal principle.

*Glossip* overrules all 3 published cases cited by the government on
page 15 of their response brief, to the extent that the underlying
judgment was procured by false testimony or evidence. For that
independent reason all three cases cited by the government have been

overruled to the extent that they contradict *Napue v. Illinois*, 360 US 264 (1959). A state or federal prosecutor is duty bound to "correct what he knows to be false and elicit the truth." *Id.* At 270.

## II. THE RULES OF ETHICS REQUIRE WELL REASONED DECISIONS ON THE MERITS.

### A. Timely decisions are required.

Stilley has repeatedly cited US Supreme Court case law for the principle that "the fundamental essence of due process is the right to be heard in a meaningful time and a meaningful manner." Running the clock, then denying motions on grounds of mootness, is the diametrical opposite of hearing a litigant in a reasonable time and a reasonable manner.

### B. Arguments as well as court decisions must be adequately supported by law and record facts.

Stilley has repeatedly cited the oath of Oklahoma attorneys at law, the rules of professional conduct for Oklahoma attorneys at law, etc., for the proposition that relying on falsehood is not permissible. Neither of these resources are available on the DOJ-FBOP computers

that Stilley is allowed to access. The reason is clear. Government counsel routinely and *intentionally* violate these rules. They don't want their victims to be able to effectively cite to such authorities.

Federal Rule of Civil Procedure 11 forbids civil litigants from pursuing claims or defenses not reasonably supported by law and fact. Specifically, Rule 11(b) provides as follows:

> (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, submitting, or ***later advocating it*** – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances**:
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> > (2) the claims, defenses, and other **legal contentions are warranted by existing law** or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> > (3) **the factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> > (4) the **denials of factual contentions are warranted on the evidence** or, if specifically so identified, are reasonably based on belief or a lack of information.
> > (Emphases added)

Admittedly the civil rules don't directly apply in federal criminal appeals. However, FRAP 46(c) authorizes federal appellate courts to

discipline an attorney practicing before the court for "conduct unbecoming a member of the bar." FRCivP 11 helps federal judges define what constitutes "conduct unbecoming a member of the bar." See e.g. *In Re Kelly*, 808 F.2d 549 (7th Cir. 1986)

The government's misstatements of law and fact have been courteously brought to the attention of government counsel, no later than 7-14-2025. Counsel for the government have a duty to retract or correct pleadings with plain and undeniable errors of fact or law. Stilley has repeatedly requested compliance with law, ethics, oaths of office, etc. To the extent that this motion has become necessary, it is because of the stubbornness of the government, in refusing to make their pleadings conform to the law, the record on appeal, and the undeniable truth.

### C.   Stilley has an unassailable right to attack his original judgment and his first revocation judgment.

Judges Tymkovich and Eid in Docket #67 had this to say about Stilley's attacks on the original criminal judgment and on the revocation judgment of 2022:

11

But in his appeal from his first revocation of supervised release, Stilley attacked his conviction, and we told him we would not entertain such an attack ***without <u>adequate development</u> of the argument that a district court in a revocation proceeding may reopen the merits of the underlying conviction***. See Stilley, 2023 WL 6801049, at *3 4.
(Emphases added)

Stilley in the present case has developed an *irrefutable* argument proving the right to reopen the merits of the underlying conviction 1) if the judgment was obtained in violation of the right to counsel, ***or*** 2) if the judgment was obtained through false testimony or evidence.

The government has a *continuing* duty to correct their written allegations to the contrary. They have a duty to correct the pleading that denied Stilley release pending appeal. They have a duty to correct their response brief, for all the same reasons.

## III.   THE CLAIMS OF EX PARTE CONTACTS CAN BE CLARIFIED.

Judges Tymkovich and Eid had this to say about Stilley's claims of *ex parte* contacts between the judge and counsel for the government:

As for the *ex parte* contacts, Stilley's arguments are vague, and he may be misconstruing routine matters in the context of supervised release proceedings.

12

Since you asked for it, let me explain this more clearly. Supervised release is an assault upon the core of the constitution if ever such thing existed. In many districts, US Probation Officers can basically just waltz into the district court's office, discuss matters with the judge, altogether without notice to the defendant or opportunity to be heard. The two can decide whether or not to revoke supervised release, based on those discussions. Everything else is just lipstick on the pig. The revocation "hearing" is a farce, and the rules concerning the conduct of revocation proceedings **_are made to be broken_**.

We can plainly see the contempt for the rules in this case. Stilley was entitled to an initial appearance before a magistrate, at which he would be informed of his right to counsel, and other issues concerning counsel would be taken up. The government faults Stilley for not providing financial information, when the true fault lies with Judge Friot's open contempt for the applicable rules.

Stilley is excoriated for believing that Friot would keep his promise to vacate the petition for revocation, if Friot was persuaded that it was filed in a district lacking jurisdiction. The government claims that Stilley had months to ask for counsel or search for his own.

Where was Stilley to look for the assistance of counsel? Tulsa and Oklahoma City are different markets.

None of this is a secret. I'd cite the Virginia Law Review Article, "Expedient Imprisonment…" except for the fact that the government and this court have worked together to stomp Stilley's materials out of his hands. Judges get comfortable with using their US Probation officers to decide who goes back to prison and who doesn't. Too comfortable.

Stilley will concede that district judges routinely cheat supervisees out of constitutional rights, on revocations of supervised release. If that's what Tymkovich and Eid mean by "routine matters," it is conceded. In this case it has been shown that courts make a complete mockery even of the vestiges of legal rights under the constitution, for federal criminal supervisees.

In the case below, Judge Friot told prosecutor Charles Anthony O'Reilly that he didn't need to respond to any of Stilley's legal pleadings. Matter of fact it would be best if he didn't. *O'Reilly, you're going to win everything anyway!* Please, Mr. O'Reilly, just keep your

mouth shut and let me help you out. You're gonna win if you don't say something that makes it impossible for me to rule in your favor.

What's vague about that?

Stilley has already complained, quite bitterly, about the fact that Judge Friot was accuser, expert witness, and decider in the same case. The government has not one word to rebut Stilley's allegation that Friot gave expert testimony from the bench. That fact is undeniable from the record.

The government claims that "[A]fter court staff informed the government that a response to the motions was not necessary, the government opted not to respond." Gov. Response Brf., Dkt. 63, pg. 18.

So which is it? Did "court staff" usurp the role of district judge, without the knowledge of Friot, and give permission for O'Reilly to default on Stilley's meritorious motions, without adverse consequence? Was Stilley denied an Article III judge altogether, on these secret orders? Or did Friot use "court staff" as runners, to convey his own secret court order to O'Reilly?

Is the whole claim a complete fabrication? Stilley has already cited case law for the proposition that the circuit court cannot manufacture a

new record, or add to the record except through specifically authorized means.

If the *ex parte* contact and orders complained of is lawful, why did Judge Friot lie about it? If such conduct is really "routine matters" in the context of supervised release violations, why not confess the facts and say "big deal – you lose, Stilley?" Then again, that would raise a larger question – why the silent treatment about the **other** *ex parte* contacts and orders alleged?

It is no defense to an illegal act that the act was done indirectly or through an intermediary. *In Re West*, 338 B.R. 906, 916-917 (Bankr. OKND 2006) In fact, the use of subterfuge or intermediaries is an aggravating factor, not a mitigating factor. *Id.*

Judge Friot had been having *ex parte* contact with the government on numerous occasions in the case below, and had issued a number of orders on that basis. Stilley has already listed the most obvious and egregious examples, in other pleadings. It's not necessary to restate them here.

Tymkovich and Eid said nothing about Stilley's efforts to get remand in order to complete the record. In fact, it is impossible to

divine, from the face of their order, the fact that Stilley formally requested such relief. The orders and rulings by Friot or his court staff are Stilley's business and the public's business. That's true as to lawful orders. That's even more true as to orders – and all of them – entered *ex parte*, in defiance of the constitution and applicable rules.

Why claim vagueness and then refuse a remand in order to gain clarity – and a true and correct record? Why feign inability to see the *title* of Stilley's pleading, as well as the relief sought?[2] This cannot be an accident or oversight. It is plain to see that this Court is hostile to a true, correct, and compete record, just as Friot was at the district court.

## IV. THIS COURT USES THE RIGHT TO COUNSEL TO STOMP OUT THE RIGHT TO COUNSEL, DUE PROCESS, AND PEACEFUL PETITION.

Stilley is denied the ability to get the effective assistance of counsel on this appeal. It's not personal – it's the way this court runs the show. It's the Court's *modus operandi*.

---

[2] Because this pleading was filed from another institution, his only copy of it is on a thumb drive to which he has only occasional access, for viewing only.

The 10th Circuit loves to appoint counsel. Soft bribes are paid to the lawyers who sell their clients down the river. Court personnel pay just about whatever such lawyers ask, with little concern about billing accuracy or quality of representation. They retaliate against lawyers who do a good job for their clients. Their bills are arbitrarily reduced. They are disfavored when they bring other business before the court.

The point of the exercise is to get a body of lawyers willing to help the government get and keep their convictions, regardless of the law or the facts or the interests of justice.

That's why this Court is so hostile to incarcerated criminal appellants who won't take a Trojan horse lawyer from the court. That's why this Court encourages the US Department of Justice – which holds the custody of their adversaries – to deprive defendants of ***access*** to the wherewithal to do competent legal work and write competent legal pleadings.

It is increasingly obvious that a huge percentage of criminal defendants exonerated after years or decades ***originally pled guilty***. Why? Because they weren't given any other practical choice. The

government, and their own lawyers, simply waited them out, until they gave up and entered a false plea of guilty.

Stilley's Motion to Compel Acceptance of Donations needed for Due Process, and Access to Email Service, was filed on the last day of March 2025. More than three months later, the Court has not ruled on this motion.

The reasons are highly unflattering to this Court as well as to the government. The Court has for many years pretended that litigants asking for the wherewithal for due process and peaceful petition were just mendicants, asking for a handout.

Stilley isn't asking for a handout. He's offering donations. The government defeated Stilley's motion to this Court for release pending appeal. Tymkovich and Eid swept Stilley's motion for a remand to district court into the Court's dustbin. Stilley proved beyond peradventure that he was in fact entitled to "two bites at the apple," with respect to release pending appeal. He only got one, and that one was based on falsehoods by the government, which the government stubbornly refuses to acknowledge and correct.

Denying the donation motion indicts the Court, since it already denied release pending appeal. Denying the donation motion basically tells the world that it intends to use the power of incarceration to deprive Stilley, and persons similarly situated, of due process and peaceful petition.

Granting the motion virtually wipes out the power to cheat a criminal defendant out of reasonable access to the courts, due process, and peaceful petition. If the only thing standing in the way to true justice is *property and rights to property*, it's game over for the liars and thieves[3] at the US Department of Justice. All those things can be had for money. The cost of arming inmates with the tools necessary for well drafted pleadings is modest indeed, compared to the stakes. Some inmates are facing the loss of **_their entire life_**, on the basis of falsehoods no better than those used against Stilley.

---

[3] Anyone who thinks the appellation "thieves" is mere hyperbole needs to read Docket #815. Stilley in his letter to OKND US Attorney 5-16-2024 offered to get private parties to pay back at least part of the money stolen by US attorneys and other powerful people. He won't even talk about it – apparently because one of the conditions is that his office discontinue their clever theft racket.

How can this Court cease and desist from obstructing the 6th Amendment right of *assistance* of counsel? Guarantee that inmates can write pleadings, send them to the attorney of their choice for commentary and counsel, and then efficiently edit on the basis of that counsel.

Can it really be that easy? Keep in mind that most criminal appellants won't get oral argument. In that case *everything* is done in writing. Good counsel helps litigant sharpen good arguments and discard everything else. Furthermore, by using professional time in the most efficient way, the costs fall within the reach of many incarcerated defendants/appellants. The time for appeal work is much reduced, since editable files can be transmitted almost instantaneously.

Granting a motion for continuance implies that Stilley should get more time for his brief. Granting a *stay pending decisions* on the remaining motions or parts thereof implies that Stilley is **entitled** to fair and just rulings on those motions. Put another way, a stay implies that Stilley is entitled to *due process*.

## V. THIS RELIEF SOUGHT IS IN THE BEST INTERESTS OF THIS COURT, THE GOVERNMENT, AND THE TAXPAYING PUBLIC.

This is a favor to this Court. As much as this Court may wish to retain its power to crush the litigating capacity of inmates, such is not in the best interests of this Court or the members thereof. Continuing this course of conduct will be the ruin of the Court, not its benefit. The truth will come out – eventually. It's just a matter of time.

The first paragraph of the opinion of the Honorable Terrence L. Michael, in *In Re West,* was this:

> He who rejects change is the architect of decay. The only human institution which rejects progress is the cemetery.

Nor is Stilley the enemy of this tribunal because he has in this pleading engaged in plain speech. The Holy Writ counsels "better the wounds of a friend than the kisses of an enemy."

The rates of recidivism in the federal system vary drastically. According to official numbers, official recidivism rates range from about 4.5% in Connecticut, to well over 40% in places like Texas.

What's the common denominator? Places such as Connecticut are where an inmate is most likely to have effective access to computers for their legal work. *So you think you're innocent or getting a bad deal on punishment?* Write your paperwork and file it!

Texas prides itself on harshness. Texas does its best to crush due process. The result of that harshness and cruelty is abject, miserable failure at the most important part of any correctional system.

The jurisdictions with the most wretched correctional results are those so paranoid that some innocent person might walk free, that they snuff out any hope of effective educational opportunity. At my prison camp, we're forced to prepare resumes. We have four template resumes to use. Two list competency with the Microsoft Suite, the other two list even more sophisticated computer capabilities. Yet Stilley has literally been led to SHU (Special Housing Unit, or jail for the prison) for trying to get access to an exceedingly basic electronic writing device, such as a Forte or NeoSmart.

Very rarely will a litigant show this Court a way to save not less than hundreds of millions of dollars of federal taxpayer dollars, every year. Better yet, in this case, this Court gets the win by following the letter and spirit of the constitution.

Stilley will be better off by honest rulings on his motions *first*, followed by a chance to fully brief this appeal, on a proper schedule. This Court will not be worse off. The taxpayers will be better off. The

only people worse off will be those who love to win by dishonesty, deceit, and oppression.

## CONCLUSION

This Court should stay proceedings pending a decision on outstanding motions. Thereupon a new scheduling order should be issued, allowing Stilley a reasonable time to file his final opening brief, or in worst case scenario to file his reply brief.

By: _(signature)_

7-18-2025
Date

OSCAR STILLEY, DOJ-FBOP #10579-062
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194

## PRISON MAILBOX RULE CERTIFICATE OF SERVICE

By my signature above I declare under penalty of perjury pursuant to 28 USC 1746 that I placed a copy of this pleading in the prison outgoing mail, with sufficient postage attached, on the date stated above, addressed to the Clerk of this Court for filing and service on all parties entitled to service via CM/ECF. The prison at which Stilley is confined does not have a legal mail system. Stilley claims the benefit of the prison mailbox rule.

## CERTIFICATE OF WORD COUNT

By my signature above I certify that this pleading complies with 10th Circuit Rule 27.3(b)(3) because it contains 4,341 countable words in 14 point Century, which is less than 5,200 words.

10579-062
Oscar Stilley
FCC Yazoo City Camp
Federal Correctional Complex
PO Box 5000
Yazoo CITY, MS 39194
United States



Denver, CO P&DC 802 ZIP
THU 24 JUL 2025 AM

Legal Mail



Scanned by
US Marshal

10579-062
Elisabeth Shumaker
CA10 Court Clerk
1823 Stout ST
Denver, CO 80257
United States

Legal Mail

FEDERAL CORRECTIONAL COMPLEX
P.O. BOX 5666
YAZOO CITY, MS 39194

THE ENCLOSED LETTER WAS PROCESSED
ON _____ THROUGH SPECIAL
MAILING PROCEDURES.

The letter has neither been opened or inspected if
the writer raises a question or problem over which
this facility has jurisdiction, you may wish to
return the material for further information or
clarification. If the writer encloses
correspondence for forwarding to another
addressee, please return the enclosure to the above
address.