# No. 24-5133

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

UNITED STATES             PLAINTIFF/APPELLEE

V.          No. 24-5133
            (Appeal from OKND 4:09-cr-43)

OSCAR STILLEY             DEFENDANT/APPELLANT

RECEIVED
U.S. COURT OF APPEALS
10TH CIRCUIT
2025 AUG -4  AM 9:53

## ON APPEAL FROM THE JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA, JUDGE STEPHEN P. FRIOT PRESIDING

## PROVISIONAL REPLY BRIEF OF APPELLANT OSCAR STILLEY

By: OSCAR STILLEY, DOJ-FBOP #10579-062
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194

**Oral Argument Not Requested**

2

# TABLE OF CONTENTS

Contents

A.   Preliminary matters.............................................................7

I.  JUDGMENT AND COMMITMENT ORDER #338 IS VOID AND MUST BE VACATED.........................................................9

A.   The Government Indicts Itself With Its Own Standard of Review .9

B.   All Three Criminal Judgments are Based on Falsehood ..............11

C.   The Oaths of Oklahoma Attorneys Require Reformation of Judgments Tainted by Falsehood ........................................13

D.   Court Oaths Require Decisions Based on Truth ...........................14

E.   Any Choice Defeats All Three Criminal Judgments .....................16

F.   The government's cases are overruled to the extent that they insulate criminal judgments obtained by falsehoods.............................18

II.  JUDGMENT AND COMMITMENT ORDER #752 IS VOID AND MUST BE VACATED.........................................................21

A.   The government's own cited authority proves Stilley's point. .......21

B.   The rules prove Stilley's point. ........................................25

III.  APPELLANT WAS DENIED AN UNBIASED AND IMPARTIAL TRIBUNAL, AN INDISPENSABLE ELEMENT OF DUE PROCESS..34

A.   The government cannot manufacture a new record by comments in briefs.............................................................34

B.   Without the government's comments in briefs, District Judge Friot remains a proven liar. ..................................................35

C.   Absent corrective action, the government's embarrassment can only get worse. ...........................................................36

CONCLUSION ............................................................39

# TABLE OF AUTHORITIES

**Cases**

*Anthony v. United States*, 667 F.2d 870 (10th Cir. 1981).........................34

*Burgett v. Texas* 389 U.S. 109 (1967) .....................................................24

*Carnley v. Cochran*, 369 US 506 (1962) ...................................................24

*Custis v. United States*, 511 US 485 (1994) ......................................22, 23

*Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184 (10th Cir. 2015)..........9

*Faretta v. California*, 422 US 806 (1975) ...........................................30, 31

*Gideon v. Wainwright*, 372 US 335 (1963) ...............................................24

*Glossip v. Oklahoma*, 145 S. Ct. 612, 221 L. Ed. 2d 90 (2025) .........18, 19

*In Re Kelly*, 808 F.2d 549 (7th Cir. 1986) .................................................37

*In Re West*, 338 B.R. 906 (Bankr. OKND 2006) ........................................35

*Johnson v. Zerbst*, 304 US 458 (1938) ......................................................23

*McKaskle v. Wiggins*, 465 US 168 (1984).................................................31

*Mooney v. Holohan*, 294 US 103 ..............................................................19

*Moore v. Dempsey*, 261 US 86 (1923) .......................................................23

*Napue v. Illinois*, 360 US 264 (1959) ................................................18, 19

*Rodgers v. United States*, 413 F.2d 251 (10th Cir. 1969) .......................21

*Shockley v. Crews*, 2024 US Dist. Lexis 23674 (E.D. Mo. 2024)............37

*Simpson v. Battaglia*, 458 F.3d 585 (7th Cir. 2006) ...............................31

*Thornton v. Jones*, 542 F. App'x 702 (10th Cir. 2013) ............................32

*U.S. Cordova*, 461 F.3d 1184 (10th Cir. 2006).........................................34

*United States v. Cordova*, 461 F.3d 1184 (10th Cir. 2006).....................21

*United States v. Cumins*, 833 Fed. Appx 765 (10th Cir.2021) ..........34, 35

*United States v. Warren*, 335 F.3d 76 (2d Cir. 2003) ..............................22

**Rules**

10th Cir. R. 28.2 .........................................................................................38

Fed. R. App. P. 10(a).............................................................................8, 35

Fed. R. App. P. 46(c) ..................................................................................37

Fed. R. Crim. P. 32.1 (a) ............................................................................28

Fed. R. Crim. P. 32.1 (a)(4).........................................................................25

Fed. R. Crim. P. 32.1 (a)(5)..............................................................25
Federal Rule of Civil Procedure 11 .................................................36

**Statutes**

28 USC 2255 ....................................................................15, 37

**Other Authorities**

6th Amendment .......................................................24, 26, 28, 37

# PROVISIONAL REPLY BRIEF

## A.    Preliminary matters

Stilley filed a provisional opening brief, stating his intention to get the wherewithal to prepare and file a quality opening brief, drafted with the benefit of property and rights to property sufficient to do first class work. At the time he didn't have the slightest access to the official record.

This procedure isn't for the purpose of delay. Unnecessary delay is antithetical to Stilley's interests. If the Court has no intention to enforce Stilley's right of access to the wherewithal to prepare a proper and competent brief, to the extent of Stilley's abilities, diligence, and efforts, there is no reason to delay a decision on the merits.

The point of the modifier "provisional" is to make it clear to this Court and to the world that Stilley has not abandoned his claims to due process and peaceful petition. Stilley has engaged in admittedly plain speech, in an effort to get a fair and honest ruling on his motion to compel the DOJ-FBOP to accept donations of property and rights to property sufficient to allow the production of competent pleadings and papers, on the basis of the full record as defined by Fed. R. App. P.

10(a). If despite all his efforts he is not to get such a ruling at a *meaningful* time and in a *meaningful* manner, there is no lawful reason for further delay. In that case, both of Stilley's briefs should for scheduling purposes be considered final, and the appeal ripe for decision.

At the same time, it should be known that Stilley will assign impossibility, created by his adversaries, as a reason that certain claims, including jurisdictional claims such as venue, were not raised in this Court. This Court in granting Stilley's *pro se* motion said that Stilley must abide by the rules.

Stilley in the past[1] has had the district court record, and the ability to use it to prepare pleadings. Admittedly, such possession was tainted by a veritable laundry list of constitutional violations, such as absurd restrictions on time available, poor software, arbitrary and capricious suspensions from the law library, shocking interference with the mail, arbitrary refusal to timely send/receive legal files, etc. But he

---

[1]    While at Cimarron Correctional Facility, in Cushing, Oklahoma, in early 2025.

did at least have some access to a thumb drive with the record below, ability to write, ability to print, etc.

Stilley at page 15 of his Conditional Motion for Recusal, Dkt. 73, footnote 2, mistakenly said that Associate Warden (AW) Mr. Yeager told him he could have access to a computer with Word. That was an error for which Stilley apologizes. Mr. Turner is the Associate Warden who made that statement.

I.    JUDGMENT AND COMMITMENT ORDER #338 IS VOID AND MUST BE VACATED.

A. The Government Indicts Itself With Its Own Standard of Review

The government claims that the correct standard of review in this case is "abuse of discretion." This Court has said that it "will find an abuse of discretion when the district court bases its ruling on an erroneous conclusion of law or *relies on clearly erroneous fact findings*." (Emphasis added) *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1192 (10th Cir. 2015).

The government obfuscates by refusing to address Stilley's contentions point by point. They have exactly one *unnumbered*

principal point on appeal, under the "Argument" section, with two subpoints, which Stilley will reproduce verbatim:

**The District Court Properly Revoked Defendant's Supervised Release.**

**A.    The District Court's Revocation of Defendant's Supervised Release Was a Proper Exercise of the Court's Discretion.**

**B.    Defendant's Arguments Fail.**

The government did in fact include four sub-points under "B. Defendant's Arguments Fail." They just didn't include them in the table of contents. They don't want this Court or the public to get a clear outline of their actual arguments. Here's the four points and the page numbers:

1.  Defendant may not challenge the validity of the 2010 judgment or the 2022 revocation judgment in this proceeding (page 14)
2.  Defendant's Challenges To the Earlier Judgments are Meritless (page 16)
3.  No Sixth Amendment Violation Occurred (page 19)
4.  There Is No Evidence of Bias (page 23)

When deceit and dishonesty is the goal, that's how the government does things. They jumble all the arguments together,

10

ignore the arguments actually made, create straw arguments, and attack those. Tinkering with the table of contents just shows more about the extreme lengths to which they will go, to practice sleight of hand on their readers.

## B. All Three Criminal Judgments are Based on Falsehood

Stilley has repeatedly explained how and why that not only this second revocation judgment, but all three criminal judgments entered against him, (Dkt. 338, 752, 820) are based upon the most laughably, **_intentionally_** false factual findings imaginable. They are **_also_** based on an intentionally and willfully incomplete record, engineered by unlawful cooperation between then acting district judge Stephen P. Friot and counsel for the government. Appellate counsel are doing their best to perpetuate this wrongdoing.[2]

The pretrial theory was that Stilley's codefendant Lindsey Kent Springer earned money, which Stilley dutifully paid to Springer out of Stilley's IOLTA account, at the express directive of Stilley's clients.

---

[2]    Stilley doubts that all government counsel are equally responsible. Stilley suspects that at least some of the listed government counsel are misbehaving solely or at least primarily due to pressure from superiors.

The post-trial theory was that Stilley and Springer stole the money. The biggest problem with that theory is that the witnesses at trial had already testified that they had **_expressly directed_** Stilley to pay the money over to Stilley's clients. Stilley listed these charges on monthly billings, which the clients had a right to challenge, but _did not_ challenge or question. The government put on testimony that Springer had **_earned_** the money. The argument and testimony and evidence at trial utterly precluded any theft theory.

Counsel for the government – and the members of this Court – all refuse to select a theory. Stilley filed a motion asking all members of the Court unwilling to proceed on the basis of truth to recuse themselves. That motion was deferred until the decision of the appeal.

Why? The point of the motion was to get the honest and impartial tribunal to which Stilley is plainly entitled. Stilley is entitled to an honest and impartial tribunal for the duration of the proceedings. He is entitled to that from the start.

The first theory means that Stilley simply performed an ethical duty to pay money out of his lawyer's trust account (IOLTA account) for

services received. If Springer **earned** the money, it was due and payable. An act cannot **at once** be a legal duty and a federal crime.

The "theft theory" is utterly contrary to the evidence at trial. The government pretends to believe that Stilley objects on the theory that stolen money as a matter of law **cannot possibly** be includible in gross income. That's a straw argument that Stilley has repeatedly and emphatically disclaimed. Stilley's argument is that the "theft theory" is a pack of lies made up out of thin air, after Judge Friot's highly suspicious *sua sponte* dispositive motion deadline.

After a 5 year, multi-million dollar criminal investigation the government concluded that Springer had earned the money. Not less than 6 times the government in pretrial pleadings said Springer earned the money. The government at trial presented evidence that Springer earned the money, and argued to the jury that he earned the money. So how then can the government now *legitimately* claim that the money was stolen? That story is diametrically opposed to the government's own testimony and argument at trial.

### C. The Oaths of Oklahoma Attorneys Require Reformation of Judgments Tainted by Falsehood

The oath of Oklahoma attorneys requires that if they **know of** any falsehoods, they bring them to the attention of a court so that they may be reformed.

Vani Singhal is an Oklahoma bar licensed attorney. She's taken the oath of office. She knows that all three of Stilley's criminal judgments hang by the slender thread of undeniable falsehoods.

Clinton J. Johnson is "of counsel" on this appeal. He likewise knows that the three consecutive prosecutions of Stilley are based upon **nothing but** falsehoods, on par with those used in the prosecution and incarceration of Evan Gershkovich.

Johnson has sworn the oath of an Oklahoma attorney. He runs an office with close to 100 attorneys, the vast majority of whom have taken the oath office of Oklahoma attorneys. He of all people has an absolute duty to bring the falsehoods to the attention of some court, **so they may be reformed**.

### D.   Court Oaths Require Decisions Based on Truth

The government *de facto* operates under the following assumptions:

1) Since we run both the prosecutorial apparatus and the federal prisons, we can stomp out Stilley's right of reasonable access to the courts because he exercised his constitutional right to proceed *pro se*;

2) Because we stomped out Stilley's right to one direct appeal in the original prosecution, resulting in the judgment at Docket #338, Stilley is barred from challenging that travesty in the appeal of any subsequent criminal judgment masquerading as a "revocation of supervised release."

3) Stilley is barred from challenging his first revocation judgment *in this direct criminal appeal* because the prior revocation direct appeal and petition for certiorari to the US Supreme Court are concluded.[3]

Please understand the main point. Assuming without conceding the validity of all three of the points set forth above, the Court still has a duty to ***base its decision*** on 1) an accurate and reasonably complete

---

[3] The motion under 28 USC 2255 is not time barred, because the one year mark from the Supreme Court denial of certiorari ended this year, while Stilley was incarcerated and challenging both the current and prior criminal judgments. Absent extraordinary circumstances a litigant may not prosecute a 2255 motion parallel to a direct criminal appeal.

statement of the record facts, and 2) a fair and accurate rendition of relevant binding authorities. The true facts must be laid out even if they are highly unflattering to the government.

The members of this august tribunal took an oath to fairly call balls and strikes. When official power is used to deprive litigants of fundamental rights, the cooperation of two branches of government is necessary. First the executive branch must decide that the constitutional violation is worth the reputational hit. Second, pleas before the bar of this Court must be unavailing. In other words, both the executive and the judicial branch have power, in cases involving incarcerated criminal defendants, to veto any violations of the US Constitution. The Constitution is the supreme law of the land.

## E. Any Choice Defeats All Three Criminal Judgments

Let's boil this down to the simplest choice. *Someone* in this case has a duty to pick one of these two theories, and run with it. Stilley in his Conditional Motion for Recusal (Dkt. 73) set forth two theories, and the most basic and fundamental reasons they're incompatible with justice.

16

1) The pretrial theory that Springer earned money and Stilley paid it over to him, out of his lawyer's trust account, at the express directives of his clients. The chief flaw in this theory is that it criminalizes Stilley's performance of criminal, civil, and attorney ethics duties. If that's their theory, they've proven the innocence of Stilley. Plus, the government formally abandoned that theory – **after** Judge Friot's *sua sponte* dispositive motion deadline.

2) The post-trial theory that Springer and Stilley stole the money. The chief flaws in this theory are that it is contrary to the indictment, pretrial pleadings, trial evidence, government arguments to the jury, and the true facts. Plus, it makes a complete mockery of the right to grand jury indictment.

Stilley asked the Court to order the government to pick a theory and prove that the theory is well supported by 1) legal authorities and 2) by facts from the record below.

The Court dodged that motion. Stilley filed it, the government said nothing, the Court caused an order to be entered saying that the motion would be decided along with the case.

That defeats the point of the motion. That once again spares the government the ethical duty to say the fundamental theory with respect to which they claim Stilley is a criminal. It puts appellant in the unseemly position of arguing *with* the court rather than *before* the court.

## F. The government's cases are overruled to the extent that they insulate criminal judgments obtained by falsehoods

On February 25, 2025, the US Supreme Court in *Glossip v. Oklahoma*, 145 S. Ct. 612, 221 L. Ed. 2d 90, (2025) made it clear that a criminal judgment obtained by falsehood can be successfully attacked *at any time*. All 9 justices agreed with that legal principle. Three dissenters objected to the US Supreme Court directing a new trial, rather than sending the matter back to the Oklahoma Court of Criminal Appeals for further proceedings.

The Court relied principally on *Napue v. Illinois*, 360 US 264, 269-70 (1959). The core of that decision is summarized by the following quotations:

> [1] First, it is established that a conviction obtained through the use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment, *Mooney v.*

*Holohan*, 294 US 103 [string citations omitted.] ...... The same result obtains when the State, although not soliciting false evidence, **_allows it to go uncorrected when it appears_**. .........
....

[3] "It is of no consequence that the falsehood bore upon the witness' credibility rather than directly upon the defendant's guilt. A lie is a lie, no matter what its subject, and if it is in any way relevant to the case, **the district attorney has the responsibility and duty to correct what he knows to be false <u>and elicit the truth</u>.** ... That the district attorney's silence was not the result of guile or a desire to prejudice matters little, for its impact was the same, preventing, as it did, a trial that could in any real sense be deemed fair."
(Emphases added)

The *Glossip* Court noted the standard, and the burden which falls upon the state, at the beginning of part A of its decision. The key parts are reproduced below:

To establish a *Napue* violation, a defendant must show that the prosecution knowingly solicited false testimony or **_allowed it "to go uncorrected when it appeared."_** ... In effect, this materiality standard requires ""the beneficiary of [the] constitutional error to **_prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained._**" [citations omitted]
(Emphases added) (221 L. Ed. 2d 106)

The *Glossip* majority was well aware that this was Glossip's **_fifth_** attempt at post-conviction relief. That didn't matter. What mattered was the fact that the judgment was obtained by the use of uncorrected falsehoods.

This Tenth Circuit Court has created for itself an almost undefeatable power to incarcerate persons an unlimited number of times, on a theory of supervised release, despite the fact that the original judgment was obtained by willful, egregious, uncorrected fraud. Even though the government by its failure to timely respond to dispositive motions defaulted and waived all defenses, Judges Tymkovich and Eid declare that cannot see a plausible path to victory for Stilley, because winning would amount to an attack on the integrity of the underlying criminal judgment.

This proves once again the old adage, "there is none so blind as he who does not want to see."

Judges Tymkovich and Eid in Docket #67 had this to say about Stilley's attacks on the original criminal judgment and on the revocation judgment of 2022:

> But in his appeal from his first revocation of supervised release, Stilley attacked his conviction, and we told him we would not entertain such an attack **without _adequate development_ of the argument that a district court in a revocation proceeding may reopen the merits of the underlying conviction**. See Stilley, 2023 WL 6801049, at *3 4.
> (Emphases added)

Stilley in the present case has developed an *irrefutable* argument proving the right to reopen the merits of the underlying conviction 1) if the judgment was obtained in violation of the right to counsel, *or* 2) if the judgment was obtained through false testimony or evidence.

The government has a *continuing* duty to correct their written allegations to the contrary. They have a *continuing* duty to correct the pleading that denied Stilley release pending appeal. They have a *continuing* duty to correct their response brief, for all the same reasons.

II.    JUDGMENT AND COMMITMENT ORDER #752 IS VOID AND MUST BE VACATED.

A.    The government's own cited authority proves Stilley's point.

The government cited three cases at page 15 of its response brief, in support of the theory that an original criminal judgment cannot be collaterally attacked on revocation. The first two cases, *Rodgers v. United States*, 413 F.2d 251, 253 (10th Cir. 1969), and *United States v. Cordova*, 461 F.3d 1184, 1186 n.2 (10th Cir. 2006) are both cited at page 15 of the government's brief.

Only the third case is necessary for an understanding of why 1) the government is wrong, and 2) the judges who decide *this appeal* have a duty to overrule both 10th Circuit cases to the extent that they conflict with the cases that Stilley will cite herein. That decision should be published, so as to put government lawyers on notice that they are ethically barred from citing those authorities for applications contrary to US Supreme Court precedent.

The third case is *United States v. Warren*, 335 F.3d 76, 78-79 (2d Cir. 2003). The government cites this case for the proposition that [T]he validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding." (collecting cases).

When the government says (collecting cases) they might at least wish **to read the paragraph collecting the cases**!

*Custis v. United States*, 511 US 485, 496-97 (1994) is cited at the bottom of 335 F.3d 78, for a proposition which Stilley will repeat verbatim here:

(holding that **with sole exception of a conviction obtained in violation of the right to counsel**, a defendant has no right to

collaterally attack a prior state-court conviction in a federal
sentencing proceeding.)
(Emphasis added)

It's really bad when you cite a case that absolutely, unequivocally
annihilates your position. It gets worse. *Much worse.* If you read *Custis,*
you'll find *Johnson v. Zerbst,* 304 US 458 (1938), cited for the
proposition that "…failure to appoint counsel for an indigent defendant
in a *federal proceeding* not only violated the Sixth Amendment, but was
subject to collateral attack in federal habeas corpus." (Emphasis added)

The *Custis* court at 511 US 494 quoted *Moore v. Dempsey,* 261 US
86 (1923) as follows:

> "If the accused, however, is not represented by counsel and has
> not competently and intelligently waived his constitutional right,
> the Sixth Amendment stands as a ***jurisdictional bar*** to a valid
> conviction and sentence depriving him of his life or his liberty. …
> the **judgment of conviction pronounced by a court without
> jurisdiction is void**, and one imprisoned thereunder may obtain
> release by habeas corpus."
> (Emphases added)

Counsel for Custis made a valiant effort to persuade the Court
that *ineffective* assistance of counsel should fall in the same category.
The *Custis* Court declined the invitation, saying at page 496:

> None of these alleged constitutional violations rises to the level of
> a ***jurisdictional defect*** resulting from the failure to appoint counsel
> *at all.*

23

(Emphases added)

Stilley has already shown in his opening brief, with ample citation to authority, that once a prima facie case of denial of 6th Amendment assistance of counsel has been made, the burden is on the government to 1) show that the defendant actually had the assistance of counsel, or 2) validly waived 6th Amendment assistance of counsel. See e.g. *Burgett v. Texas* 389 U.S. 109, 114-115 (1967) (citing to *Gideon v. Wainwright*, 372 US 335 (1963).

Presuming a waiver from a silent record is impermissible. Id., citing to *Carnley v. Cochran*, 369 US 506 (1962). The government does not acknowledge this case law or try to distinguish it. Rather, they make arguments ***directly contrary*** to the holdings of US Supreme Court case law, citing ***no authority*** in support, and expect this Court to accept their arguments and affirm Friot's lawless judgments. The government's arguments are based upon sleight of hand.

Indeed the government cites 27 cases, but not a solitary case to challenge Stilley's approximately 14 cases concluding that an uncounseled conviction, without a valid waiver of counsel, is void.

## B. The rules prove Stilley's point.

Consider Fed. R. Crim. P. 32.1 (a)(4), which is entitled

"Appearance in the District With Jurisdiction." Now consider Fed. R.

Crim. P. 32.1 (a)(5), which reads as follows:

> (5) *Appearance in a District Lacking Jurisdiction.* If the person is arrested **or appears** in a district that ***does not have jurisdiction*** to conduct a revocation hearing, the **magistrate judge** must:
>     (A) if the alleged violation occurred in the district of arrest, conduct a preliminary hearing under Rule 32.1(b) and either:
>         (i) ***transfer*** the person to the district that ***has jurisdiction***, if the judge finds probable cause to believe that a violation occurred; or
>         (ii) dismiss the proceedings and so notify the court that has jurisdiction, **if the judge finds no probable cause to believe that a violation occurred**; or ....
> (Emphases added)

Stilley was entitled to an initial appearance. Fed. R. Crim. P. 32.1

(a) provides in pertinent part:

> **(a) Initial Appearance.**
> ...........
>     (2) *Upon a Summons.* When a person appears in response to a summons for violating probation or supervised release, a ***magistrate judge*** must proceed under this rule.
>     (3) *Advice.* The judge must **inform the person** of the following:
>         (A) the alleged violation of probation or supervised release;
>         (B) the person's **right to retain counsel** or to **request that counsel be appointed** if the person cannot obtain counsel.
> (Emphases added)

Judge Friot refused to obey the Federal Rules of Criminal Procedure, despite Stilley's polite request, because he already knew that the Northern District of Oklahoma (OKND) didn't have a magistrate corrupt enough to 1) bind him over for trial for allegedly violating a plainly void criminal judgment, obtained by the most outrageous frauds, 2) find that the OKND had that peculiar species of jurisdiction known as "constitutional venue," or 3) completely cheat Stilley out of his 6th Amendment right to the assistance of counsel.

In other words, *due process* meant that Stilley would walk out of the door a free man, and Judge Friot knew it. The worst case scenario would have been a trip to the Western District of Arkansas, where Stilley would have a chance to be heard in accordance with law and rule, first by a magistrate, and if anything was left by an impartial US district judge. That would virtually guarantee the complete exoneration of Stilley, which is why Friot wouldn't allow it.

Consider now the chain of events. Judge Friot transferred the case to the Western District of Oklahoma (OKWD) where a petition to revoke was promptly filed. Becoming aware that Stilley challenged venue, Friot issued a scheduling order, saying that if he was persuaded that if

venue didn't lie in OKWD, he'd vacate the order of transfer.[4] In that case the accusations, having been formulated and lodged by persons constitutionally prohibited from exercising such authority, would evaporate.

Judge Friot acknowledged lack of confidence in his lawful authority to proceed in the OKWD. Rather than vacate the offending order as promised, he transferred the unauthorized charging instrument, etc., back to OKND for prosecution.

Citizens have a right to presume that their officials act lawfully and in good faith. Stilley assumed that Judge Friot would timely refer the matter to a magistrate for initial appearance, in compliance with the rules. When that didn't happen he inquired of opposing counsel, to see whether they would oppose an initial appearance. They did not.

Stilley filed his unopposed motion for initial appearance. Judge Friot promptly denied it, saying Stilley knew how to ask for counsel.[5]

---

[4]     Lacking meaningful access to the record, this is from memory.
[5]     This is from memory since Stilley doesn't have meaningful access to the record.

The government's claims about "no right to standby counsel," etc., are red herrings. Stilley **did in fact** validly waive his right to appointed counsel at the original trial in 2009. He adopted part of his co-defendant's counseled direct criminal appeal brief, but disclaimed his co-defendant Lindsey Springer's 6th Amendment deprivation of counsel argument.

The government is trying to *explain away* the legal consequences of denying Stilley's due process rights. Their biggest problem is that Stilley was unceremoniously cheated out of not one right, but a whole panoply of rights.

Stilley was **entitled to** an initial appearance before a magistrate. Fed. R. Crim. P. 32.1 (a). At that initial appearance the magistrate was by express language of the rules obligated to inform Stilley of his right to counsel. Fed. R. Crim. P. 32.1 (a)(3)(B).

What colloquy could we expect when the magistrate supplied the required advice? The government seems to think that the magistrate would have said something like this:

> "Stilley, I must inform you that the Constitution and the criminal rules entitle you to the assistance of counsel, but because you

waited so long to file your unopposed motion for the initial appearance, also required by the constitution and rule, you impliedly waived appointed counsel. As to the right to retain counsel or even look for retained counsel, you impliedly waived that too. Therefore I hereby inform you of rights that you could have had, if you weren't such a trusting soul. It's over, YOU LOSE!"

No? Then what specifically did Stilley do to lose his constitutional right to assistance of counsel? Was it when he asked for 30 days, or at least 15 days, to try to find assistance of counsel on his own? Does that constitute a *de facto* waiver?

To ask the question is to answer it. Stilley didn't waive the assistance of counsel, he persisted in efforts to get assistance of counsel until further attempts would have been counterproductive.

If necessary any questions of indigency, financial statements, etc., could have been addressed. At that point in time the magistrate doubtless would have learned that a waiver of counsel could easily be obtained by the same standby counsel arrangement used at the original trial. It would be exceedingly simple, and completely just, to simply appoint standby counsel in exchange for a valid waiver of counsel.

Nor is this any abuse of the rules. The government in its own brief cites the seminal case on the right of self-representation, *Faretta v.*

*California*, 422 US 806 (1975). At page 820 the Court discusses the principle that the 6th Amendment guarantees "assistance" of counsel, and that an assistant, however expert, is still an assistant. On the following page the Court says that unwanted counsel "represents" a defendant only through an unacceptable legal fiction.

Friot was running a "hurry-up" game to force Stilley into stumbling. That's one reason he didn't want Stilley in front of a magistrate, who by rule would have had to inform Stilley of his legal right to counsel. Any issues as to the unavailability of Charles Robert Burton, IV, standby counsel at the original trial, could have been dealt with at that time. Stilley made it clear that he hoped to have Burton's institutional knowledge of the case, gained by sitting through trial and sentencing.

Does Stilley's concern about having the assistance of a knowledgeable and competent attorney amount to a waiver of counsel altogether? To ask that question is to answer it.

An initial appearance would have given Stilley a chance to attack probable cause, both as to the merits and as to venue. Remember,

Stilley has already shown that due process and honesty would have made him a free man.

The government *impliedly claims* that the fact that a defendant is generally amiable and often willing to waive constitutional rights on reasonable terms and conditions amounts to an *implied waiver* of the 6th Amendment right to counsel **in perpetuity**, regardless of terms and conditions, bogus new charges, changed circumstances, vicious attacks on due process, etc. That idea is totally repudiated by case law directly on point.

The government at page 21 of its brief cites *McKaskle v. Wiggins*, 465 US 168, 183-84 (1984) ; *Faretta v. California*, 422 US 806, 814, 819-20 (1975); and *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006) for the proposition that there is no right to standby counsel. Mr. Faretta actually had "hybrid counsel," which virtually nobody thinks is a legal right. Stilley can't really see the claimed language in *McKaskle* either, but that's hardly the point of this litigation.

*Simpson* involved a defendant so disruptive that he was held in contempt and sentenced to incarceration as punishment. Simpson actually did have assigned standby counsel. Simpson argued that the

standby attorney should have done more, despite the fact that Simpson was his own worst enemy.

Stilley practiced law for almost 20 years. Stilley retains some political capital with various members of the bar. Stilley treats courts and judges with dignity and respect. Does the lack of a formal constitutional right to standby counsel mean that Stilley may be severely prejudiced *by merely asking the Court for such an accommodation*? Does the 1st Amendment right of peaceful petition not allow Stilley to *first* ask for standby counsel in accordance with the criminal rules, and then if denied that accommodation, ask for a modest amount of time to search for counsel on his own?

Immediately thereafter and continuing on page 22 the government cites *Thornton v. Jones*, 542 F. App'x 702, 705 (10th Cir. 2013), for the proposition the Constitution does not require "that standby counsel be made available for a defendant who has validly waived the right to counsel."

So where is the allegation that Stilley "validly waived the right to counsel?" It is conspicuous by its absence. The government says Judge Friot "was well within [his] discretion when he deferred ruling on

Stilley's motion for standby counsel until [Stilley] provided more information about his finances; [Stilley] failed to ever provide additional information." No mention is made of the fact that the issue of finances was first raised during the revocation proceeding, Stilley had no time to prepare or supply any such information, and he was placed in US Marshal custody immediately after the hearing.

So what was expected of Stilley? Apparently he was expected to have enough prescience to know that Judge Friot would admit that venue didn't lie in OKWD but wouldn't keep his word, with respect to his promise to vacate the charges. He was expected to know that every effort at getting assistance of counsel through the courts as an indigent would fail. He was expected to have enough prescience to know that waiting for the initial appearance required by the rules was a lost cause. With the foresight of a prophet he was supposed to drop his efforts to prepare and file pleadings, and work on getting assistance of counsel strictly on his own.

The government's opposition to Stilley's second point on appeal is legally frivolous and altogether unethical. Indeed it is sanctionable nonsense.

III.  APPELLANT WAS DENIED AN UNBIASED AND IMPARTIAL TRIBUNAL, AN INDISPENSABLE ELEMENT OF DUE PROCESS.

A.  The government cannot manufacture a new record by comments in briefs.

This Court is confined to the record on appeal and powerless to build a new record. *Anthony v. United States*, 667 F.2d 870, 875 (10th Cir. 1981) *United States v. Cumins*, 833 Fed. Appx 765, 766-67 (10th Cir.2021) Revocation of supervised release is part of the penalty for the initial offense. *U.S. Cordova*, 461 F.3d 1184, 1186 & footnote 2 (10th Cir. 2006). Thus logically the record on supervised release cannot be less than the entire record in that criminal case, from criminal docket #1 to the end of the criminal docket, plus all transcripts. How does the government punish a defendant *for the original offense*, but then leave out that part of the record?

Stilley has demonstrated beyond peradventure that Friot is an unmitigated liar. The government feigns a belief that Friot didn't blatantly lie to Stilley from the bench. Gov. Brf. at 23. This Court at the present time has nothing *lawful* upon which to hang its hat, for the proposition that Friot was a disinterested and impartial judge.

34

Unsupported statements in appellate briefs are ***not*** part of the official record.[6]

### B. Without the government's comments in briefs, District Judge Friot remains a proven liar.

The government in its brief suggested, without directly so stating, that Friot's *ex parte* order was communicated by court personnel. Gov. Brf. at 23. That changes nothing of substance, since an *ex parte* court order conveyed by court personnel is still an order of the court. It is no defense to an illegal act that the act was done indirectly or through an intermediary. *In Re West*, 338 B.R. 906, 916-917 (Bankr. OKND 2006) In fact, the use of subterfuge or intermediaries is an aggravating factor, not a mitigating factor. *Id.*

If the ex parte communications and order amounted to an act of court personnel for which Judge Friot isn't responsible, it would prove that Stilley was denied an Article III court altogether. Then again, Stilley is entitled to ***record facts***, not mere speculation. If the truth is

---

[6]     *Cumins* says the record on appeal is limited to the docket sheet, the documents filed in district court, and transcriptions of the proceedings in district court, citing to Fed. R. App. P. 10(a).

worse than we thought, let's nevertheless cause that truth to be spread out on the official record, open for the world to see.

That means that Judge Friot remains a proven, unmitigated liar, who when caught gets off the case but refuses to acknowledge *why* he got off the case.

### C. Absent corrective action, the government's embarrassment can only get worse.

Federal Rule of Civil Procedure 11 forbids civil litigants from pursuing claims or defenses not reasonably supported by law and fact. Specifically, Rule 11(b) provides as follows:

> (b) **Representations to the Court**. By presenting to the court a pleading, written motion, or other paper – whether by signing, submitting, or *later advocating it* – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances**:
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> > (2) the claims, defenses, and other **legal contentions are warranted by existing law** or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> > (3) **the factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the **denials of factual contentions are warranted on the evidence** or, if specifically so identified, are reasonably based on belief or a lack of information.
> (Emphases added)

Admittedly the civil rules don't directly apply in federal criminal appeals. However, Fed. R. App. P. 46(c) authorizes federal appellate courts to discipline an attorney practicing before the court for "conduct unbecoming a member of the bar." FRCivP 11 helps federal judges define what constitutes "conduct unbecoming a member of the bar." See e.g. *In Re Kelly*, 808 F.2d 549 (7th Cir. 1986)

Stilley has already shown that Supreme Court case law says that a judgment taken in violation of the 6th Amendment can be attacked, *inter alia*, by a motion under 28 USC 2255. Technically speaking, such a proceeding is a *civil* in nature and carries a civil case number.

Does Rule 11 apply in cases brought under 28 USC 2255? According to Stephen R. Clark, a judge of the Eastern District of Missouri, it does. See *Shockley v. Crews*, 2024 US Dist. Lexis 23674 (E.D. Mo. 2024). There the court found various misrepresentations and misstatements by US Public Defender attorneys to warrant sanctions as to 11 distinct counts. It was a death penalty case. The court expressed reservations about such sanctions, lest they chill zealous

advocacy in quasi-criminal litigation, in which liberty or even life is at stake. Judge Clark imposed sanctions nevertheless. The truth, and the majesty of the law, must be respected even when the stakes are high. Perhaps especially when the stakes are high.

Honesty and procedure are inextricably intertwined in this case. Stilley in his provisional opening brief stated that he didn't have the record and couldn't provide the material required by 10th Cir. R. 28.2, which provides:

(A) **Appellant's brief.** In addition to all other requirements of the Federal Rules of Appellate Procedure and these rules, the appellant's brief must include as an attachment the following (even though they are also included in the appendix or record):

    (1) Copies of all pertinent written findings, conclusions, opinions, or orders of a district judge, bankruptcy judge, or magistrate judge (if the district court adopts a magistrate's report and recommendation, that report must also be included);

    (2) If any judicial pronouncement listed in (1) *is oral, **a copy of the transcript pages***;

(B) **Appellee's brief.** If the appellant's brief fails to attach <u>**all** *the rulings required by (A) the* <u>*appellee's brief*</u> *must attach them*</u>.
(Emphases added)

The government is well aware of its duties. The government full well knew why Stilley couldn't attach the transcript portions – they're the ones who prevented Stilley from getting access to the transcript. Plus Stilley told them, in the brief table of contents at the point where the docket item materials were listed.

So why wouldn't the government follow the rules, and attach the pertinent rulings? Because they know that the attachment of *anything* is going to raise the question of why Friot's *ex parte* order isn't attached. The *ex parte* order is not available to Stilley absent a remand to complete the record. A remand opens the question of how many **other** *ex parte* hearings and orders need to be added to the official record.

Counsel for the government should be aware that they have a continuing, cordial invitation to cease and desist from lying and deceit in the practice of law. That's not just the core criminal case, that offer is true even with respect to the money being stolen from criminal victim restitution accounts.

## CONCLUSION

None of the judgments against Stilley are consistent with truth, honesty, or the Constitution and laws of the United States. This Court should reverse and dismiss all three criminal judgments against Stilley.

By: _____     7-30-2025
OSCAR STILLEY, DOJ-FBOP #10579-062     Date
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194

## PRISON MAILBOX RULE CERTIFICATE OF SERVICE

By my signature above I declare under penalty of perjury pursuant to 28 USC 1746 that I placed a copy of this pleading in the prison outgoing mail, with sufficient postage attached, on the date stated above, addressed to the Clerk of this Court for filing and service on all parties entitled to service via CM/ECF. The prison at which Stilley is confined does not have a legal mail system. Stilley claims the benefit of the prison mailbox rule.

## CERTIFICATE OF WORD COUNT, TYPEFACE, AND TYPE-STYLE LIMITATIONS

By my signature above I certify that this pleading complies with Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 10th Circuit Rule 32(B) 10th Circuit Rule 32(B), this pleading was drafted in Word 2016 and contains 6,478 countable words in 14 point Century, which is less than 6,500 words.

⇔10579-062⇔
Oscar Stilley
FCC Yazoo City Camp
Federal Correctional Complex
PO Box 5000
Yazoo CITY, MS 39194
United States



⇔10579-062⇔
Elisabeth Shumaker
CA10 Court Clerk
1823 Stout ST
Denver, CO 80257
United States