# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

RECEIVED U.S. COURT OF APPEALS 10TH CIRCUIT 2025 AUG 25 AM 11:05

UNITED STATES        PLAINTIFF/APPELLEE

V.        No. 24-5133
(Appeal from OKND 4:09-cr-43)

OSCAR STILLEY        DEFENDANT/APPELLANT

## APPELLANT'S VERIFIED MOTION FOR RECONSIDERATION OF ORDER (DKT #67) DENYING REMAND, RELEASE PENDING APPEAL, ETC.

Comes now Appellant Oscar Stilley (Stilley) and for his verified motion for reconsideration of this Court's denial of his motion for remand to supplement the record, release pending appeal, etc., and states:

1.    Stilley filed a motion, entered 2-3-2025, (Cir. Dkt. # 32) entitled "Verified Motion for Remand for Findings and Order Concerning Release Pending Appeal, to Supplement the Record, and for Due Process Relief." By Stilley's recollection there was excessive delay by Stilley's custodians, in delivering the pleading to the US Postal Service.

2.    Stilley on 4-29-2025 caused to be electronically filed a motion for release pending appeal. (Cir. Dkt. # 51).

3. On 6-17-2025 judges Tymkovich and Eid entered an order (Cir. Dkt. #67) denying Cir. Dkt. #51 and denying Cir. Dkt. #32 as moot.

4. Circuit Docket #67 is manifestly erroneous, protects and facilitates crimes by government employees and officials, deprives Stilley of due process, and adversely affects the fairness, integrity, and public reputation of judicial proceedings.

WHEREFORE, Stilley requests reconsideration of the Court's rulings in its order docketed as Cir. Dkt. #67; an order of remand for supplementation of the record, due process relief, and other relief within the lawful power of the district court; and such other and further relief as may be appropriate whether or not specifically requested.

## VERIFICATION

Petitioner by his signature below pursuant to 28 USC 1746 declares under penalty of perjury that the foregoing facts are true and correct.

Respectfully submitted this ___ day of August, 2025.

By:_____
OSCAR STILLEY, DOJ-FBOP #10579-062
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194

# MEMORANDUM BRIEF

I.    How We Got to this Point.
    A.    Procedural Background.

Stilley's motion for remand (Cir. Dkt. 32)[1] was entered on the Court's docket on 2-3-2025. Stilley's second motion for release pending appeal was entered on the docket 4-29-2025.

On 6-17-2025, more than 1 ½ months after the latter motion, and some 4 ½ months after the former motion, Judges Tymkovich and Eid entered Cir. Dkt. #67, denying Stilley's motion for release pending appeal. The order also denied Cir. Dkt #32 as moot. These timeframes alone are indicia of "slow-walking" motions that would if lawfully decided set an innocent man free.

Another motion is relevant to this matter. On 4-3-2025 Stilley's motion to compel the DOJ-FBOP (Department of Justice-Federal Bureau of Prisons) to allow Stilley to donate goods and services suitable for due process was filed. Cir. Dkt. 42. In other words, Stilley would *donate* computers, printers, software or software subscriptions,

---

[1]    Stilley has been denied meaningful access to the record, and thus cannot cite to the official record on appeal. Stilley has endeavored to use the format "Cir. Dkt." when referring to filings in this appeal, and "Dkt." or "Docket" when referring to district court pleadings.

peripherals, supplies, and support, to ensure that inmates at Stilley's

place of confinement (whether present or future) are capable of

preparing and filing competent legal pleadings. The silence on this issue

is *deafening*.

To assist the reader in understanding what happened, Stilley will

set forth, verbatim, everything that was said in this order about the

reasons for dismissing Cir. Dkt. #32 as moot, including the footnote.

> CONCLUSION
> We deny Stilley's motion for release pending appeal (ECF
> No. 51) This denial moots Stilley's motion to remand this matter
> to the district court for further factual findings (ECF No. 32), so
> we deny that motion as well. **FN5**
>> **FN5** Before moving for release pending appeal, Stilley
>> filed a motion to remand this case to the district court for
>> further findings about his eligibility for release pending
>> appeal, ***presumably*** referring to findings about flight risk
>> and community danger. The Clerk of Court referred the
>> motion to the panel that will ultimately decide this appeal on
>> the merits. However, <u>**further factual findings are** *irrelevant*</u>
>> in light of our conclusion that Stilley has not raised a
>> substantial issue likely to lead to his release. We therefore
>> choose to resolve the motion now rather than leaving it for
>> the merits panel.
> (Emphases added)

Nothing could be further from the truth. The conclusions of

Tymkovich and Eid are laughably erroneous. At best they're the product

of willful blindness, at worst a cover-up. Without a shadow of a doubt

the order at Cir. Dkt. #67 protects and perpetuates crimes by government officials.

What did Stilley seek in Circuit Docket 32? Apparently Tymkovich and Eid didn't bother to read the title of that pleading. That title reads as follows:

> "Verified Motion for Remand for Findings and Order Concerning Release Pending Appeal, to Supplement the Record, and for Due Process Relief."

Stilley has repeatedly cited authorities stating that the burden is on the appellant to bring up a record sufficient for review of the issues raised. Yet the government and this Court have worked together to prevent Stilley from getting critical district court records, for use in official proceedings including but not limited to this direct criminal appeal.

B.    The Core of the Dispute.

What was the most critical record that Stilley sought, through his motion for remand? It was the *ex parte* order whereby Judge Friot told the government that they could safely ignore Stilley's motions. We don't know the date, we don't know who initiated the hearing, we don't know

5

the precise parameters of the order. But we do know that Judge Friot made it clear that the government could win the case by *simply shutting up and letting the judge do the work for them.* In other words, let Judge Friot be the *de facto* but surreptitious advocate, defender, and decider for the federal prosecutors in Stilley's criminal case. If that doesn't violate due process, due process is a meaningless concept.

The actions of Judge Friot and the government violate so many legal authorities that it is impractical to brief them all, in a 5,200 word motion. Consider the following incomplete list of authorities violated by Judge Friot's *ex parte* communications in the case below:

1) Fed. R. Crim. Pro. 43, **Defendant's Presence**, which guarantees the defendant's right to be present at every trial stage of criminal proceedings.

2) Fed. R. Crim. Pro. 47, **Motions and Supporting Affidavits**, which says that an application for an order, except during a trial or hearing, must be by written motion.

3) Fed. R. Crim. Pro. 49, **Serving and Filing Papers**, which requires that motions, orders, and similar papers must be filed and served on all parties to the proceeding.

4) Fed. R. Crim. Pro. 55, **Records**, which provides in its entirety:

"The clerk of the district court must keep records of criminal proceedings in the form prescribed by the Director of the Administrative Office of the United States Courts. The clerk must enter in the records every court order or judgment and the date of entry."

5) Canon 3(A)(4) of the **Code of Conduct for United States Judges** provides in pertinent part:

> Except as set out below, a judge should not initiate, permit, or consider *ex parte* communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized *ex parte* communication bearing on the substance of the matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested. ...

6) Canon 3(B)(3) of the **Code of Conduct for United States Judges** provides that federal judicial officers should take or initiate appropriate disciplinary measures against a ... lawyer for unprofessional conduct of which the judge becomes aware.

7) **Oklahoma Rule of Professional Conduct** 3.3(d) provides that:

> (d) "In an *ex parte* proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will

enable the tribunal to make an informed decision, whether or not the facts are adverse."

*Nobody* misses that many venerable legal authorities and principles *by accident*. That is the very face of "I'm gonna crush the defendant by hook or crook, no matter what it takes."

II.   Secret Ex Parte Contacts Between a District Judge and Federal Prosecutors are Constitutional Abominations.

"As a general rule of thumb, in all but the most exceptional circumstances, *ex parte* communications with the court are an extraordinarily bad idea." *United States v. Carmichael*, 232 F. 3d 510, 517 (6th Cir. 2000). Why? Because it 1) is "a gross breach of the appearance of justice," 2) is "a dangerous procedure," 3) undermines confidence in the court's impartiality, and 4) imposes on the government the heavy burden of demonstrating that the defendant was not prejudiced by the ex parte communication. *Id.* in the same paragraph.

In *Carmichael* the district judge twice *affirmatively* requested and twice *affirmatively* received permission from defense counsel, for *ex parte* communications at the bench, in open court. Carmichael's attorney did not object – at least according to the *Carmichael* majority.

The majority opinion comments negatively on the "strident tone" of the dissent, saying that their rhetoric shed more heat than light.

Stilley stated his reasonable suspicions prior to getting incontrovertible proof, and has furthermore consistently and vigorously objected to the *ex parte* contacts, always seeking lawful and appropriate remedies. It is a virtual certainty that a lawful remand to complete the record will uncover **numerous** secret *ex parte* communications with prosecutors.

*Ex parte* communications aren't inherently secret. In *Carmichael,* the *ex parte* discussion "was done under defense counsel's very nose without objection." *Carmichael* at 519. Furthermore, the contents of the colloquy between the district court and the government were made available to both Carmichael's appellate counsel and to the court of appeals.

Stilley respectfully confronted the district judge, who lied from the bench about whether or not he'd engaged in *ex parte* communications with government counsel. Asked if he'd engaged in *ex parte* communications through his office personnel, he angrily said "move on!"

As to the government's preposterous idea that use of court personnel mitigates the offense, consider *Kaufman v. American Family Mutual Insurance Company*, USDC Colo. Civ. 05-cv-2311 WDM-MEH, 2008 US Dist. Lexis 97625 (2008) where Judge Miller explained:

> I consider chamber's staff, including law clerks, to be an **extension of the judicial officer** and covered by these rules. To the extent that communications concern routine matters of scheduling or administration, *ex parte* communications with law clerks and judicial assistants are permitted. See, e.g., ABA Code of Judicial Conduct, Rule 2.9(A)(1) (When circumstances require it, *ex parte* communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided: (a) the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the *ex parte* communication; and (b) **the judge makes provision promptly to notify all other parties of the substance of the *ex parte* communication**, and gives the parties an opportunity to respond.") However, *ex parte* communications **relating to the merits of a pending case or efforts to influence or learn the judge's mind are *most definitely improper*.**
> (Emphases added)

The government has done nothing to attempt to show that the error was harmless. It is their duty to negate any reasonable possibility of prejudice. They haven't shouldered that burden because they *can't*. They have been reduced to feeble *implicit* denials of the claim that Judge Friot lied through his teeth from the bench. They can't *expressly*

deny that Judge Friot lied, because 1) they know better, and 2) that cure would be worse than the disease.

It is difficult to conceive of a more prejudicial example of *ex parte* communications between a court and a prosecution team. Stilley had a legal argument so strong that 6 of the best lawyers in the Arkansas Attorney General's office defaulted altogether. Yet the government pretends that Stilley's arguments – and all of them – are so frivolous that he has no right to be present when they are decided, *en masse*.

When counsel is totally absent from or prevented from assisting the accused during a critical stage of trial, the Supreme Court presumes that the accused has suffered constitutional error without requiring a corresponding showing of prejudice. *United States v. Cronic*, 466 US 648, 659, (1984).

Stilley suffered *Cronic* error a mile high and a mile wide, during the revocation proceedings below. Stilley asked for an initial appearance (Dkt. 803) and for his original standby lawyer11-4-2024. (Dkt. 804). Judge Friot denied Dkt. 803 on 11-5-2024, and on 11-7-2024 ruled that his original standby lawyer, Charles Robert Burton, IV could sit at counsel table, if he so chose. (Dkt. 812). He emphasized that he

wasn't appointing Burton, and that no public funds would be paid to him.

Since this Court has thus far denied Stilley access to the complete record and relegated Stilley to the realm of speculation, let's assume that Friot's *ex parte* conference was held 10-10-2024, the day that the summons was issued, and the substance of his message to Prosecutor Charles O'Reilly was as follows:

> I'm going to file a summons for Oscar Stilley in a few minutes. I need you to fly down from Washington, DC, to help me put Stilley back in prison. Stilley has a "lead pipe cinch" argument to vacate the original criminal judgment as well as the 2022 revocation judgment. Don't worry about that, I've got you covered. You needn't respond to any of his motions, no matter what he files or says. I've made my mind up irrevocably, regardless of law or fact. Stilley loses, period. I'm going to give him 2 years in prison, and tell him he's lucky I didn't give him 2 years on each of the 3 original counts, run consecutively for a total of 6 years. I'm going to deny all his motions with no reasoning or analysis. I've already called my friends at the 10th Circuit, they're going to run interference for us no matter what. Nothing Stilley says will make a difference, here or there. Try not to let the cat out of the bag, but if you slip up don't freak out, because between me and my friends at the 10th, we've got you covered.

No? Is that not accurate? If not, why not remand this cause, to get the true, correct, and complete record, as required by the many authorities cited in this brief and other briefs by Stilley? If Stilley didn't suffer *Cronic* error, why don't we make the facts publicly available?

III.    Obstructing Access to Court Records is a Federal Felony.

Consider this part of 18 USC 1512:

(a)(2) Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to ···
      B. Cause or induce any person to···
           (i)    Withhold testimony, or **withhold a record**, document, or other object, from an official proceeding;
          ············

      (C) hinder, **delay**, or prevent the communication to a law enforcement officer or **judge of the United States** of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings; shall be punished as provided in paragraph (3).
(Emphases added)

Lest anyone say that this doesn't apply, consider 18 USC 1515(a)(2), which provides that for purposes of sections 1512 and 1513, "the term "physical force" means physical action against another, and **includes confinement...**" (emphasis added). Violation of this criminal law carries imprisonment of up to 30 years. 18 USC 1512(a)(3)(B)(ii).

Just in case anyone thinks it's a stretch to say that it is a crime to use *official* incarceration to prevent Stilley from getting records necessary for his use in this "official proceeding," consider subsections (b) and (c) of the same statute, both of which provide for up to 20 years in prison.

(b) Whoever knowingly uses intimidation, threatens, <u>or **corruptly persuades**</u> another person, or attempts to do so, <u>or *engages in misleading conduct toward another person*</u>, with intent to—

    (1) Influence, delay, or prevent the testimony of any person in an official proceeding;

    (2) Cause or induce any person to—

        (A) withhold testimony, or ***withhold a record***, document, or other object, from an official proceeding;

        (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

        (C) evade legal process summoning that person to appear as a witness, ***or to produce a record, document, or other object***, in an official proceeding; or

        (D) be absent from an official proceeding to which such person has been summoned by legal process; or

    (3) hinder, ***delay***, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the ***commission <u>or possible commission of a Federal offense</u>*** or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings; shall be fined under this title or imprisoned not more than 20 years, or both.

(c) Whoever corruptly---

    (1) Alters, destroys, mutilates, <u>or ***conceals a record***</u>, document, or other object, or attempts to do so, ***with the intent to impair*** the object's integrity or ***availability*** for use in an official proceeding; or

    (2) ***Otherwise obstructs, influences, or impedes*** any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both. (Emphases added)

What's going on in this case? Stilley has requested remand for

records that would embarrass the government and *completely*

exonerate Stilley. After unreasonable delay, this Court pretends that it doesn't even understand what Stilley is trying to get.

Stilley asked for release pending appeal, to which he is plainly and undeniably entitled. This Court has ***denied*** that request, while simultaneously ***ignoring*** the request to compel the DOJ-FBOP to accept donations of goods and services necessary to allow federal prison inmates to vindicate their rights of peaceful petition, due process, etc.[2]

Why the studied indifference to the motion concerning donations? ***Denying*** the motion embarrasses everyone involved, whereas ***granting*** the motion almost certainly forces this Court to see that *justice is done*. Thus the ***deafening silence*** with respect to an easy question. Thus the ***stiff-arming*** and unwarranted delays in deciding Stilley's meritorious motions.

IV.    Federal Prosecutorial Authorities are Covering Up Their Own Crimes.

---

[2]    Nobody denies that on 4-29-2025 Associate Warden Mr. Turner told Stilley he was entitled to *access to* a computer with software, a printer, etc.

Government prosecutorial authorities in this case are committing the federal offense of misprision of a felony. See 18 USC 4, which provides:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not **as soon as possible** make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.
> (Emphasis added)

What offenses? We already know that the government is committing offenses under 18 USC 1512, "Tampering with a witness, victim, or an informant." They are also violating 18 USC 641, "Public money, property, or records." That statute provides in pertinent part:

> Whoever embezzles, steals, purloins, or **knowingly converts** to his use **or the use of another**, or without authority, sells, **conveys or disposes of** any record, voucher, **money**, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or
>
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—
>
> Shall be fined under this title or *imprisoned not more than* **ten years**, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he

shall be fined under this title or imprisoned not more than one
year, or both.
(Emphases added)

Stilley filed Docket #815, at the district court, showing beyond a
reasonable doubt that federal US Attorneys and their personnel are
stealing money in this way. They take money for criminal restitution,
divert it through mesne transactions into an "unclaimed funds" account,
and then use the "unclaimed funds" account as a slush fund from which
to steal criminal restitution money. They always leave enough money in
the various accounts to make any restitution payor or payee whole, if
they complain. Of course they cheat and break court rules when they're
caught, to further protect their embezzlement scheme. They pretend
that others are at fault, and that they themselves are blameless.

What sort of criminal restitution funds? That would include
payments collected for the IRS – one of the DOJ's biggest clients, with
their central office about 2 miles away from the Justice Department
building in Washington, DC. They feign inability to find their own
biggest client. That is of course a lie, told because they believe that they
can intimidate or incarcerate any complaining citizen into silence.

What are the salient facts? Here are five items, any one of which would be a massive red flag to any forensic accountant:

1) Refusal to accept electronic payments via pay.gov, the government's own electronics payment system;

2) Keeping criminal restitution payment records on Microsoft Excel, rather than on commercial accounting software with anti-theft controls;

3) Sealing a motion to compel the government to accept pay.gov – *sua sponte* by Judge Stephen P. Friot, no less – along with the government's embarrassingly bogus proposed payment "solution;"

4) Delaying the provision of records in response to Stilley's 5-16-2024 Freedom of Information Act request, for well over a year now, without explanation or indication of when this key evidence will be available to Stilley.

5) Maliciously imprisoning the chief complainant, who submitted the FOIA request.

Stilley has in writing requested the opportunity to get other Americans to pay back the stolen money, to the extent of the applicable

18

statute of limitations. You read that right. Stilley is looking for an

opportunity to repay good for evil. The DOJ has stolen over 15 years of

Stilley's life, altogether on the basis of lies and frauds, yet Stilley wants

to help make the taxpayers whole, at no cost to the thieves in Clinton J.

Johnson's office.

Well, *almost* no cost. They are expected to 1) quit pretending they

can't find the IRS with both hands and radar, 2) quit making a mockery

of the statutory requirement to timely remit criminal restitution funds

to the designated victim, and 3) quit abusing employers and payroll

firms who just want to set up automated, low cost payment systems.

They are expected to hold and disburse trust funds as a fiduciary.[3]

How much has been stolen? We can't know because the very

people who are falsely imprisoning Stilley are flouting the federal FOIA

laws by refusing to turn over that critical information.

How does a litigant get true justice from a court that willfully

blinds itself to the facts, and furthermore attempts to cover up or

minimize facts embarrassing to the government? This court has

---

[3]     Benjamin Cardozo (later a Supreme Court Justice) said that the duty of
a trustee is "the punctilio of honor the most sensitive."*Meinhard v. Salmon*,
249 NY 458, 464 (1928).

pretended not to even **see** Stilley's request for a remand *to complete the record.*[4]

V.     Failure to Rule Simply Dumps the Controversy into the District Court's Lap.

Absent justice from this Court, this matter will be presented to the district court one way or another. Stilley has already cited case law to the effect that a criminal judgment taken contrary to the 6th Amendment right to counsel is void, and may be defeated on direct appeal or on motion under 28 USC 2255.

"Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993). Some decisions suggest that for the "extraordinary circumstances exception" to apply, there must be a complete dichotomy between the issues on direct appeal and the issues raised by the § 2255 motion. This isn't quite true. Indeed, a "complete dichotomy" virtually singlehandedly overcomes the bar on

---

[4]     Stilley hasn't even *seen* the official record brought up from district court. Without this information, how is Stilley expected to verify anything *about* that record, or *from* that record?

20

dual prosecution of an appeal and a § 2255 motion, but that's not the

only extraordinary circumstance that would qualify.

Consider *United States v. Prows*, 448 F.3d 1223 (10th Cir. 2006),

where the Court said:

> Indeed, our own circuit has held that there is no *ipso facto* bar to a district court adjudication of a § 2255 motion during the pendency of a direct appeal, ***particularly*** where "extraordinary circumstances" exist. [citations omitted] We think that such circumstances exist here, ***especially*** in light of the *complete dichotomy* between the issues raised by the government on direct appeal and those raised by Mr. Prows in his § 2255 motion, as well as the fact that the government could effectively keep Mr. Prows in custody for years while it exercises its appellate rights.
> ...
> ... To the extent that resolution of the government's direct appeal directly implicated issues contained in the § 2255 motion based upon ineffective assistance of counsel, a district court could exercise its discretion to ***stay*** the § 2255 motion. [Cf. citation omitted]
> (Emphases added)

A proper respect for this Court militates in favor of Stilley making

the law and his position clear, and giving the Court a reasonable time to

follow the law. Stilley has already repeatedly cited authority to the

effect that the appellant has the burden of bringing up a record

adequate for review of the questions presented. That being the case,

granting a litigant ***meaningful access to*** the full record provided for by

the constitution, law and rule is not optional. It is a matter of due process.[5]

If the law is plainly not respected, that circumstance will be assigned as an additional "extraordinary circumstance" within the meaning of the law. As Stilley has previously shown, in the prior appeal of the first revocation, 10th Circuit #22-5113, this Court claimed that Stilley didn't preserve the record by getting a second ruling on a motion. This was done illegally, without giving Stilley notice and an opportunity to be meaningfully heard. Then all 12 members of this court, in regular service, completely ignored the issue when Stilley on motion for rehearing and rehearing *en banc* proved from the record that the last thing the district judge did was ***deny the motion again***.

Stilley could get to district court immediately, and would do so except for one thing. Out of respect for this august tribunal, Stilley will explain why the district court has both the right and the legal duty to grant Stilley the relief he seeks herein. Stilley will then give this 10th Circuit Court a reasonable amount of time to choose a course of action.

---

[5]     The fundamental essence of due process is the right to be heard in a meaningful time and a meaningful manner. *Armstrong v. Manzo*, 380 US 545, 552 (1965).

Stilley has a complete dichotomy between the issues on appeal and his claim of lack of venue. Stilley has repeatedly informed the Court that the government's refusal to allow Stilley to possess and effectively use the current official record for his appeal is denying him the ability to meaningfully appeal that issue.

Furthermore, Stilley was forced to rely on blocks of text taken from motions filed below, with only the barest edits, for his first two points on appeal. Those points attacked the original judgment (Dkt. #338) and the first revocation judgment. (Dkt. 752) In so doing the government forced Stilley to submit a poorly edited brief of 12,966 words, just 33 words short of the limit. But for the government's interference, Stilley doubtless could have found enough room for at least a venue argument sufficient to show that he is right, and that the OKND did not have constitutional venue and thus did not have constitutional jurisdiction. A challenge to jurisdiction is listed on the face of 2255 forms, and in the statutes, as a challenge that can be raised on 2255 motion.

A full rendition of the many reasons supporting a 2255 motion parallel to this appeal would unduly lengthen this pleading.

## VI. Reconsideration and Deciding the Motions on the Merits is Indispensable to the Credibility of the Federal Bench.

Stilley's research    has not disclosed another example of *ex parte* contact, as egregious as the one of which he complains.

However, this Court's reaction to the *ex parte* contacts may well be worse than the *ex parte* contact itself. The Court's reaction gives the public impression that it has locked arms and locked step with Judge Friot and the prosecution, to sweep everything under the rug. Never mind that virtually *nothing* in our legal system is consistent with the cover-up.

On the one hand is this Court's apparent desire to protect Judge Friot and the prosecution team. On the other hand is such a mountain of authorities and evidence that Stilley doesn't have space to brief it all. Judge Friot for all practical purposes abandoned any pretense of respecting judicial norms or following binding legal authorities. He chose the course of "convict regardless" no matter how many rules he had to violate, and how flagrantly.

With this motion, this Court has an important decision to make. Will it take the same approach, converting a veritable panoply of legal

authorities into *de facto* nullities? Or will it remand this cause for the purpose of ensuring that this Court has a true, correct, and complete record, put together in compliance with law and rule, upon which to decide this case?

When the Florida Attorney General's office was utilized to threaten a TV executive with prison for running ads in favor of an abortion amendment, the attorney tasked with the odious job of writing and signing the threat letter resigned. His reasoning? "A man without his conscience is nothing."

The US Constitution by express words guarantees due process. There is no *explicit* guarantee of just results. Without controversy due process *tends* to produce just results. Stilley seeks due process 1) because he's entitled to it, and 2) because due process will in this case virtually guarantee Stilley's total vindication and release from prison.

Bypassing due process is not the same as granting it, even if it produces a correct result in a given case. It still leaves open the question. *Why*? What's wrong with due process?

CONCLUSION

The Court should remand this cause to the district court, for completion of the record and for such other and further reliefs as the district court deems appropriate.

By: _____          8-18-2025
OSCAR STILLEY, DOJ-FBOP #10579-062       Date
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194

**PRISON MAILBOX RULE CERTIFICATE OF SERVICE**

By my signature above I declare under penalty of perjury pursuant to 28 USC 1746 that I placed a copy of this pleading in the prison outgoing mail, with sufficient postage attached, on the date stated above, addressed to the Clerk of this Court for filing and service on all parties entitled to service via CM/ECF. The prison at which Stilley is confined does not have a legal mail system. Stilley claims the benefit of the prison mailbox rule.

**CERTIFICATE OF WORD COUNT**

By my signature above I certify that this pleading complies with 10th Circuit Rule 27.3(b)(3) because it contains 5,171 countable words in 14 point Century, which is less than 5,200 words.

Oscar Stilley
FCC Yazoo City Camp
Federal Correctional Complex
PO Box 5000
Yazoo CITY, MS 39194
United States



⬄10579-062⬄
Elisabeth Shumaker
CA10 Court Clerk
1823 Stout ST
Denver, CO 80257
United States

Scanned by
US Marshal