**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSCAR A. STILLEY,

Defendant - Appellant.

No. 24-5133
(D.C. No. 4:09-CR-00043-SPF-2)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, Chief Judge, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

---

In 2010, a jury convicted Oscar Stilley of conspiracy to defraud the United States and of aiding and abetting tax evasion. This court affirmed the convictions on direct appeal in an order consolidating related cases. *See United States v. Springer*, 444 F. App'x 256, 267 (10th Cir. 2011). In 2021, Mr. Stilley filed a petition in district court seeking to challenge his conviction under 28 U.S.C. § 2255. The district court dismissed the petition as untimely, and this court denied a certificate of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealability. *See United States v. Stilley*, No. 22-5000, 2022 WL 1929112, at *1 (10th Cir. June 6, 2022). In 2022, after Mr. Stilley had completed the incarceration portion of his sentence, the district court found he had violated two conditions of supervised release and sentenced him to three more months' incarceration followed by 33 months of supervised release. This court affirmed the 2022 revocation judgment. *See United States v. Stilley*, No. 22-5113, 2023 WL 6801049, at *5 (10th Cir. Oct. 16, 2023), *cert. denied*, 144 S. Ct. 1471 (2024).

In 2024, the district court found Mr. Stilley had violated seven conditions of his supervised release. It acquitted Mr. Stilley of two alleged violations and made extensive on-record findings as to the 18 U.S.C. § 3553(a) factors (including the nature and circumstances of the offense, Mr. Stilley's history and characteristics, the need to deter Mr. Stilley from future misconduct, and the need to protect the public). The court sentenced him to 24 months' imprisonment, an upward variation from the Sentencing Guidelines range of four to ten months, finding the Guidelines range was insufficient, with no supervised release to follow.

Mr. Stilley, proceeding pro se,[1] appeals this second judgment of revocation. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

---

[1] We ordinarily construe pro se parties' filings liberally, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), unless the party is a licensed attorney, *see Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007). Although Mr. Stilley was an attorney at one time, he was disbarred. *See Springer*, 444 F. App'x at 259. We therefore afford his filings a liberal construction, but he must nonetheless comply with all procedural rules. *See Garrett*, 425 F.3d at 840.

Mr. Stilley devotes a substantial portion of his opening brief to attacks on his original 2010 criminal conviction and his 2022 revocation judgment.[2] We reject these arguments out of hand, because "[s]uch . . . collateral attack[s] cannot be made in an appeal of the revocation of supervised release." *United States v. Cordova*, 461 F.3d 1184, 1186 n.2 (10th Cir. 2006).

As for the 2024 revocation judgment—the judgment actually before this court on appeal—we review it for abuse of discretion. *See United States v. Shakespeare*, 32 F.4th 1228, 1232 (10th Cir. 2022). But Mr. Stilley does not show—or, even liberally construing his briefs, does not endeavor to show—an abuse of discretion here. The court's findings make clear it considered the § 3553(a) factors, and nonetheless "we do not demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005) (internal quotation marks omitted).

We also reject Mr. Stilley's argument that the district court judge was improperly biased against him and his related accusations that the court held an improper *ex parte* hearing and entered an *ex parte* order. These assertions find no support in the record and stem almost entirely from Mr. Stilley's profuse disagreement with the court's adverse rulings. But "[o]rdinarily, when a judge's

---

[2] This is not the first time Mr. Stilley has attempted to relitigate settled convictions. He attempted to do so in his appeal of the 2022 revocation, and we rejected that entreaty. *See Stilley*, 2023 WL 6801049, at *3 n.4.

words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias. Thus, adverse rulings cannot in themselves form the appropriate grounds for disqualification." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citation and internal quotation marks omitted).

To the extent Mr. Stilley raises other issues we have not explicitly discussed, we have considered them and find them to be meritless. We deny all pending motions, and we affirm the judgment of the district court.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge